# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| SALLY CANNON, On Behalf of Herself and All Others Similarly Situated, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MBNA CORPORATION, PENSION & 401K PLAN COMMITTEE of MBNA CORPORATION, LANCE L. WEAVER, VERNON H.C. WRIGHT, RANDOLPH D. LERNER, BRUCE L. HAMMONDS, JAMES H. BERICK, BENJAMIN R. CIVILETTI, WILLIAM L. JEWS, STUART L. MARKOWITZ, WILLIAM B. MILSTEAD, JOHN COCHRAN, THOMAS G. MURDOUGH, Jr. and DWIGHT ASSET MANAGEMENT COMPANY, | : | **C.A. No. 05-429 (GMS)** |
| | : | |
| Defendants. | : | |

---

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CONSOLIDATION AND APPOINTMENT OF INTERIM CLASS COUNSEL AND LIAISON COUNSEL AND EXECUTIVE COMMITTEE IN THE ERISA LITIGATION

Jeffrey S. Goddess (Del. Bar No. 630)
ROSENTHAL, MONHAIT, GROSS &
 GODDESS, P.A.
Suite 1401, 919 Market Street
P.O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
jgoddess@rmgglaw.com

Fred T. Isquith
Mark C. Rifkin
Jeremy M. Weintraub
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
(212) 545-4600

Thomas J. McKenna
GAINEY & McKENNA
485 Fifth Avenue, 3rd Floor
New York, NY 10017
(212) 983-1300

Lawrence A. Sucharow
Christopher J. Keller
GOODKIND LABATON RUDOFF &
  SUCHAROW LLP
100 Park Avenue
New York, NY 10017
(212) 907-0700

Attorneys for Plaintiff Sally Cannon

Dated:  September 14, 2005

**TABLE OF CONTENTS**

**PAGE**:

TABLE OF AUTHORITIES                                                                      ii

I.    INTRODUCTION                                                                         1

II.   ARGUMENT                                                                            4

      A.    As Interim Class Counsel, Wolf Haldenstein Will Fairly
            And Adequately Represent The Interests Of The Putative
            Class                                                                          4

            1.    Wolf Haldenstein Has Done Considerable            5
                  Work In Independently Investigating The
                  Claims Asserted In These Actions

            2.    Wolf Haldenstein Has Experience And               6
                  Expertise In Handling Class Actions,
                  Complex Litigation, And ERISA Claims

            3.    Wolf Haldenstein Will Commit The                  8
                  Resources Necessary To Represent
                  The Putative Class

      B.    The Executive Committee Will Assist The Prosecution     9
            Of The Action

      C.    Rosenthal, Monhait, Gross & Goddess, P.A.               10
            Is Qualified As Interim Liaison Counsel

      D.    Consolidation Of Subsequently Filed, Removed, Or        11
            Transferred Actions Is Warranted For The Efficient
            Administration Of This Litigation

III.  CONCLUSION
                                                                   13

# TABLE OF AUTHORITIES

**CASES**                                                                    **Page(s)**

*In re Aon ERISA Litigation,*
    No. 04 C 6875 (CRN), order (N.D. Ill. May 3, 2005)(Tab A)................................6, 10

*Bradshaw v. Jenkins,*
    No. C83-771R, 1984 U.S. Dist. LEXIS 20013 (W.D. Wash. Jan. 30, 1984)(Tab B)..................7

*In re Cendant Corp. Litigation,*
    182 F.R.D. 476 (D.N.J. 1998)........................................................................12

*Coleman v. General Motors Acceptance Corp.,*
    220 F.R.D. 62 (M.D. Tenn. 2004) ..................................................................4

*In re Comdisco Securities Litigation,*
    No. 01 C 2110, transcript of hearing (N.D. Ill. July 14, 2005)(Tab C) ........................7

*Cook v. McCarron,*
    No. 92 C 7042, 95 C 0828, 1997 WL 47448 (N.D. Ill. Jan. 30, 1997)(Tab D) ...........12

*Finnan v. L.F. Rothschild & Co.,*
    726 F. Supp. 460 (S.D.N.Y 1989).....................................................................6

*Garber v. Randell,*
    477 F.2d 711 (2d Cir. 1973).........................................................................12

*Harrington v. City of Albuquerque,*
    222 F.R.D. 505 (D.N.M. 2004)........................................................................5

*Johnson v. Celotex Corp.,*
    899 F.2d 1281 (2d Cir.), *cert. denied,* 498 U.S. 920 (1990)........................................12

*KPASA, LLC v. United States,*
    No. 04 C 0109, 2004 U.S. Dist. LEXIS 8720 (N.D. Ill. May, 17, 2004)(Tab E) .................11, 12

*LeBeau v. United States,*
    222 F.R.D. 613 (D.S.D. 2004) ........................................................................8

*In re Luxottica Group S.p.A. Securities Litigation,*
    No. 01-CV-3285, 2004 WL 2370650 (E.D.N.Y. Oct. 22, 2004)(Tab F)....................................6, 7

*Mayo v. Apropos Technologies, Inc.*
    No. 01 C 8406, 2002 U.S. Dist. LEXIS 1924 (N.D. Ill. Feb. 7, 2002)(Tab G) ...........................11

*Primavera Familienstiftung v. Askin,*
  173 F.R.D. 115 (S.D.N.Y. 1997) .................................................................................12

*Rosario v. Livaditis,*
  963 F.2d. 1013 (7th Cir. 1992) .................................................................................11

## STATUTES AND RULES

Federal Rules of Civil Procedure
  Rule 23(g)(1)...................................................................................... *passim*
  Rule 23(g)(2)...................................................................................... *passim*
  Rule 42(a)........................................................................................... *passim*

Employee Retirement Income Security Act ("ERISA")
  29 U.S.C. § 1102(7) .............................................................................3
  29 U.S.C. § 1132...................................................................................1

Federal Plant Closing Act (WARN) ....................................................................7

## OTHER AUTHORITIES

Federal Judicial Center, *Manual for Complex Litigation* (4th ed. 2004)
  §§10.123, 10.22, 20.12, 30.4...................................................................4
  §§ 11.631, 20.11..................................................................................11

8 James W. Moore, *Federal Practice* § 42.10[1][6] (3d ed. 1997) .............................11

9 Charles Wright & Arthur R. Miller, *Federal Practice & Procedure*: §§ 2384-85, Civil 2d
(1994)....................................................................................................11

Plaintiff Sally Cannon ("Cannon"), by and through her undersigned counsel, respectfully submits this memorandum of law in support of her motion: **(a)** pursuant to Federal Rule of Civil Procedure 42(a) for consolidation of this action with any related ERISA cases that are subsequently filed or removed or transferred to this Court; and **(b)** pursuant to Federal Rule of Civil Procedure 23(g)(2)(A) for appointment of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as interim counsel for the putative class, appointment of Rosenthal, Monhait, Gross & Goddess, P.A. as interim liaison counsel for the putative class, and creation of an Executive Committee consisting of Wolf Haldenstein, Goodkind Labaton Rudoff & Sucharow LLP ("Goodkind Labaton"), and Gainey & McKenna.

## I.    **INTRODUCTION**

Plaintiff brings this class action under Section 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, on her own behalf and on behalf of the all persons who were participants in or beneficiaries of the MBNA Corporation 401K Plus Savings Plan (the "Plan") at any time between January 7, 2005 through April 20, 2005 (the "Class Period"), against the fiduciaries of the Plan. Plaintiff alleges that during the Class Period, the Plan significantly invested in and held heavy concentrations of MBNA Corporation ("MBNA" or the "Company") common stock. Defendants, as fiduciaries of the Plan, each violated ERISA and breached their duties owed to plaintiff and the other participants and beneficiaries of the Plan in connection with the Plan's investment in and holdings of MBNA common stock ("MBNA Stock" or "Company Stock").

Specifically, the complaint alleges that throughout the Class Period, the Plan's investment purchases and holdings were over concentrated in MBNA Stock and the Plan failed to offer a suitable array of investment options to its participants. Moreover, during the Class Period, the defendants violated ERISA because it was imprudent for the Plan to purchase or hold

MBNA Stock because, among other reasons, the credit card business was facing an industry-wide slowdown that made any credit card company an imprudent retirement investment, and the stock was trading at artificially high prices due to the Company's false estimates as to projected growth and improper accounting that overstated the Company's financial performance. During the Class Period, the defendants had divided loyalties between maintaining a high price for Company Stock, in part because of their own holdings and sales of MBNA stock and in part because of their positions as directors or senior officers of the Company, and the interests of the Plan participants and beneficiaries, which should have included the timely receipt of accurate information concerning the Company's financial performance and diversification out of investments, like MBNA Stock, that were both overvalued and lacked a reasonable prospect for growth due to industry-wide factors. In further breach of their fiduciary duties, the defendants neither properly monitored the Plan's investment in MBNA Stock nor provided accurate information to Plan participants and beneficiaries concerning MBNA's financial performance. Because of the defendants' failure to provide accurate information, Plan participants lacked the proper knowledge to make informed decisions concerning investments.

Upon MBNA's public disclosure that its growth target and financial performance were overstated, the price of Company Stock plummeted. In a single day of trading, the drop in the stock price caused MBNA's market capitalization to fall $5.8 billion. During the Class Period, MBNA Stock lost approximately 35% of its value. Plaintiff, and all Plan participants who had acquired and held Company stock, suffered as the value of their retirement accounts invested pursuant to the Plan dropped precipitously in line with the drop in the price of Company Stock. Therefore, the defendants are liable under ERISA to restore losses sustained by the Plan resulting from the breach of their fiduciary obligations.

Plaintiff's claims are typical of the claims of other members of the putative class who, likewise, sustained injury and were damaged as a result of the defendants' breaches of their fiduciary duties to the Plan, to the plaintiff, and to the other members of the putative class. Therefore, consolidating this case with any other related ERISA cases subsequently filed in or removed or transferred to this Court is appropriate under Fed. R. Civ. P. 42(a).

Proposed interim class counsel, Wolf Haldenstein, represents plaintiff and movant Cannon. Cannon is a former employee of MBNA and is a participant in the Plan within the meaning of Section 3(7) of ERISA, 29 U.S.C. § 1102(7). Plaintiff held MBNA Stock in her retirement account pursuant to the Plan during the Class Period.

Fed. R. Civ. P. 23(g)(2)(A) provides that a court may designate interim class counsel to act on behalf of a putative class before determining whether to certify the action as a class action. Fed. R. Civ. P. 23(g)(2)(B) provides that where there is only one applicant for appointment, the court may appoint that applicant if they are adequate under Rule 23(g)(1)(B) and (C).

Wolf Haldenstein has considerable experience in, *inter alia*, ERISA breach of fiduciary duty class actions and in representing and protecting the rights of employees in complex, financially-oriented class actions as set forth in, and represented by, its attached firm résumé, a true and correct copy of which is attached as Exhibit B to the accompanying Declaration of Mark. C. Rifkin sworn to on September 8, 2005 ("Rifkin Decl."). Wolf Haldenstein will fairly and adequately represent the proposed class. Wolf Haldenstein is recognized nationwide as a premier class action firm and is prepared to expend the resources necessary to represent the proposed class. (*See* Rifkin Decl., ¶ 13). Wolf Haldenstein's vast experience, coupled with its stated and demonstrated willingness and ability to expend the resources necessary to prosecute this action, warrant its appointment as interim counsel for the putative class. Also, the

appointment of the Executive Committee will help ensure the orderly and efficient prosecution of the action as well.

The defendants were made aware of this motion and take no position with respect to it. (Stipulation, D.I. 19.)

## II.    ARGUMENT

### A.    As Interim Class Counsel, Wolf Haldenstein Will Fairly And Adequately Represent The Interests Of The Putative Class

The appointment of interim class counsel is necessary to ensure that the claims are prosecuted efficiently and effectively. *See Manual for Complex Litigation* (4th ed.) (Federal Judicial Center 2004), §§ 10.123, 10.22, 20.12, 30, 30.4.

Fed. R. Civ. P. 23(g)(2)(A) authorizes the Court to "designate . . . class counsel  to act on behalf of the putative class before determining whether to certify the action as a class action." As the Committee Notes to the 2003 amendments to Rule 23 emphasize, designation of interim class counsel prior to certification is appropriate because:

> [I]t will usually be important for an attorney to take action to prepare for the certification decision.  The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination.  It may also be important to make or respond to motions before certification . . . . Rule 23(g)(2)(A) authorizes the court to designate interim counsel to act on behalf of the putative class before the class certification decision is made.

Fed. R. Civ. P. 23(g) Advisory Committee Notes; *See also Coleman v. General Motors Acceptance Corp.,*220 F.R.D. 64, 100 (M.D. Tenn. 2004) ("the primary responsibility of the class counsel, resulting from an appointment as such, is to represent the best interests of the class.").

Where, as here, there is only one applicant for appointment as class counsel, Fed. R. Civ. P. 23(g)(2)(B) requires the court to ensure that the applicant "is adequate under Rule 23(g)(1)(B)

and (C)." Fed. R. Civ. P. 23(g)(1)(B) directs the court to appoint class counsel who will "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(C) states that the Court must consider the following factors in appointing class counsel:

- the work counsel has done in identifying or investigating potential claims in the action,

- counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,

- counsel's knowledge of the applicable law, and

- the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(C)(i); *see also Harrington v. City of Albuquerque*, 222 F.R.D. 505, 520 (D.N.M. 2004) (appointing class counsel who had "done significant work in [the] case"). The Court may, in addition, "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(C)(ii).

Wolf Haldenstein easily satisfies the above requirements for appointment as interim counsel for the putative class. The firm has experience and expertise in this type of employee litigation, a long record of practicing in the federal labor relations field, including ERISA and breach of fiduciary duty class actions on behalf of defined contribution plans, such as the claims asserted in this action ("ERISA company stock litigation"), and a history of success in complex litigation.

## 1. Wolf Haldenstein Has Done Considerable Work In Independently Investigating The Claims Asserted In This Action

Wolf Haldenstein is well-positioned to lead the prosecution of this class action. Wolf Haldenstein has devoted considerable time and resources to independently investigating the claims asserted in this litigation and will continue to devote substantial time and resources to the

prosecution of the litigation. Wolf Haldenstein devoted considerable resources to developing the claims and researching the events presented in the 31-page complaint filed on behalf of movant Cannon. (Rifkin Decl., ¶ 4). Wolf Haldenstein therefore satisfies the first criterion under Fed. R. Civ. P. 23(g)(1)(C)(i) for selection as interim counsel for the putative class.

> ## 2.    Wolf Haldenstein Has Experience And Expertise In Handling Class Actions, Complex Litigation, And ERISA Claims

Wolf Haldenstein is among the most experienced class action firms in the United States, having represented plaintiffs in nationwide class actions and other financially complex, large-scale litigations throughout the country. (Rifkin Decl., ¶ 6). Wolf Haldenstein has considerable experience in handling cases brought to vindicate employees' rights in matters involving breaches of fiduciary duties and will fairly and adequately represent the proposed class in this case. *Id.* at ¶ 5; *see also In re AON ERISA Litig.*, Docket No. 04 C 6875 (CRN) Order at 2 (in appointing the firm as interim class counsel, the Court noted, "Wolf [Haldenstein's] class action litigation group consists of thirty attorneys experienced in complex class action suits, involving *inter alia*, ERISA matters, and the conduct of corporate officers" "Wolf [Haldenstein], as a single firm, would be able to provide streamlined, efficient representation to the class."); *In re Luxottica Group, S.p.A. Sec. Litig.*, No. 01-CV-3285 2004 WL 2370650, at *5 (E.D.N.Y. Oct. 22, 2004) (in selecting Wolf Haldenstein as lead class counsel the court stated that it "has no reason to doubt the experience and expertise of Wolf Haldenstein").

Wolf Haldenstein has a long history of successfully litigating ERISA and employee's rights cases. Indeed, Wolf Haldenstein has had an active practice in federal labor law and employee rights since the commencement of the New Deal – nearly 70 years ago. (Rifkin Decl., ¶ 6). In a landmark case establishing important rights for employees, *Finnan v. L.F. Rothschild & Co.*, 726 F. Supp. 460 (S.D.N.Y. 1989), Wolf Haldenstein served as lead counsel in the first

certified class action under the Federal Plant Closing Act (WARN) and recovered $3.5 million for illegally-discharged employees. Wolf Haldenstein also served as lead counsel in a case in the Western District of Washington in 1984 involving ERISA rights under a pension and profit sharing plan. *Bradshaw v. Jenkins*, No. C83-771R, 1984 U.S. Dist. LEXIS 20013 (W.D. Wash. Jan. 30, 1984) (involving the Senfirst Corporation). In another stand-alone ERISA case, *In re Thompson McKinnon Inc. Litig.*, 89 CV 6249, (S.D.N.Y. 1993), Wolf Haldenstein achieved a settlement of approximately $4.5 million.

Mr. Rifkin is responsible for Wolf Haldenstein's ERISA practice. Presently, he is serving as lead or co-lead counsel in *In re Tower Automotive ERISA Litig.*, 05 CV 2184 (LLS) (S.D.N.Y.), and *Spiziri v. The St. Paul Travelers Cos., Inc.*, No. 04-5096 JRT/FLN (D. Minn.). (Rifkin Decl., ¶ 10). Moreover, Wolf Haldenstein has several attorneys who work actively in the area of ERISA and employee rights, including – in addition to litigating such claims – with respect to the establishment and administration of plans subject to the federal ERISA laws. (Rifkin Decl. ¶¶ 9, 13).

The firm is presently prosecuting *Itteilag v. Aquila, Inc., et al.*, 04-865 (W.D. Mo. 2004), a stand-alone ERISA company stock action initiated by Wolf Haldenstein. Furthermore, the firm has served as lead or co-lead counsel in numerous other class actions (Rifkin Decl., ¶9, Ex. B), and the firm's qualifications to serve as lead class counsel have been recognized repeatedly by courts nationwide. *See, e.g., In re AON ERISA Litig.*, Order at *2; *In re Luxottica Group, S.p.A. Sec. Litig.*, 2004 WL 2370650; *In re Comdisco Sec. Litig.*, No. 01 C 2110, transcript of hearing, at 3, 10 (N.D. Ill. July 14, 2005) (Judge Shadur complimented Wolf Haldenstein's efforts: "It has to be said . . . that the efforts that have been extended on behalf of the plaintiff class in the face of these obstacles were exemplary. And in my view they reflected the kind of professionalism

that the critics of class actions . . . are never willing to recognize . . . I really cannot speak too highly of the services rendered by class counsel in an extraordinary difficult situation.")

Furthermore, Wolf Haldenstein has litigated many complex finance-oriented class actions involving a variety of financial instruments and causes of action and, in serving as counsel for the putative class in this case, would draw on its collective experiences and resources to zealously represent all class members in this action. (Rifkin Decl., ¶ 5). The firm's experience includes cases vindicating employees' rights, as well as shareholder suits alleging fraudulent misrepresentation, derivative shareholder's rights cases concerning corporate governance and corporate acquisitions, and actions brought pursuant to ERISA statutes. *Id.*, at ¶¶ 3, 5, 6, 9.

Thus, the putative class will benefit from the unique depth and breadth of Wolf Haldenstein's knowledge and expertise in ERISA litigation and a number of related areas of the law. As the firm's résumé demonstrates, Wolf Haldenstein has the experience necessary to successfully lead this litigation. *Id.,* at ¶ 3, Ex. B.    Wolf Haldenstein therefore satisfies the criterion under Fed. R. Civ. P. 23(g)(1)(C)(ii) for selection as interim counsel for the putative class.

### 3.    Wolf Haldenstein Will Commit The Resources Necessary To Represent The Putative Class

In appointing class counsel, courts consider, as required by Fed. R. Civ. P. 23(g)(1)(C), the resources that proposed class counsel will commit to the prosecution of the lawsuit. *See, e.g., LeBeau v. United States*, 222 F.R.D. 613, 618 (D.S.D. 2004) ("In considering the resources that counsel will commit to representing the class, the Court may consider the staff, supplies and professional commitments of that attorney") (internal citation omitted).

Wolf Haldenstein has expended considerable resources to date in independently investigating and identifying the claims asserted and will continue to do so. Wolf Haldenstein,

in business since 1888, is a large and successful law firm with more than 30 attorneys and 10 paralegals in its Class Action Litigation Group. (Rifkin Decl., ¶ 13). Moreover, Wolf Haldenstein has both the ability and the willingness to expend the financial and human resources necessary to prosecute this litigation on behalf of the putative class. Throughout its history of undertaking class actions there has never been any question that the firm can devote millions of dollars of resources for the prosecution of the class action. Wolf Haldenstein therefore satisfies the criterion under Fed. R. Civ. P. 23(g)(1)(C)(iii) for selection as interim counsel for the putative class.

As demonstrated above, Wolf Haldenstein satisfies all the criteria for appointment as interim counsel and will "fairly and adequately represent the interests of the [putative] class," as required by Fed. R. Civ. P. 23(g)(1)(B). Accordingly, Wolf Haldenstein should be appointed to act as interim counsel over this and any subsequently-filed related ERISA actions, with respect to, *inter alia*, pleadings, motion practice, discovery, settlement negotiations and, if necessary, trial. To ensure that all related actions are pursued efficiently with a minimum of duplication of cost and effort, Wolf Haldenstein, as interim counsel for the putative class, should also be authorized to direct and supervise the activities of the other firms that may in the future represent plaintiffs in future related class actions, including, where appropriate for efficient administration of the action, the delegation of work assignments.

## B.    The Executive Committee Will Assist In the Prosecution of the Action

The appointment of the Executive Committee will help ensure the orderly and efficient prosecution of the action. Wolf Haldenstein, Goodkind Labaton, and Gainey & McKenna are well-qualified to lead the prosecution of this ERISA litigation and will fairly and adequately represent the putative class in this case.

Goodkind Labaton is co-counsel for plaintiff in the present action. Goodkind Labaton has had extensive experience in class action litigation over the past four decades. With respect to ERISA class actions, Goodkind Labaton is serving as liaison counsel and member of the executive committee in the Marsh & McLennon ERISA litigation, entitled, *In re Marsh ERISA Litig.*, 1:04-cv-8157 (S.D.N.Y.). (Declaration of Christopher J. Keller sworn to of August 16, 2005 ("Keller Decl.") at ¶ 3). Goodkind Labaton is also serving as lead counsel in the ERISA litigation entitled, *In re aaiPharma Sec. Litig.*, 7:04-cv-27 (E.D.N.C.). (Keller Decl., ¶ 3).

Gainey & McKenna has devoted considerable attorney time and resources into independently investigating the claims asserted in this litigation and will continue to do so until this matter is resolved. (Declaration of Thomas J. McKenna sworn to on August 17, 2005 ("McKenna Decl.") at ¶ 4). Gainey & McKenna has extensive experience in, *inter alia*, class actions involving the rights of employees and other complex representative matters. *Id.* at ¶ 3. The firm has also been involved in handling various types of class actions, including cases brought to vindicate employees' rights and matters involving breaches of fiduciary duties. *Id.* at ¶ 5.

**C.    Rosenthal, Monhait, Gross & Goddess, P.A., Is Qualified As Interim Liaison Counsel**

The firm of Rosenthal, Monhait, Gross & Goddess, P.A., has long served as local counsel in class action litigation involving investment and securities matters, and also has experience in employee class action representation. (Declaration of Jeffrey S. Goddess sworn to on September 14, 2005 ("Goddess Decl.") at ¶___.)

**D.     Consolidation of Subsequently Filed, Removed, or Transferred Actions Is Warranted for the Efficient Administration of this Litigation**

If additional ERISA actions are later filed in, or removed, or transferred to this Court, this Court should provide for the consolidation of those actions with this one because of the similarities and the confluence of interests and issues that would exist in those related ERISA actions and the efficiencies that would be realized through consolidation.

Consolidation of actions in federal courts is governed by Rule 42(a), which states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

Consolidation under Fed. R. Civ. P. 42(a) is proper when actions involve common questions of law and fact. *See, e.g., Mayo v. Apropos Tech., Inc.*, No. 01 C 8406, 2002 U.S. Dist. LEXIS 1924, at *6 (N.D. Ill. Feb. 7, 2002); *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992); *see also, generally, Manual for Complex Litigation* (4th ed.) (Federal Judicial Center 2004) at §§ 11.631, 20.11. Accordingly, consolidation of related complex litigations, including class actions, is commonplace. 9 Charles Wright & Arthur R. Miller, *Federal Practice & Procedure*: §§ 2384-85, Civil 2d (1994); 8 James W. Moore, *Federal Practice* § 42.10[1][6] (3d ed. 1997) (noting that "actions alleging similar violations against the same defendant[s]" are "routinely" consolidated).

Consolidation is also appropriate where there are common issues of law or fact, and where the benefits of consolidation outweigh potential prejudice to the defendants. *See, e.g., KPASA, LLC v. United States*, No. 04 C 109, 2004 U.S. Dist. LEXIS 8720, *7 (N.D. Ill. May 17,

2004) (related cases should be consolidated, particularly cases in the same District); *Cook v.*

*McCarron*, No. 92 C 7042, 95 C 828, 1997 WL 47448, at *4 (N.D. Ill., Jan 30, 1997)

(consolidation appropriate due to the existence of "common issues between the two cases"); *see*

*also Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973); *Primavera Familienstiftung v. Askin*,

173 F.R.D. 115, 129 (S.D.N.Y. 1997) ("so long as any confusion or prejudice does not outweigh

efficiency concerns, consolidation will generally be appropriate") (citing *Int'l Paving Sys., Inc. v.*

*Van-Tulco, Inc.*, 806 F. Supp. 17, 22 (E.D.N.Y. 1992)); *Johnson v. Celotex Corp.*, 899 F.2d

1281, 1284 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990) ("Rule 42(a) . . . empowers a trial judge

to consolidate actions for trial when there are common questions of law or fact to avoid

unnecessary costs or delay.").

Circuit courts have recognized the utility of consolidation, leaving to district courts the

discretion to make appropriate Fed. R. Civ. P. 42(a) orders: "[t]he trial court has broad discretion

to determine whether consolidation is appropriate. In the exercise of discretion, courts have taken

the view that considerations of judicial economy favor consolidation." *Johnson*, 899 F.2d at

1284-85.

Consolidation of these actions with any subsequent related ERISA actions filed in or

removed or transferred to this district will avoid costly and unnecessary duplication of effort and

waste of judicial and party resources.[1]  Consolidation of such subsequently filed, removed or

transferred actions is routinely ordered in aid of the court's authority to control its docket. *See*

*Johnson*, 899 F.2d at 1284; *In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998).

---

[1]  Such consolidation would be accomplished after notice to all affected parties and the proper
orders provided.

Movant Cannon respectfully requests that any related ERISA class actions subsequently filed in or removed or transferred to this Court formally be consolidated under the following caption, with the docket number from *Cannon v. MBNA Corp., et al.*, serving as the Master Docket number:

| In re MBNA Corp. ERISA Litigation | Master Docket No. 05-429 (GMS) |

## III.    <u>CONCLUSION</u>

For all of the foregoing reasons, movant Cannon respectfully requests that the Court grant her motion for consolidation of this action with any related ERISA cases that are subsequently filed in or removed or transferred to this Court, pursuant to Fed. R. Civ. P. 42(a), and, pursuant to Fed. R. Civ. P. 23(g)(2)(A), for appointment of Wolf Haldenstein as interim counsel for the putative class, appointment of Rosenthal, Monhait, Gross & Goddess, P.A., as interim liaison counsel for the putative class, and creation of an Executive Committee consisting of Wolf Haldenstein, Goodkind Labaton, and Gainey & McKenna.

DATED: September 14, 2005

Jeffrey S. Goddess (Del. Bar No. 630)
ROSENTHAL, MONHAIT, GROSS &
  GODDESS, P.A.
Suite 1401, 919 Market Street
P.O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
jgoddess@rmgglaw.com

Fred T. Isquith
Mark C. Rifkin
Jeremy M. Weintraub
Iona M. Evans
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
(212) 545-4600

Thomas J. McKenna
GAINEY & McKENNA
485 Fifth Avenue, 3rd Floor
New York, NY 10017
(212) 983-1300

Lawrence A. Sucharow
Christopher J. Keller
GOODKIND LABATON RUDOFF &
  SUCHAROW LLP
100 Park Avenue
New York, NY 10017
(212) 907-0700

Attorneys for Plaintiff Sally Cannon

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2005, I electronically the foregoing document

using CM/ECF, which will send notification of such filing to the following:

Richard H. Morse, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899

Edward P. Welch, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P. O. Box 636
Wilmington, DE 19899

Jeffrey S. Goddess (Del. Bar No. 630)
Rosenthal, Monhait, Gross
 & Goddess, P.A.
Suite 1401, 919 Market Street
P. O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
jgoddess@rmgglaw.com