# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SALLY CANNON, On Behalf of Herself and All Others Similarly Situated, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MBNA CORPORATION, PENSION & 401K PLAN COMMITTEE of MBNA CORPORATION, LANCE L. WEAVER, VERNON H.C. WRIGHT, RANDOLPH D. LERNER, BRUCE L. HAMMONDS, JAMES H. BERICK, BENJAMIN R. CIVILETTI, WILLIAM L. JEWS, STUART L. MARKOWITZ, WILLIAM B. MILSTEAD, JOHN COCHRAN, THOMAS G. MURDOUGH, Jr. and DWIGHT ASSET MANAGEMENT COMPANY, | : | **C.A. No. 05-429 (GMS)** |
| | : | |
| Defendants. | : | |

## DECLARATION OF JEFFREY S. GODDESS

JEFFREY S. GODDESS declares, under penalty of perjury, that attached hereto is the resume of my firm, Rosenthal, Monhait, Gross & Goddess, P.A., which provides an overview and some highlights of the firm's long-standing practice involving representation of stockholders and other investors in securities and corporate class actions. Further

attached thereto are individual descriptions of my background and class action practice, as

well as the background and practice of my colleague in this matter, Jessica Zeldin, Esquire.

Jeffrey S. Goddess (Del. Bar No. 630)
Rosenthal, Monhait, Gross
 & Goddess, P.A.
Suite 1401, 919 Market Street
P. O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
jgoddess@rmgglaw.com
 Attorneys for Plaintiff Sally Cannon

Dated: September 14, 2005

2

# EXHIBIT A

# RESUME OF
## ROSENTHAL, MONHAIT, GROSS & GODDESS, P.A.

**ROSENTHAL, MONHAIT, GROSS & GODDESS, P.A.** has been actively engaged in

commercial litigation, emphasizing representation of stockholders and other investors in securities

and corporate class actions and derivative litigation, for over twenty-five years. The Firm has

taken a lead or supportive and liaison role in numerous important actions on behalf of stockholders

who have been defrauded or adversely affected by corporate actions and has been responsible for

or contributed to a number of outstanding recoveries. Illustrative of the cases in which the Firm

has been or is involved are the following:

(1)    <u>In re NCS Healthcare Inc. Shareholders Litigation</u>, Del. Ch., Cons. C.A. No.

19786 (2003). The firm served as Delaware counsel to shareholders of NCS Healthcare Inc. who

asserted that the board of directors of NCS, which had entered into an agreement to be acquired by

Genesis Health Ventures Inc., failed to respond appropriately to a competing bid from Omnicare Inc.

After the Court of Chancery denied a preliminary injunction, the Delaware Supreme Court reversed

and directed the Court of Chancery to enter an order preliminarily enjoining consummation of the

Genesis merger agreement. A bidding contest resulted in which Omnicare eventually acquired NCS

for consideration valued, in the aggregate, at more than $100 million more than the proposed Genesis

merger.

(2)    <u>In re DaimlerChrysler AG Securities Litigation</u>, D. Del., Consol. C.A. No. 01-

044-JJF. The firm served as Delaware counsel in an individual action filed on behalf of a group of

DaimlerChrysler AG shareholders. The complaint alleged violations of the federal securities laws

in connection with the merger between Chrysler Corp. and Daimler-Benz AG. After successfully

defending a motion to dismiss (197 F. Supp.2d 42, rehearing denied, 200 F. Supp.2d 439) and a motion for summary judgment (269 F. Supp.2d 508), the Firm's action was settled confidentially.

(3)    In re InaCom Corp. Securities Litigation, D. Del., C.A. No. 00-701 (JJF) (2003). The firm served as liaison counsel in a class action asserting federal securities law claims on behalf of open market purchasers of the defendant corporation's stock. The action was settled with a recovery of approximately $15.9 million for the benefit of class members.

(4)    In re M&F Worldwide Corp. Shareholders Litigation, Del. Ch., Cons. C.A. No. 18502 (2002). The firm served as Delaware counsel to shareholders who challenged a corporate asset acquisition. During trial, defendants agreed to a settlement that required rescission of the transaction. The Court of Chancery placed the value of that benefit at more than $75 million.

(5)    In re Seagate Technology, Inc. Shareholders Litigation, Del. Ch., C.A. No. 17932 (2001). The firm participated in the representation of shareholders who challenged a combined asset sale/merger transaction. A settlement approved by the Court of Chancery provided monetary benefits worth more than $112 million to the shareholder class.

(6)    Sanders v. Wang, Del. Ch., C.A. No. 16640, Steele, V.C. (Nov. 8, 1999). The firm participated in the representation of stockholders who, in a derivative action, obtained a judgment on the pleadings requiring corporate officers to return 9.5 million shares of improperly issued stock, worth more than $450 million. While an appeal was being briefed, the parties agreed to a settlement which required defendants to return 4.5 million shares to the company.

(7)    In re Ascent Entertainment Group, Inc. Shareholders Litigation, Del. Ch., C.A. No. 17201. The firm participated in the representation of shareholders who challenged an asset sale; a settlement provided for a new sale process that produced more than $40 million in additional value.

(8)    In re Amdahl Corporation Shareholders Litigation, Del. Ch., C.A. No. 15833 (1997). The firm served as Delaware liaison counsel in a class action challenging a majority shareholder's acquisition of the minority interest in Amdahl Corporation. The action was settled with a recovery of more than $28 million for shareholders.

(9)    In Re Autotote Corporation Securities Litigation, D. Del., C.A. No. 95-63 (MMS). The firm was Co-Liaison Counsel in a class action asserting federal securities law claims on behalf of open market purchasers of the defendant corporation's stock. The action was settled with a recovery worth more than $10 million to class members.

(10)    In re Lin Broadcasting Corporation Shareholders Litigation, Del. Ch., C.A. No. 14039 (1995). The firm participated in the representation of shareholders who challenged an acquisition transaction. As a result of a settlement of the litigation, Lin's public shareholders received additional consideration worth more than $55 million in the transaction as implemented.

(11)    Paramount Communications, Inc. v. QVC Network, Inc., 637 A.2d 34 (Del. 1993). The firm participated in the representation of stockholders who obtained a preliminary injunction against a tender offer for stock of Paramount Communications, Inc.

(12)    Prezant v. DeAngelis, 636 A.2d 915 (Del. 1994). The firm represented investors who successfully objected to a proposed settlement of a securities litigation.

The firm attorneys who will principally participate in this matter are Jeffrey S. Goddess and Jessica Zeldin.

## JEFFREY S. GODDESS

Mr. Goddess is a graduate of Brown University (A.B. 1967) and of the University of Chicago Law School (J.D. 1971). After graduation, he began private law practice in a Wilmington, Delaware firm specializing in the insured defense of negligence cases, and there received extensive trial experience. He was then appointed as City Solicitor for the City of Wilmington, serving for five years, 1997 through 1981. Mr. Goddess returned to private practice, opening the Wilmington office of Saul, Ewing, Remick & Saul, a large Philadelphia-based general practice firm. While there, from 1982-1991, Mr. Goddess began his involvement with corporate litigation, participating in the defense of corporate clients and, at times, the representation of plaintiffs in class and derivative litigation. Mr. Goddess joined the Firm in October, 1991, and since then has increased his focus on corporate and securities litigation. He is experienced in the role of Delaware liaison counsel. <u>Rossdeutscher v. Viacom</u>, Del. Super. C.A. No. 98C-03-091 (JEB); <u>Stoddard v. Advanta Corp.</u>, C.A. No. 97C-08-206 (VAB).

From 1975 to 1979, Mr. Goddess served as an associate member of the Delaware Supreme Court Censor Committee, the entity then responsible for attorney discipline. In 1980-81, while serving as Wilmington City Solicitor, he was a trustee of the governing board of the National Institute of Municipal Law Officers. From 1995 to 2000, he chaired the Delaware State Bar Association's Administration of Justice Committee, and from 1996 to 2000, he was a board member of the Delaware Trial Lawyers Association.

### JESSICA ZELDIN

Ms. Zeldin is a graduate of Northwestern University (B.A. Political Science, 1992) and Washington University in Saint Louis, where, in 1995, she earned both a J.D. (Order of the Coif) and M.A. in East Asian Studies. In Law School, Ms Zeldin was an editor of the Washington University Law Journal and authored *Disabling Employers: Problems with the ADA's Confidentiality Requirements in Unionized Workplaces*, 73 WASH. U.L.Q. 737 (1995).

After graduation, Ms. Zeldin joined the Wilmington law firm of Morris, Nichols, Arsht & Tunnell. She was admitted to the Delaware bar and focused her practice on corporate litigation. Ms. Zeldin represented directors, officers and general partners in national and statewide class and derivative actions, in both state and federal court. Ms. Zeldin also counseled shareholders and was heavily involved in plaintiffs' prosecution of the In re DaimlerChrysler AG Securities Litigation, D. Del., Consol. C.A. No. 01-044-JJF.

Ms. Zeldin joined the Firm in 2003. Since that time, her practice has focused almost exclusively on shareholder representation, including corporate and securities litigation. She has worked on behalf of shareholders in class actions, state law appraisal proceedings and derivative litigation.

Ms. Zeldin is a current member of the Delaware State Bar Association Executive Committee. She is also an adjunct member of the District of Delaware Local Rules Committee. In the past, Ms. Zeldin has served as President, Vice President and Secretary of the Women and the Law Section of the Delaware State Bar, as well as a member of: the Roxana Arsht Scholarship Steering Committee, the Administration of Justice Committee, the CLE Committee and the Ad-Hoc Diversity Committee.

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2005, I electronically the foregoing document

using CM/ECF, which will send notification of such filing to the following:

Richard H. Morse, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899

Edward P. Welch, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P. O. Box 636
Wilmington, DE 19899

Jeffrey S. Goddess (Del. Bar No. 630)
Rosenthal, Monhait, Gross
 & Goddess, P.A.
Suite 1401, 919 Market Street
P. O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
jgoddess@rmgglaw.com