# SECOND AMENDMENT TO THE

# MBNA CORPORATION 401(k) PLUS SAVINGS PLAN

Pursuant to the powers of amendment reserved under Section 18.3 of the MBNA Corporation 401(k) Plus Savings Plan (the "Plan"), as amended and restated effective as of January 1, 2000, and as amended by First Amendment dated June 6, 2002, said Plan shall be and the same is hereby further amended by the Pension and 401(k) Plan Committee (the "Committee") effective as provided below, as follows:

## FIRST CHANGE

A new Article XXIV shall be added to the Plan as follows:

## "ARTICLE XXIV

## EGTRRA AMENDMENTS

**24.1    Effective Date of Article**

This Article 24 is intended to reflect certain provisions of the Economic Growth and Tax Relief Reconciliation Act of 2001 ("EGTRRA") and to demonstrate good faith compliance with the provisions of EGTRRA. The provisions of this Article 24 shall be construed in accordance with EGTRRA and guidance issued thereunder. Except as otherwise provided, this amendment shall be effective as of the first day of the first Plan Year beginning after December 31, 2001. The provisions of this Article shall supersede the other provisions of the Plan to the extent those provisions are inconsistent with the provisions of this Article 24.

**24.2    Limitations on Contributions**

(a)    **Maximum Annual Addition.** Except to the extent permitted under Section 24.10 of the Plan and Section 414(v) of the Code, if applicable, the Annual Addition that may be contributed or allocated to a Participant's Accounts under the Plan for any Limitation Year shall not exceed the lesser of:

(1)    $40,000, as adjusted for increases in the cost-of-living under Section 415(d) of the Code, or

(2)    100% of the Participant's Limitation Compensation, within the meaning of Section 415(c)(3) of the Code, for the Limitation Year.

(b)    The Compensation limit referred to in Subsection 24.2(a) shall not apply to any contribution for medical benefits after separation from service

CANNON 0000122

(within the meaning of Section 401(h) or Section 419A(f)(2) of the Code) which is otherwise treated as an Annual Addition.

**24.3    Increase in Compensation Limit**

The Annual Compensation and Annual Statutory Compensation of each Participant taken into account in determining allocations for any Plan Year beginning after December 31, 2001 shall not exceed $200,000, as adjusted for cost-of-living increases in accordance with Section 401(a)(17)(B) of the Code. Annual Compensation means Compensation during the Plan Year or such other consecutive 12-month period over which Compensation is otherwise determined under the Plan (the determination period).   Annual Statutory Compensation means Statutory Compensation during the Plan Year or such other consecutive 12-month period over which Statutory Compensation is otherwise determined under the Plan (the determination period).   The cost-of-living adjustment in effect for a calendar year applies to Annual Compensation and Annual Statutory Compensation for the determination period that begins with or within such calendar year.

**24.4    Top-Heavy Rules**

This section shall apply for purposes of determining whether the Plan is a top heavy plan under Section 416(g) of the Code and whether the Plan satisfies the minimum benefit requirements of Section 416(c) of the Code.   This Section amends Article XX of the Plan.

(a)    **"Key Employee"** shall mean any Employee or former Employee (including any deceased Employee) who at any time during the Plan Year that includes the Determination Date was (1) an officer of the Employer having Annual Compensation greater than $130,000 (as adjusted under Section 416(i)(1) of the Code for Plan Years beginning after December 31, 2002), (2) a 5% owner of the Employer, or (3) a 1% owner of the Employer having Annual Compensation of more than $150,000. For this purpose, Annual Compensation means compensation within the meaning of Section 415(c)(3) of the Code.   The determination of who is a Key Employee shall be made in accordance with Section 416(i)(1) of the Code and the applicable regulations and other guidance of general applicability issued thereunder.

(b)    **Determination of Present Values and Amounts.**   This Section 24.4(b) shall apply for purposes of determining the present values of the accrued benefits and the amounts of account balances of Employees as of the Determination Date:

(1)    **Distributions During Year Ending on the Determination Date.** The present value of the accrued benefits and the amounts of account balances of an Employee as of the Determination Date shall be increased by the distributions made with respect to the Employee under the Plan and any plan aggregated with the Plan under Section 416(g)(2) of the Code during the 1-year period ending on the Determination Date.   The preceding sentence shall also apply to distributions under a terminated plan which, had it not been terminated,

**CANNON 0000123**

20846:123486

would have been aggregated with the Plan under Section 416(g)(2)(A)(i) of the Code. In the case of a distribution made for a reason other than separation from service, death, or Disability, this provision shall be applied by substituting "5-year period" for "1-year period."

(2) **Employees Not Performing Services During Year Ending on the Determination Date.** The accrued benefits and accounts of any individual who has not performed services for the Employer during the 1-year period ending on the Determination Date shall not be taken into account.

(c) **Minimum Benefit.**

(1) **Employer Matching Contributions.** Employer Matching Contributions shall be taken into account for purposes of satisfying the minimum contribution requirements of Section 416(c)(2) of the Code and the Plan. Employer Matching Contributions that are used to satisfy the minimum contribution requirements shall be treated as matching contributions for purposes of the actual contribution percentage test and other requirements of Section 401(m) of the Code.

(2) **Minimum Benefits for Employees Also Covered Under Another Plan.** Each Participant who is a Non-Key Employee and who also participates in the Pension Plan or other defined benefit plan in the Aggregation Group shall accrue a minimum benefit under such defined benefit plan, as provided in Section 20.3. The amount of such minimum benefit, expressed in the form of a single life annuity (with no ancillary benefits) payable at Normal Retirement Date, shall be equal to the product of (i) 2% of the Participant's average monthly Limitation Compensation during his 5 highest-paid consecutive calendar years of employment (not including any year beginning after the close of the last plan year in which such plan is a top-heavy plan), multiplied by (ii) each of his first 10 years of service in which such plan is a top-heavy plan for any plan year ending during such year of service.

## 24.5    Direct Rollovers of Plan Distributions

(a) **Effective date.** This Section shall apply to distributions made after December 31, 2001.

(b) **Modification of Definition of Eligible Retirement Plan.** For purposes of the direct rollover provisions in Section 10.13 of the Plan, an eligible retirement plan shall also mean an annuity contract described in Section 403(b) of the Code and an eligible plan under Section 457(b) of the Code which is maintained by a state, political subdivision of a state, or any agency or instrumentality of a state or political subdivision of a state and which agrees to separately account for amounts transferred into such plan from this Plan. This definition of eligible retirement plan shall also apply in the case of a distribution to a surviving spouse, or to a spouse or former spouse who is the alternate payee under a qualified domestic relation order, as defined in Section 414(p) of the Code.

**CANNON 0000124**

20846:123486

(c)    **Modification of Definition of Eligible Rollover Distribution to Exclude Hardship Distributions.**  For purposes of the direct rollover provisions in Section 10.13 of the Plan, any amount that is distributed on account of hardship shall not be an eligible rollover distribution, and the distributee may not elect to have any portion of such a distribution paid directly to an eligible retirement plan.

(d)    **Modification of Definition of Eligible Rollover Distribution to Include After-Tax Employee Contributions.**  For purposes of the direct rollover provisions in Section 10.13 of the Plan, a portion of a distribution shall not fail to be an eligible rollover distribution merely because the portion consists of after-tax employee contributions which are not includible in gross income. However, such portion may be transferred only to an individual retirement account or annuity described in Section 408(a) or (b) of the Code, or to a qualified defined contribution plan described in Section 401(a) or 403(a) of the Code that agrees to separately account for amounts so transferred, including separately accounting for the portion of such distribution which is includible in gross income and the portion of such distribution which is not so includible.

## 24.6    Rollovers from Other Plans

Effective as of January 1, 2002, the Plan will accept direct rollovers of distributions and/or Participant rollover contributions made after December 31, 2001, as follows:

(a)    **Direct Rollovers.**  The Plan will accept a direct rollover of an eligible rollover distribution from:

(1)    a qualified plan described in Section 401(a) or 403(a) of the Code, including after-tax employee contributions.

(2)    an annuity contract described in Section 403(b) of the Code, excluding after-tax employee contributions.

(3)    an eligible plan under Section 457(b) of the Code which is maintained by a state, political subdivision of a state, or any agency or instrumentality of a state or political subdivision of a state.

(b)    **Participant Rollover Contributions from Other Plans.**  The Plan will accept contributions from a Participant of an eligible rollover distribution from:

(1)    a qualified plan described in Section 401(a) or 403(a) of the Code.

(2)    an annuity contract described in Section 403(b) of the Code.

(3)    an eligible plan under Section 457(b) of the Code which is maintained by a state, political subdivision of a state, or any agency or instrumentality of a state or political subdivision of a state.

CANNON 0000125

20846:123486

(c)    **Rollover Contributions from IRAs.**  The Plan will accept a Participant's rollover contribution of the portion of a distribution from an individual retirement account or annuity described in Section 408(a) or 408(b) of the Code that is eligible to be rolled over and would otherwise be includible in gross income.

### 24.7    Repeal of Multiple Use Test.

The multiple use test described in Section 1.401(m)-2 of the Treasury Regulations and Section 5.4 of the Plan shall not apply for Plan Years beginning after December 31, 2001.

### 24.8    Elective Deferrals - Contribution Limitation.

No Participant shall be permitted to have Elective Deferrals made under this Plan, or any other qualified plan maintained by the Employer during any taxable year, in excess of the dollar limitation contained in Section 402(g) of the Code in effect for such taxable year, except to the extent permitted under Section 24.10 of the Plan and Section 414(v) of the Code, if applicable.

### 24.9    Catch-Up Contributions.

All Employees who are eligible to make Elective Deferrals under the Plan and who have attained age 50 before the close of the Plan Year shall be eligible to make catch-up contributions in accordance with, and subject to the limitations of, Section 414(v) of the Code.  Such catch-up contributions shall not be taken into account for purposes of the provisions of the Plan implementing the required limitations of Sections 402(g) and 415 of the Code.  The Plan shall not be treated as failing to satisfy the provisions of the Plan implementing the requirements of Sections 401(k)(3), 410(b) or 416 of the Code, as applicable, by reason of the making of such catch-up contributions.

## SECOND CHANGE

A new Article XXV shall be added to the Plan as follows:

## "ARTICLE XXV

## MINIMUM DISTRIBUTION REQUIREMENTS

### 25.1    General Rules

(a)    **Effective Date of Plan Amendment for Section 401(a)(9) Final and Temporary Regulations.**  This Article 25, Minimum Distribution Requirements, applies for purposes of determining required minimum distributions for distribution calendar years beginning with the 2003 calendar year.

(b)    **Precedence.**  The requirements of this Article will take precedence over any inconsistent provisions of the Plan.

**CANNON 0000126**

(c)    **Requirements of Treasury Regulations Incorporated.**  All distributions required under this Article will be determined and made in accordance with the Treasury regulations under section 401(a)(9) of the Internal Revenue Code.

**25.2    Time and Manner of Distribution**

(a)    **Required Beginning Date.**  The Participant's entire interest will be distributed, or begin to be distributed, to the Participant no later than the Participant's Required Beginning Date.

(b)    **Death of Participant Before Distributions Begin.**  If the Participant dies before distributions begin, the Participant's entire interest will be distributed, or begin to be distributed, no later than as follows:

(1)    If the Participant's surviving spouse is the Participant's sole designated Beneficiary, then, except as provided in Section 25.2(d), distributions to the surviving spouse will begin by December 31 of the calendar year immediately following the calendar year in which the Participant died, or by December 31 of the calendar year in which the Participant would have attained age 65, if later.

(2)    If the Participant's surviving spouse is not the Participant's sole designated Beneficiary, then, except as provided in Section 25.2(d), distributions to the designated Beneficiary will begin by December 31 of the calendar year immediately following the calendar year in which the Participant died.

(3)    If there is no designated Beneficiary as of September 30 of the year following the year of the Participant's death, the Participant's entire interest will be distributed by December 31 of the calendar year containing the fifth anniversary of the Participant's death.

(4)    If the Participant's surviving spouse is the Participant's sole designated Beneficiary and the surviving spouse dies after the Participant but before distributions to the surviving spouse begin, this Section 25.2(b), other than Section 25.2(b)(1), will apply as if the surviving spouse were the Participant.

For purposes of this Section 25.2(b) and Section 25.4, unless Section 25.2(b)(4) applies, distributions are considered to begin on the Participant's Required Beginning Date.  If Section 25.2(b)(4) applies, distributions are considered to begin on the date distributions are required to begin to the surviving spouse under Section 25.2(b)(1). If distributions under an annuity purchased from an insurance company irrevocably commence to the Participant before the Participant's Required Beginning Date (or to the Participant's surviving spouse before the date distributions are required to begin to the surviving spouse under Section 25.2(b)(1)), the date distributions are considered to begin is the date distributions actually commence.

**CANNON 0000127**

(c)     **Forms of Distribution.** Unless the Participant's interest is distributed in the form of an annuity purchased from an insurance company or in a single sum on or before the Required Beginning Date, as of the first distribution calendar year distributions will be made in accordance with Sections 25.3 and 25.4 of this Article. If the Participant's interest is distributed in the form of an annuity purchased from an insurance company, distributions thereunder will be made in accordance with the requirements of Section 401(a)(9) of the Code and the Treasury regulations.

(d)     **Election to Apply 5-Year Rule to Distributions to Designated Beneficiaries.** If the Participant dies before distributions begin and there is a designated Beneficiary, distribution to the designated Beneficiary is not required to begin by the date specified in Section 25.2(b), but the Participant's entire interest will be distributed to the designated Beneficiary by December 31 of the calendar year containing the fifth anniversary of the Participant's death. If the Participant's surviving spouse is the Participant's sole designated Beneficiary and the surviving spouse dies after the Participant but before distributions to either the Participant or the surviving spouse begin, this election will apply as if the surviving spouse were the Participant. This election will apply to all distributions.

**25.3     Required Minimum Distributions During Participant's Lifetime**

(a)     **Amount of Required Minimum Distribution For Each Distribution Calendar Year.** During the Participant's lifetime, the minimum amount that will be distributed for each distribution calendar year is the quotient obtained by dividing the Participant's account balance by the distribution period in the Uniform Lifetime Table set forth in Section 1.401(a)(9)-9 of the Treasury regulations, using the Participant's age as of the Participant's birthday in the distribution calendar year.

(b)     **Lifetime Required Minimum Distributions Continue Through Year of Participant's Death.** Required minimum distributions will be determined under this Section 25.3 beginning with the first distribution calendar year and up to and including the distribution calendar year that includes the Participant's date of death.

**25.4     Required Minimum Distributions After Participant's Death**

(a)     **Death On or After Date Distributions Begin.**

(1)     **Participant Survived by Designated Beneficiary.** If the Participant dies on or after the date distributions begin and there is a designated Beneficiary, the minimum amount that will be distributed for each distribution calendar year after the year of the Participant's death is the quotient obtained by dividing the Participant's account balance by the longer of the remaining life expectancy of the Participant or the remaining life expectancy of the Participant's designated Beneficiary, determined as follows:

CANNON 0000128

(i)    The Participant's remaining life expectancy is calculated using the age of the Participant in the year of death, reduced by one for each subsequent year.

(ii)    If the Participant's surviving spouse is the Participant's sole designated Beneficiary, the remaining life expectancy of the surviving spouse is calculated for each distribution calendar year after the year of the Participant's death using the surviving spouse's age as of the spouse's birthday in that year. For distribution calendar years after the year of the surviving spouse's death, the remaining life expectancy of the surviving spouse is calculated using the age of the surviving spouse as of the spouse's birthday in the calendar year of the spouse's death, reduced by one for each subsequent calendar year.

(iii)    If the Participant's surviving spouse is not the Participant's sole designated Beneficiary, the designated Beneficiary's remaining life expectancy is calculated using the age of the Beneficiary in the year following the year of the Participant's death, reduced by one for each subsequent year.

(2)    **No Designated Beneficiary.**  If the Participant dies on or after the date distributions begin and there is no designated Beneficiary as of September 30 of the year after the year of the Participant's death, the minimum amount that will be distributed for each distribution calendar year after the year of the Participant's death is the quotient obtained by dividing the Participant's account balance by the Participant's remaining life expectancy calculated using the age of the Participant in the year of death, reduced by one for each subsequent year.

(b)    **Death Before Date Distributions Begin.**

(1)    **Participant Survived by Designated Beneficiary.**  If the Participant dies before the date distributions begin and there is a designated Beneficiary, the minimum amount that will be distributed for each distribution calendar year after the year of the Participant's death is the quotient obtained by dividing the Participant's account balance by the remaining life expectancy of the Participant's designated Beneficiary, determined as provided in Section 25.4(a).

(2)    **No Designated Beneficiary.**  If the Participant dies before the date distributions begin and there is no designated Beneficiary as of September 30 of the year following the year of the Participant's death, distribution of the Participant's entire interest will be completed by December 31 of the calendar year containing the fifth anniversary of the Participant's death.

**CANNON 0000129**

(3)    **Death of Surviving Spouse Before Distributions to Surviving Spouse Are Required to Begin.** If the Participant dies before the date distributions begin, the Participant's surviving spouse is the Participant's sole designated Beneficiary, and the surviving spouse dies before distributions are required to begin to the surviving spouse under Section 25.2(b)(1), this Section 25.4(b) will apply as if the surviving spouse were the Participant.

**25.5    Definitions**

(a)    **Designated Beneficiary.** The individual who is designated as the Beneficiary under Section 13.1 of the Plan and is the designated Beneficiary under Section 401(a)(9) of the Internal Revenue Code and Section 1.401(a)(9)-1, Q&A-4, of the Treasury regulations.

(b)    **Distribution calendar year.** A calendar year for which a minimum distribution is required. For distributions beginning before the Participant's death, the first distribution calendar year is the calendar year immediately preceding the calendar year which contains the Participant's Required Beginning Date. For distributions beginning after the Participant's death, the first distribution calendar year is the calendar year in which distributions are required to begin under Section 25.2(b). The required minimum distribution for the Participant's first distribution calendar year will be made on or before the Participant's Required Beginning Date. The required minimum distribution for other distribution calendar years, including the required minimum distribution for the distribution calendar year in which the Participant's Required Beginning Date occurs, will be made on or before December 31 of that distribution calendar year.

(c)    **Life expectancy.** Life expectancy as computed by use of the Single Life Table in Section 1.401(a)(9)-9 of the Treasury regulations.

(d)    **Participant's account balance.** The account balance as of the last valuation date in the calendar year immediately preceding the distribution calendar year (valuation calendar year) increased by the amount of any contributions made and allocated or forfeitures allocated to the account balance as of dates in the valuation calendar year after the valuation date and decreased by distributions made in the valuation calendar year after the valuation date. The account balance for the valuation calendar year includes any amounts rolled over or transferred to the plan either in the valuation calendar year or in the distribution calendar year if distributed or transferred in the valuation calendar year.

(e)    **Required Beginning Date.** The date specified in Section 10.11 of the plan."

CANNON 0000130

BA3DOCS/214715.02

20846:123486

### THIRD CHANGE

Effective as of January 1, 1998, a new Section 1.44 is hereby added to the Plan:

"**1.44    Deemed §125 Compensation**

For purposes of the definition of compensation under Sections 1.21 and 1.37, amounts under §125 include any amounts not available to a Participant in cash in lieu of group health coverage because the Participant is unable to certify that he or she has other health coverage. An amount will be treated as an amount under §125 only if the Employer does not request or collect information regarding the Participant's other health coverage as part of the enrollment process for the health plan."

The MBNA Corporation 401(k) Plus Savings Plan, as amended and restated effective as of January 1, 2000, and as amended by First Amendment dated June 6, 2002 and as amended by the foregoing changes, is hereby ratified and confirmed in all other respects.

**IN WITNESS WHEREOF**, the Committee has caused this Second Amendment to be executed this _____ day of _____, 2002.

WITNESS:                                **PENSION AND 401(k) PLAN COMMITTEE**

_____        By: _____

**CANNON 0000131**

CANNON 0000132

20846:123486

## THIRD AMENDMENT TO THE

## MBNA CORPORATION 401(k) PLUS SAVINGS PLAN

Pursuant to the powers of amendment reserved under §18.3 of the MBNA Corporation 401(k) Plus Savings Plan, as amended and restated effective January 1, 2000, as amended by the First Amendment dated June 6, 2002 and the Second Amendment dated December 2002, said Plan shall be and the same is hereby further amended by the Pension and 401(k) Plan Committee (the "Committee") effective as of January 1, 2003, as follows:

## FIRST AND ONLY CHANGE

Section 4.4(b) shall be deleted in its entirety and the following new Section 4.4(b) shall be inserted in lieu thereof:

"(b) **Discretionary.** In addition to the automatic Qualified Nonelective Contributions described in §4.4(a), the Employers may make a discretionary Qualified Nonelective Contribution to the Plan for any Plan Year on behalf of Eligible Employees (as defined in §5.2(b)(iii)) who are Non-Highly Compensated Employees. Such discretionary Qualified Nonelective Contribution for a Plan Year, if any, shall be allocated as of December 31 of such Year to the Qualified Nonelective Contribution Accounts of some or all of the Eligible Employees (as determined in the discretion of the Committee and as permitted by law) who are Non-Highly Compensated Employees. Such allocation shall be made in the proportion that the Statutory Compensation for the Plan Year of each such Eligible Employee entitled to receive an allocation bears to the aggregate Statutory Compensation for the Plan Year of all such Eligible Employees entitled to receive an allocation; alternatively, the Committee may, if permitted by law, authorize a different allocation method for such Qualified Nonelective Contribution. Any such individual who first becomes an Eligible Employee during the Plan Year, or who again becomes an Eligible Employee during the Plan Year following an interruption in his employment, shall receive an allocation based upon his Statutory Compensation for the portion of the Plan Year during which he was an Eligible Employee (to the extent that under the allocation method in effect such individual would otherwise receive an allocation of such discretionary Qualified Nonelective Contribution)."

CANNON 0000133

The MBNA Corporation 401(k) Plus Savings Plan, as amended and restated effective January 1, 2000, and as amended by the First and Second Amendments, and as amended by the foregoing change, is hereby ratified and confirmed in all respects.

**IN WITNESS WHEREOF**, the Committee has caused this First Amendment to be executed this _____ day of _____, 2003.

**WITNESS**:                **PENSION AND 401(K) PLAN COMMITTEE**

_____  By:_____(**SEAL**)

**CANNON 0000134**

BA3/254084.01

# RESOLUTIONS OF THE PENSION AND 401(k) PLAN COMMITTEE
## MBNA CORPORATION

RESOLVED:    That the Third Amendment (the "401(k) Amendment") to the MBNA Corporation 401(k) Plus Savings Plan, as Amended and Restated Effective January 1, 2000 (the "401(k) Plan"), effective as of the date set forth therein, a copy of which is attached to these resolutions, be and it hereby is adopted on behalf of MBNA Corporation (the "Corporation"); and

FURTHER RESOLVED:  That the Secretary of the Pension and 401(k) Plan Committee (the "Committee") be and he hereby is authorized and directed to execute on behalf of the Corporation any other changes to the 401(k) Amendment as are requested by the Internal Revenue Service, or, based on advice of counsel, as are necessary for the 401(k) Plan to comply with the Employee Retirement Income Security Act of 1974 and to continue qualification under Section 401(a) of the Internal Revenue Code of 1986, as amended; and

FURTHER RESOLVED:  That the Secretary of the Committee be and he hereby is authorized and directed to execute such other forms, notices, instruments or other documents and to take such further action as may be necessary or desirable to fully implement said 401(k) Amendment and the 401(k) Plan, and to obtain from the Internal Revenue Service a determination letter to the effect that said 401(k) Plan continues to qualify under the Internal Revenue Code of 1986, as amended; and

FURTHER RESOLVED:  That a copy of these resolutions and a copy of said 401(k) Amendment shall be delivered to the Corporation and to the Trustee of the 401(k) Plan; and

FURTHER RESOLVED:  That a copy of these resolutions shall be filed with the minutes of the Committee.

**CANNON 0000135**

## THE PENSION AND 401(k) PLAN COMMITTEE

_____
Name:_____
Date: _____, 2003

_____
Name:_____
Date: _____, 2003

_____
Name:_____
Date: _____, 2003

_____
Name:_____
Date: _____, 2003

_____
Name:_____
Date: _____, 2003

_____
Name:_____
Date: _____, 2003

_____
Name:_____
Date: _____, 2003

_____
Name:_____
Date: _____, 2003

_____
Name:_____
Date: _____, 2003

_____
Name:_____
Date: _____, 2003

CANNON 0000136

## SECRETARY'S CERTIFICATE

THIS IS TO CERTIFY that the resolutions attached hereto were duly adopted at a meeting of the MBNA Corporation Pension and 401(k) Plan Committee (the "Committee"), on the _____ day of _____, 2003, a quorum being present at all times during the meeting, and that said resolutions are in full force and effect as of the date hereof.

IN WITNESS WHEREOF, I, JOHN W. SCHEFLEN, Secretary of the Committee, have hereunto placed my signature and affixed the seal of the Corporation on this _____ day of _____, 2003.


**[SEAL]**                              _____
                                        Secretary


CANNON 0000137

# FOURTH AMENDMENT TO THE

# MBNA CORPORATION 401(k) PLUS SAVINGS PLAN

WHEREAS: MBNA Corporation adopted the MBNA Corporation 401(k) Plus Savings Plan (the "Plan") effective January 29, 1991.

WHEREAS: The Plan as effective January 29, 1991 permits the establishment of a company stock fund. It does not impose any limitations on the apportionment of new contributions or the reapportionment of account balances into such company stock fund.

WHEREAS: The Plan was amended and restated effective April 1, 1992.

WHEREAS: The Plan as effective April 1, 1992 defines the term "MBNA Stock" as the common stock of MBNA Corporation and lists the MBNA Stock Fund as an investment fund for the investment of plan assets. It also limits the apportionment of new contributions and the reapportionment of account balances to the MBNA Stock Fund. Specifically, the Plan as effective April 1, 1992, states that a Participant cannot direct more than 25% of his voluntary contributions to the MBNA Stock Fund and a Participant cannot reallocate more than 25% of the total amounts credited to his accounts to the MBNA Stock Fund. These reapportionment limits have appeared in all subsequent versions of the Plan up to and including the current version.

WHEREAS: Section 9.5(c) of the Plan as effective from April 1, 1992 to the current date, however, provides the Pension and 401(k) Plan Committee (the "Committee") with the authority to vary the apportionment and reapportionment provisions of the Plan to accord with the requirements of any investment medium, for ease in administration, and for any other reason.

WHEREAS: The Committee has never imposed the 25% limitation on the reapportionment of account balances to the MBNA Stock Fund and, pursuant to its authority in Section 9.5(c) of the Plan, the Committee has the discretion not to impose such a limitation.

WHEREAS: Given the Committee's actual rules on the reapportionment, the Plan should be amended to reflect the manner in which the Committee has always administered the Plan.

WHEREAS: As this amendment is a clarification and not a change in practice, it will be adopted on behalf of the Committee by the Director of Compensation.

NOW, THEREFORE, BE IT

RESOLVED: That the Plan be amended effective as of April 1, 1992, as follows:

CANNON 0000138

## FIRST AND ONLY CHANGE

Section 9.4 shall be deleted in its entirety and the following new Section 9.4 shall be inserted in lieu thereof:

"**§9.4    Reapportionment of Account Balances Among Investment Funds.** A Participant may direct that amounts credited to his separate Accounts which have been invested in any of the Investment Funds be reapportioned to one or more of the other available Investment Funds, provided that amounts which have been invested in any other Investment Fund may not be reapportioned to an Investment Fund consisting primarily of MNC Financial, Inc. stock. A Participant's reapportionment direction shall be in multiples of 5% of the total amounts credited to his Accounts. Such reapportionment election shall be made according to uniform rules established by the Committee from time to time."

IN WITNESS WHEREOF, Kenneth R. Pizer, Sr. Executive Vice President and Director of Compensation, has caused this Fourth Amendment to be executed.

WITNESS:

_____    _____

Name: Kenneth R. Pizer

CANNON 0000139

# MBNA CORPORATION
## UNANIMOUS WRITTEN CONSENT
### OF THE PENSION AND 401(k) PLAN COMMITTEE

The undersigned, constituting all of the members of the MBNA Corporation Pension and 401(k) Plan Committee (the "Committee"), do hereby take the actions below set forth, and to evidence their waiver of any right to dissent from such actions, do hereby consent as follows:

RESOLVED:    That the Fifth Amendment (the "401(k) Amendment") to the MBNA Corporation 401(k) Plus Savings Plan, as amended and restated effective January 1, 2000 (the "401(k) Plan"), and as further amended by First, Second, Third and Fourth Amendments thereto, effective as of the date set forth therein, a copy of which is attached to these resolutions, be and it hereby is adopted on behalf of MBNA Corporation (the "Corporation"), and members of the Committee be, and they hereby are, duly authorized to execute such 401(k) Amendment substantially in the form attached to these resolutions; and

FURTHER RESOLVED:    That the Fourth Amendment (the "Pension Amendment") to the MBNA Corporation Pension Plan, as amended and restated effective January 1, 2000, (the "Pension Plan") and as further amended by First, Second and Third Amendments thereto, effective as of the date set forth therein, a copy of which is attached to these resolutions, be and it hereby is adopted on behalf of the Corporation and members of the Committee be, and they hereby are, duly authorized to execute such Pension Amendment substantially in the form attached to these resolutions; and

FURTHER RESOLVED:  That members of the Committee be and they hereby are authorized and directed to execute such other forms, notices, instruments or other documents and to take such further action as may be necessary or desirable to fully implement said 401(k) Amendment or Pension Amendment and 401(k) Plan or Pension Plan; and

FURTHER RESOLVED:  That a copy of these resolutions and a copy of said 401(k) Amendment shall be delivered to the Corporation and to the Trustee of the 401(k) Plan and that a copy of these resolutions and a copy of said Pension Plan Amendment shall be delivered to the Corporation and to the Trustee of the Pension Plan; and

FURTHER RESOLVED:  That a copy of these resolutions shall be filed with the minutes of the Committee.

CANNON 0000140

**THIS WRITTEN CONSENT,** signed by all of the members of the Committee, may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same resolutions to which members of the Committee have unanimously consented.

CANNON 0000141

208486:123485,123486

BA3 – 247315.01

## THE PENSION AND 401(k) PLAN COMMITTEE

Name:  Kenneth F. Boehl
Date: 4/19 , 2004

Name:  John R. Cochran
Date: _____ , 2004

Name:  M. Scot Kaufman
Date: _____ , 2004

Name:  Vernon H. C. Wright
Date: 4/19 , 2004

Name:  John W. Scheflen
Date: 4/12 , 2004

Name:  Michelle D. Shepherd
Date: _____ , 2004

Name:  Kenneth A. Vecchione
Date: _____ , 2004

Name:  Lance L. Weaver
Date: _____ , 2004

CANNON 0000142

BA3 – 247315.01

# FIFTH AMENDMENT TO THE

## MBNA CORPORATION 401(k) PLUS SAVINGS PLAN

Pursuant to the powers of amendment reserved under Section 18.3 of the MBNA Corporation 401(k) Plus Savings Plan (the "Plan"), as amended and restated effective as of January 1, 2000, and as further amended by the First, Second, Third and Fourth Amendments thereto, said Plan shall be and the same is hereby further amended by the Pension and 401(k) Committee (the "Committee"), as follows, effective as of 6/16/04 :

## FIRST CHANGE

Section 1.10 shall be deleted in its entirety and the following shall be substituted in lieu thereof as follows:

"1.10  'Committee' shall mean the Pension and 401(k) Plan Committee appointed by the Company's chief executive officer (or his designee) in accordance with the provisions of Article XVI."

## SECOND CHANGE

Subsection (a) of Section 15.1 shall be deleted in its entirety and the following shall be substituted in lieu thereof as follows:

"(a)    The Company's chief executive officer (or his designee) shall have sole responsibility for the appointment, removal, and replacement of the members of the Committee described in Article XVI."

CANNON 0000143

## THIRD CHANGE

Subsections (b), (c), and (d) of Section 15.1 shall be redesignated as subsections (c), (d), and (e), respectively.

## FOURTH CHANGE

A new subsection (b) shall be added to Section 15.1 as follows:

"(b)    The **Board** shall have sole responsibility for the appointment, removal, and replacement of the Trustee and any Investment Manager described in Article XVII.  Notwithstanding the foregoing, the Board may delegate all or any part of its responsibility with respect to the Trustee and any Investment Manager to the Committee.  To the extent that they are carrying out this responsibility, the members of the Board (or the Committee, if applicable) shall be 'named fiduciaries' of the Plan for purposes of §402(a)(1) of ERISA."

## FIFTH CHANGE

Section 16.1 shall be deleted in its entirety and the following shall be substituted in lieu thereof as follows:

"**§16.1  Appointment of Committee.**  The Plan shall be managed and administered by the Pension and 401(k) Plan Committee.  The Committee shall consist of at least three members appointed by the Company's chief executive officer (or his designee) to serve at the pleasure of the Company's chief executive officer (or his designee) and

CANNON 0000144

20846:123486

BA3 – 247137.01

shall jointly share the responsibility for the management and administration of the Plan. Any person appointed a member of the Committee shall signify his acceptance in writing to the Company's chief executive officer (or his designee). Any member of the Committee may resign by delivering his written resignation to the Company's chief executive officer (or his designee) and to the Secretary of the Committee, effective upon delivery or at any later date specified therein. The Company's chief executive officer (or his designee) shall designate one of the members of the Committee as Chairman. The Committee shall designate a Secretary, who may, but need not, be a member of the Committee. No member of the Committee who is a full-time employee of an Employer shall receive any compensation from the Plan for his services as such, but may be reimbursed for reasonable expenses actually incurred in the administration of the Plan."

The MBNA Corporation 401(k) Plus Savings Plan, as amended and restated effective as of January 1, 2000, as amended by First, Second, Third and Fourth Amendments thereto, and as further amended by the foregoing changes, is hereby ratified and confirmed in all respects.

IN WITNESS WHEREOF, the Committee has caused this Fifth Amendment to be executed this 16 day of June, 2004.

WITNESS:

_Chris P Camy_

PENSION AND 401(k) COMMITTEE

By: _Jon. Sche_

Name: _John W. Scheflen_

      Secretary

CANNON 0000145

BA3 – 247137.01          3                          20846:123486

## SIXTH AMENDMENT TO THE

## MBNA CORPORATION 401(k) PLUS SAVINGS PLAN

Pursuant to the powers of amendment reserved under §18.3 of the MBNA Corporation 401(k) Plus Savings Plan, as amended and restated effective January 1, 2000, and as amended by First, Second, Third, Fourth and Fifth Amendments, said Plan shall be and the same is hereby further amended by the Pension and 401(k) Plan Committee (the "Committee") as follows, effective as the dates set forth below:

### FIRST CHANGE

Effective as of March 28, 2005, Section 10.6, Section 10.7 and Section 14.2 shall be amended by deleting the words "$5,000 ($3,500 prior to April 1, 1999)" wherever they appear and substituting the dollar amount of "$1,000" in lieu thereof.

### SECOND CHANGE

Effective as of April 1, 2005, Section 12.5 shall be amended by deleting the last sentence and substituting the following in lieu thereof:

"Any loan to a terminated Participant or beneficiary shall be repaid by direct payments from the borrower to the Trustee or by any other method as may be determined by the Committee."

### THIRD CHANGE

Effective as of March 14, 2005, a new Section 24.10 shall be added to read as follows:

"With respect to distributions and severances from employment occurring on and after March 14, 2005, a Participant's Before-Tax Contributions, Qualified Nonelective Contributions, Qualified Matching Contributions and Earnings attributable to these contributions shall be distributed on account of the Participant's severance from employment. However, such a distribution shall be subject to the other provisions of the Plan regarding distributions, other than provisions that require a separation from service before such amounts may be distributed."

The MBNA Corporation 401(k) Plus Savings Plan, as amended and restated effective January 1, 2000, as amended by First, Second, Third, Fourth and Fifth

CANNON 0000146

Amendments, and as amended by the foregoing changes, is hereby ratified and confirmed in all respects.

**IN WITNESS WHEREOF**, the Committee has caused this Sixth Amendment to be executed this _____ day of _____, 2005.

**WITNESS**:                              **PENSION AND 401(K) PLAN COMMITTEE**

_____      By:_____(SEAL)

**CANNON 0000147**

# RESOLUTIONS OF THE PENSION AND 401(K) PLAN COMMITTEE
## MBNA CORPORATION

RESOLVED:     That the Sixth Amendment (the "401(k) Amendment") to the MBNA Corporation 401(k) Plus Savings Plan, As Amended and Restated Effective January 1, 2000, effective as of the dates set forth therein, a copy of which is attached to these resolutions, be and it hereby is adopted on behalf of MBNA Corporation (the "Corporation"), and members of the Pension and 401(k) Plan Committee (the "Committee") be and they hereby are duly authorized to execute such 401(k) Amendment substantially in the form attached to these resolutions; and

FURTHER RESOLVED:  That members of the Committee be and they hereby are authorized and directed to execute on behalf of the Corporation any other changes to the 401(k) Amendment as are requested by the Internal Revenue Service, or, based on advice of counsel, as are necessary for the 401(k) Plan to comply with the Employee Retirement Income Security Act of 1974 and to continue qualification under Section 401(a) of the Internal Revenue Code of 1986, as amended; and

FURTHER RESOLVED:  That members of the Committee be and they hereby are authorized and directed to execute such other forms, notices, instruments or other documents and to take such further action as may be necessary or desirable to fully implement said 401(k) Amendment and the 401(k) Plan, and to obtain from the Internal Revenue Service a determination letter to the effect that said 401(k) Plan continues to qualify under the Internal Revenue Code of 1986, as amended; and

FURTHER RESOLVED:  That a copy of these resolutions and a copy of said 401(k) Amendment shall be delivered to the Corporation and to the Trustee of the 401(k) Plan; and

FURTHER RESOLVED:  That a copy of these resolutions shall be filed with the minutes of the Committee.

CANNON 0000148

## SECRETARY'S CERTIFICATE

THIS IS TO CERTIFY that the resolutions attached hereto were duly adopted at a meeting of the MBNA Corporation Pension and 401(k) Plan Committee (the "Committee"), on the _____ day of _____, 2005, a quorum being present at all times during the meeting, and that said resolutions are in full force and effect as of the date hereof.

IN WITNESS WHEREOF, _____, Secretary of MBNA Corporation and Secretary of the Committee, have hereunto placed my signature and affixed the seal of the Corporation on this _____ day of _____, 2005.


**[SEAL]**                          _____
                                    Secretary


CANNON 0000149

BA3DOCS/295120.v2

## SEVENTH AMENDMENT TO THE

## MBNA CORPORATION 401(k) PLUS SAVINGS PLAN

Pursuant to the powers of amendment reserved under Section 18.3 of the MBNA Corporation 401(k) Plus Savings Plan (the "Plan"), as amended and restated effective as of January 1, 2000, and as further amended by the First, Second, Third, Fourth, Fifth and Sixth Amendments thereto, said Plan shall be and the same is hereby further amended as follows, effective as of May 10, 2002:

### FIRST CHANGE

Section 4.1 shall be deleted in its entirety and the following shall be substituted in lieu thereof as follows:

"**§4.1.  Amount of Participant Contributions.**  Except as otherwise provided in §11.1 (regarding periods of suspension), a Participant may, for any period during which he is actively employed as a Covered Employee, elect to have Before-Tax Contributions made to the Plan on his behalf, and/or to make After-Tax Contributions to the Plan, subject to the limitations of Articles V and VI, in accordance with the following:

(a)    **Before-Tax Contributions.**  A Participant may elect to have his salary reduced and to have his Employer make Before-Tax Contributions on his behalf in an amount equal to any whole percentage of his Compensation up to 25% for each Payroll Period.

(b)    **After-Tax Contributions.**  In addition to or in lieu of the Before-Tax Contributions elected in accordance with §4.1(a), a Participant may elect to make After-Tax Contributions to the Plan in an amount which is equal to any whole percentage of his Compensation up to 15% for each Payroll Period.

(c)    **Basic Contributions; Optional Contributions.**  A Participant's Before-Tax Contributions up to 6% of his Compensation for each Payroll Period shall be considered Basic Contributions.  If a Participant's Before-Tax Contributions are less than 6% of his Compensation for any Payroll Period, his After-Tax Contributions which, when added to his Before-Tax Contributions, do not exceed 6% of his Compensation for such Payroll Period shall also be considered Basic Contributions.  A Participant's Before-Tax and After-Tax Contributions

CANNON 0000150

which exceed 6% of his Compensation for each Payroll Period shall be considered Optional Contributions."

## SECOND CHANGE

Section 24.9 shall be deleted in its entirety and the following shall be substituted in lieu thereof as follows:

"**§24.9 Catch-Up Contributions.** All Employees who are eligible to make Elective Deferrals under the Plan and who have attained age 50 before the close of the Plan Year shall be eligible to make catch-up contributions in accordance with, and subject to the limitations of, Section 414(v) of the Code. Such catch-up contributions shall not be taken into account for purposes of the provisions of the Plan implementing the required limitations of Sections 402(g) and 415 of the Code. The Plan shall not be treated as failing to satisfy the provisions of the Plan implementing the requirements of Sections 401(k)(3), 410(b) or 416 of the Code, as applicable, by reason of the making of such catch-up contributions. Notwithstanding any provision of the Plan to the contrary, Employer Matching Contributions shall not be made with respect to these catch-up contributions."

The MBNA Corporation 401(k) Plus Savings Plan, as amended and restated effective as of January 1, 2000, as amended by First, Second, Third, Fourth, Fifth and Sixth Amendments thereto, and as further amended by the foregoing changes, is hereby ratified and confirmed in all respects.

**IN WITNESS WHEREOF**, the Committee has caused this Seventh Amendment to be executed effective as of the date specified above.

WITNESS:                                    **PENSION AND 401(k) COMMITTEE**


_____              By: _____

                                           Name:_____
                                                    Secretary

**CANNON 0000151**