1

LEXSEE

## IN RE AOL TIME WARNER, INC., SECURITIES AND "ERISA" LITIGATION

### MDL Docket No. 1500, 02 Civ. 8853 (SWK)

### UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

#### 2005 U.S. Dist. LEXIS 3715; 34 Employee Benefits Cas. (BNA) 2683

#### March 9, 2005, Decided
#### March 10, 2005, Filed

**PRIOR HISTORY:** In re AOL Time Warner Sec. & ERISA Litig., 2004 U.S. Dist. LEXIS 16017 (S.D.N.Y., Aug. 11, 2004)

**DISPOSITION:** [*1] Defendants' motions to dismiss complaint granted in part and denied in part.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Corporate, board and individual defendants filed Fed. R. Civ. P. 12(b)(6) motions to dismiss the consolidated claims of employee benefit plan beneficiary plaintiffs under the Employee Retirement Income Security Act (ERISA), 29 U.S.C.S. § 1001 et seq.

**OVERVIEW:** Plaintiffs sued alleging, inter alia, that defendants breached their fiduciary duty under ERISA to recover losses allegedly suffered by certain 401(k) retirement plans and by negligently making misrepresentations and failing to disclose material information necessary for the plaintiffs to make informed decisions. The district court found that because the corporate defendants made fiduciary representations and exercised ultimate control over the fiduciary functions of their plan, these actions conferred fiduciary status upon them under 29 U.S.C.S. § 1109. However, the court held that a corporate partnership subsidiary was not a § 1109 fiduciary based on the sole fact it was a plan sponsor. The court added that the plaintiffs stated a claim for imprudent investment of plan assets under 29 U.S.C.S. § 1104 because they alleged that the defendants were fiduciaries who, acting in their capacity as fiduciaries, breached their fiduciary duty by imprudently allowing a stock fund to remain an investment option and the court noted that unlike claims of fraud subject to Fed. R. Civ. P. 9(b), the ERISA fiduciary claims were subject only to the simplified pleading standard of Fed. R. Civ. P. 8.

**OUTCOME:** The defendants' motions to dismiss were granted with regard to the corporate subsidiary and two corporate officers and were otherwise denied.

**CORE TERMS:** fiduciary, motion to dismiss, breached, fiduciary duty, savings, co-fiduciary, duty, breach of fiduciary duty, fiduciary duties, stock, imprudent, appointed, selling, fiduciary capacity, matching, monitor, notice, summary judgment, sponsor, discretionary authority, plaintiffs assert, employee benefit, inappropriate, comprised, premised, prudence, invest, skill, doctrine of respondeat superior, breaches of fiduciary duty

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action*
[HN1] When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the factual allegations in the complaint are assumed to be true and must be construed in the light most favorable to plaintiffs. At the motion to dismiss stage, the issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. Thus, a court must deny a defendant's motion to dismiss unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.

*Civil Procedure > Pleading & Practice > Pleadings > Heightened Pleading Requirements*
*Civil Procedure > Pleading & Practice > Pleadings > Interpretation*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies*
[HN2] Unlike claims of fraud brought pursuant to Fed. R.

Civ. P. 9(b), which require a heightened standard of pleading, claims brought under the Employee Retirement Income Security Act, 29 U.S.C.S. § 1001 et seq., are subject only to the simplified pleading standard of Fed. R. Civ. P. 8. Accordingly, to survive this motion to dismiss, the complaint must include only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a).

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN3] To state a claim for breach of fiduciary duty under the Employee Retirement Income Security Act (ERISA), a plaintiff must allege that (1) the defendant was a fiduciary of an ERISA plan who, (2) acting within his capacity as a fiduciary, (3) engaged in conduct constituting a breach of his fiduciary duty. 29 U.S.C.S. § 1109.

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN4] The Employee Retirement Income Security Act (ERISA) imposes liability only upon named fiduciaries and de facto fiduciaries who exercise actual or discretionary control or authority over the management or disposition of plan assets. 29 U.S.C.S. § 1002(21)(A). Nothing in the statute, however, permits a non-fiduciary to be held liable for breaches of fiduciary duties by others. Further, there is no reason to recognize an implied ERISA cause of action under the doctrine of respondeat superior, in light of the United States Supreme Court's unwillingness to infer causes of action in the ERISA context, since the statute's carefully crafted and detailed enforcement scheme provides 'strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly.

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN5] A defendant's role as an executive of the employing company, standing alone, insufficient to confer fiduciary status under C.F.R. §§ 2509.75-8, D-2, D-4 and D-5 (1975).

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN6] Fiduciary liability attaches only to those actions that are performed in a fiduciary capacity, and a fiduciary's sale of securities held in a personal capacity is

not a fiduciary act.

COUNSEL: For Barbara Grant, on behalf of the AOL Time Warner Savings Plan and all other persons similarly situated, Plaintiff: Aaron Lee Brody, Edwin J. Mills, Tzivia Brody, Stull, Stull & Brody, New York, NY; Patrick Anthony Klingman, Shepherd, Finkelman, Miller & Shah, LLC, Chester, CT.

For Fidelity Management Trust Company, Defendant: Carl H. Loewenson, Jr., Morrison & Foerster, New York, NY; Charles F. Seemann, III, Howard M. Shapiro, Robert Rachal, Proskauer Ross, New Orleans, LA; Matthew M. D'Amore, Morrison & Foerster, L.L.P., New York, NY.

For Steven Winfield, Rita Robert, Consol Plaintiffs: Aaron Lee Brody, Edwin J. Mills, Tzivia Brody, Stull, Stull & Brody, New York, NY; Patrick Anthony Klingman, Shepherd, Finkelman, Miller & Shah, LLC, Chester, CT.

JUDGES: SHIRLEY WOHL HRAM, UNITED STATES DISTRICT JUDGE.

OPINIONBY: SHIRLEY WOHL HRAM

OPINION:

Corporate defendants AOL Time Warner, Inc. ("AOLTW" or "the Company") n1 and Time Warner Entertainment Company, L.P. ("TWE"); committee defendants AOL Time Warner Savings Plan Administrative Committee, AOL Time Warner Thrift Plan Administrative Committee, TWC Savings Plan Administrative Committee and [*2] AOLTW Investment Committee; Trustee Defendant Fidelity Management Trust Company ('Fidelity'); and individual defendants n2 move to dismiss the Consolidated ERISA Complaint ("Complaint" or "Compl."). For the reasons set forth below, the motions are granted in part and denied in part. n3

> n1    Although Defendant AOLTW has changed its name to Time Warner, Inc., for clarity, the Court will continue to refer to the merged entity as AOLTW.

> n2    The individual defendants are Daniel F. Akerson, James L. Barksdale, Christopher P. Bogart, Stephen F. Bollenbach, Richard J. Bressler, Glenn A. Britt, Ann L. Burr, Stephen M. Case, Frank J. Caufield, Pascal Desroches, Chrles W. Ellis, Shelly D. Fischel, Miles R. Gilburne, Peter R. Haje, Thomas J. Harris, Carla A. Hills, Landel C. Hobbs, Derek Q. Johnson, J. Michael Kelly, John A. LaBarca, Gerald M. Levin, Reuben

2005 U.S. Dist. LEXIS 3715, *; 34 Employee Benefits Cas. (BNA) 2683

Mark, Carolyn K. McCandless, Michael A. Miles, Raymond G. Murphy, Kenneth J. Novack, Wayne H. Pace, Richard D. Parsons, Robert W. Pittman, Franklin L. Raines, Joseph A. Ripp, Mackereth Ruckman, Thomas M. Rutledge, Andra D. Sanders, Robert E. Turner, Francis T. Vincent, Jr., Mark A. Wainger, Beth A. Wann, Paul D. Williams and Frederick C. Yeager.

[*3]

n3 Although Defendant Fidelity's motion to dismiss was filed separately, it is addressed by this opinion. See infra at 17-18.

Factual Background

Plaintiffs bring this action for breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA") to recover losses allegedly suffered by the AOL Time Warner Savings Plan ("Savings Plan"), the AOL Time Warner Thrift Plan ("Thrift Plan") and the TWC Savings Plan ("TWC Plan") (collectively, the "Plans") which contain the retirement savings of the employees of AOLTW and TWE. Plaintiffs allege that the Plans lost significant value as a result of the defendants' breaches of fiduciary duty.

The employee benefit plans at issue in this case are typical 401(k) retirement plans, the purpose of which is to provide income for employees when they retire. Plaintiffs' Memorandum In Opposition To The Motion To Dismiss Of All Defendants Other Than Fidelity Trust Management Company, dated November 4, 2003 ("Pl. Opp.") at 5. While employers are under no obligation to set up employee benefit plans, once plans are established, ERISA [*4] sets forth standards of conduct and obligations for fiduciaries of employee benefit plans.

As required by ERISA, the Plans are managed by plan fiduciaries who are alleged to be the defendants identified in the Complaint. Compl. PP10-56, 75-76, 78-87. These fiduciaries are responsible for administering the Plans and managing Plan assets and are required to discharge their "duties with respect to the Plan solely in the interest of the Participants and their Beneficiaries . . . with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims." Savings Plan § 14.14(a); Thrift Plan § 14.14(a); TWC Plan § 12.4.

Here, AOLTW is the Sponsor of the Savings Plan

and the Thrift Plan and TWE is the sponsor of the TWC Plan. See Wolf Decl. Exs. A, B and C. The Savings Plan, the Thrift Plan and the TWC Plan are designed as individual account plans within the meaning of ERISA § 3(34), 29 U.S.C. § 1002(34).

The Savings Plan

The Savings Plan is governed by the Plan document and the Trust [*5] Agreement with Defendant Fidelity. Memorandum of Law in Support of Defendants' Motion to Dismiss the Consolidated ERISA Complaint, dated September 12, 2003 ("Def. Memo") at 6. The Savings Plan permits participating employees to contribute a percentage of their income, on a tax-deferred basis, into numerous investment funds. See Wolf Decl. Ex. A; Savings Plan § 3.1. By the terms of the Plan, one of the investment options must be a fund designated AOL Time Warner, Inc. Stock Fund (the "Stock Fund") and invested in AOLTW stock. See Wolf Decl. Ex. A, Savings Plan § 6.2. The Plan further provides that the Company will make matching contributions to each Participant's account in an amount based on a percentage of the Participant's annual compensation. See id.; Savings Plan § 14.1. Under the Plan, the Company's matching contributions must be invested in the Stock Fund. See id.; Savings Plan § 6.4. The contributions become part of the Trust Fund, administered by the Trustee for the Plans, and are "held and disbursed by the Trustee in accordance with the provisions of the Plan and Trust Agreement." Savings Plan at § 6.1. At all times relevant to this case, Fidelity has [*6] served as the trustee for the Plans. Compl. P57.

The Trust Fund is "segregated into separate Investment Funds, each to be held for the exclusive benefit of Participants and former Participants." Savings Plan at § 6.2. With respect to the Investment Funds, the Savings Plan provides that "the investment power and authority shall be held by the Trustee to the extent provided in the Trust Agreement." Id. § 14.11. The Trust Agreement provides that the Investment Committee chooses the Investment Funds and directs the Trustee as to "the Investment Funds in which the Participants may invest . . ." Trust Agreement § 4(a)(b).

Under the Savings Plan, the Savings Plan Administrative Committee serves as the Plan Administrator within the meaning of ERISA and is comprised of committee members who are appointed by and serve at the pleasure of AOLTW's Board of Directors. Savings Plan §§ 14.1, 14.4. The Savings Plan Administrative Committee is granted "all powers necessary to administer the Plan except to the extent any such powers are vested in any other Fiduciary by the Plan or by the Administrative Committee." Id. § 14.4. The Savings Plan also provides for an Investment Committee,

comprised [*7] of members appointed by AOLTW's Board of Directors, which is responsible for selecting "Investment Managers and recommending to the Board such changes in the trustee as it shall deem necessary . . ." Id. § 14.11. The AOLTW Board of Directors, however, retains "authority to establish the overall investment policy" for the Savings Plan. Id.

#### The Thrift Plan

Defendants stipulate that the Thrift Plan is "identical to the Savings Plan in all relevant aspects." Def. Memo at 9.

#### The TWC Plan

The TWC Plan is governed by the Plan document and the Trust Agreement with Fidelity. Like the Savings and Thrift Plans, the TWC Plan permits participating employees to contribute a percentage of their income, on a tax-deferred basis, into several investment funds. See Wolf Decl. Ex. C; TWC Plan § 3.1. The Plan offers Participants the same range of investment options as available under the Savings and Thrift Plans, including the option of investing in the AOLTW Stock Fund. See Wolf Decl. Ex. F; TWC Plan SPD at 10; Wolf Decl. Ex. G; Investment Options Guide at 3. While the TWC Plan also provides for Company matching contributions, unlike the Savings and Thrift Plans, [*8] Participants in the TWC Plan may direct company matching contributions to the investment funds of their choice. See Wolf Decl. Ex. C, TWC Plan § 4.1, 4.4.

The TWC Plan is similar to the Savings Plan and Thrift Plan in that the TWC Plan is managed by the TWC Administrative Committee and the TWC Investment Committee. TWC Plan § 11.1, 15.2. These Committees are comprised of members who are appointed and serve at the pleasure of TWE. Id. Under the TWC Plan, "investment guidelines and investment alternatives shall be determined by the Investment Committee." Id. § 15.2. The Investment Committee has full authority "to determine the investment policy for the Plan, to select, monitor, retain, or eliminate any investment alternative available under the Plan, and to perform any acts necessary to exercise its authority." Id.

#### The Allegations

The Complaint sets forth four separate claims for breach of fiduciary duty.

#### Claim 1

Claim 1 alleges that all of the defendants breached their fiduciary duties by permitting the Plans to invest in the Stock Fund when the Stock Fund was an imprudent investment. Id. P3(a). Specifically, Claim 1 alleges that it was imprudent [*9] for the Plans to invest in the Stock Fund during a period in which AOLTW lost its traditional online advertising revenue base. Id.

#### Claim 2

Claim 2 alleges that all of the defendants breached their fiduciary duties by negligently making misrepresentations and failing to disclose material information necessary for Participants to make informed decisions concerning Plan assets and benefits. Id. P3(b).

#### Claim 3

Claim 3 alleges that certain Board members breached their fiduciary duties by failing to appoint fiduciaries with the knowledge and expertise necessary to manage Plan assets, by failing to monitor those fiduciaries properly, and by failing to provide sufficient information to Plan participants and for Plan fiduciaries to perform their duties. Id. P3(c).

#### Claim 4

Claim 4 alleges that certain officers and directors of AOLTW breached their duties of loyalty to the Plans and Participants by selling their own AOLTW stock while at the same time allowing the Plans to maintain their investments in the Fund. Id. P3(d).

#### I. Motion to Dismiss Standard

[HN1] When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6) [*10] , the factual allegations in the complaint are assumed to be true and must be construed in the light most favorable to plaintiffs. Easton v. Sundram, 947 F.2d 1011, 1014-15 (2d Cir. 1992). At the motion to dismiss stage, "the issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." Wright v. Ernst & Young LLP, 152 F.3d 169, 173 (2d Cir. 1998) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974)). Thus, a court must deny a defendant's motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." In re Emex Corp. Sec. Litig., 2002 U.S. Dist. LEXIS 17528, No. 01 Civ. 4886 (SWK), 2002 WL 31093612, at *4 (S.D.N.Y. Sept. 18, 2002) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)).

#### II. ERISA Pleading Requirements

[HN2] Unlike claims of fraud brought pursuant to Fed. R. Civ. P. 9(b), which require a heightened standard

Case 1:05-cv-00429-GMS    Document 32-2    Filed 01/09/2006    Page 6 of 21

2005 U.S. Dist. LEXIS 3715, *; 34 Employee Benefits Cas. (BNA) 2683

of pleading, claims brought under ERISA are subject only to the simplified pleading standard of Fed. R. Civ. P. 8 [*11] . See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 152 L. Ed. 2d 1, 122 S. Ct. 992 (2002). Accordingly, to survive this motion to dismiss, the Complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); see also Swierkiewicz, 534 U.S. at 512-13.

[HN3] To state a claim for breach of fiduciary duty under ERISA, a plaintiff must allege that (1) the defendant was a fiduciary of an ERISA plan who, (2) acting within his capacity as a fiduciary, (3) engaged in conduct constituting a breach of his fiduciary duty. See ERISA § 409, 29 U.S.C. § 1109.

Defendants' arguments in support of dismissal are addressed below.

### III. The Complaint Properly Pleads That AOLTW Was A Fiduciary

According to the defendants, the Complaint's allegations are insufficient to confer fiduciary status on AOLTW. Def. Memo at 14. Specifically, defendants claim that the Complaint does not allege facts that, if proven, would establish that AOLTW exercised discretionary authority or control over the Plans' management, disposition of assets or administration. Id. Plaintiffs [*12] disagree, arguing that the Complaint properly alleges the fiduciary status of AOLTW. See Pl. Opp. at 16-22. Plaintiffs are correct. So long as the Complaint's allegations regarding the defendants could arguably justify conferring fiduciary status, then the allegations are sufficient. Here, that is plainly the case with respect to AOLTW. n4 Therefore, the defendants' motion to dismiss on the ground that plaintiffs have not adequately alleged AOLTW's fiduciary status is denied. n5

n4 In the Complaint, in support of its claim that AOLTW was a fiduciary, plaintiffs assert, inter alia, that AOLTW communicated with Participants directly concerning the Stock Fund and its expected performance, made fiduciary representations to the Participants in its Form S-8 Registration Statement and exercised ultimate control over all of the fiduciary functions related to the Plan. See Compl. PP92-102.

n5 No claims against AOLTW for alleged breaches of fiduciary duty by the Administrative Committees, the Investment Committees and the Board of Directors based on the doctrine of respondeat superior will be permitted. [HN4] ERISA imposes liability *only* upon named

fiduciaries and de facto fiduciaries who exercise actual or discretionary control or authority over the management or disposition of plan assets. ERISA § 3(21)(A); 29 U.S.C. § 1002(21)(A) (emphasis added). Nothing in the statute, however, permits a non-fiduciary to be held liable for breaches of fiduciary duties by others. Further, there is no reason to recognize an implied ERISA cause of action under the doctrine of respondeat superior, in light of the Supreme Court's "unwillingness to infer causes of action in the ERISA context, since the statute's carefully crafted and detailed enforcement scheme provides 'strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly'". Mertens v. Hewitt Assocs., 508 U.S. 248, 254, 124 L. Ed. 2d 161, 113 S. Ct. 2063 (1993) (quoting Massachusetts Mut. Life Co. v. Russell, 473 U.S. 134, 146-47, 87 L. Ed. 2d 96, 105 S. Ct. 3085 (1985) (emphasis in original).

[*13]

### IV. The Complaint Does Not Properly Plead That TWE Is A Fiduciary

The Complaint contains only a single allegation with respect to TWE (a corporate partnership subsidiary of Time Warner), namely that TWE is the TWC Plan Sponsor. Compl. P11. As a matter of law, however, Plan sponsors are not ERISA fiduciaries, unless specifically designated in the Plan (which is not the case here). See Lockheed Corp. v. Spink, 517 U.S. 882, 890, 135 L. Ed 2d 153, 116 S. Ct. 1783 (1996).

To the extent that TWE was a fiduciary, it was through its role under the TWC Plan as the entity responsible for the appointment and removal of the Trustee and members of the Administrative and Investment Committees. See TWC Plan §§ 1.83, 11.1, 15.2. The Complaint, however, does not allege that TWE breached any fiduciary duty arising out of the appointment of the Trustee or other members of any Committee. n6 Def. Reply at 11. Accordingly, the whole of the Complaint is dismissed with respect to TWE for failure to plead TWE's fiduciary status.

n6 Confronted with this pleading deficiency, plaintiffs rather ham-handedly attempt to save the fiduciary allegations with respect to TWE by citing to Claim 3 of the Complaint (a claim not asserted against TWE).

[*14]

Case 1:05-cv-00429-GMS    Document 32-2    Filed 01/09/2006    Page 7 of 21

2005 U.S. Dist. LEXIS 3715, *; 34 Employee Benefits Cas. (BNA) 2683

### V. The Complaint Is Dismissed With Respect To Bogart And Bressler For Failure To Properly Plead Fiduciary Status

The allegations in the Complaint with respect to Bressler are limited to the following: "Defendant Richard J. Bressler ("Bressler") served as Executive Vice President and Chief Financial Officer of Time Warner before the Merger." Compl. P31. There are no other allegations in the Complaint against Bressler. Given that [HN5] a defendant's role as an executive of the employing company is, standing alone, insufficient to confer fiduciary status, see C.F.R. §§ 2509.75-8, D-2, D-4 and D-5 (1975), these allegations are inadequate.

The pleadings with respect to Defendant Bogart are equally deficient. While the Complaint asserts that Bogart signed an SEC Form-8 on January 29, 2003, plaintiff appears to retract this assertion by omitting it from its opposition papers and instead relying on the fact that both Bogart and Bressler allegedly signed a different Form S-8 statement, this one dated January 11, 2001. Because that allegation is not in the Complaint, it cannot serve as the basis for the fiduciary allegations with respect to Bogart and Bressler. Accordingly, the Complaint [*15] is dismissed with respect to Defendants Bogart and Bressler for failure to adequately plead fiduciary status.

### VI. All Claims Against The Board Defendants With Respect To TWC Plan Are Dismissed

Defendants contend that the Board Defendants n7 cannot be held liable for breach of fiduciary duty with respect to the TWC Plan because the TWC Plan does not name the Board as fiduciary and does not provide the Board with discretionary authority over the administration or investment policy of the Plan. Def. Memo at 16. In its opposition papers, plaintiffs ignore the argument, apparently conceding the point. Accordingly, all claims against the Board Defendants with respect to TWC Plan are dismissed.

> n7 The Board Defendants are Akerson, Barksdale, Bollenbach, Case, Caufield, Gilburne, Hills, Levin, Mark, Miles, Novack, Parsons, Pittman, Raines, Turner and Vincent. Compl. PP12-27.

### VII. Claim 1 States A Claim For Imprudent Investment Of Plan Assets n8

> n8 Claim 1 is, however, dismissed with respect to Defendants TWE, Bogart and Bressler for failure to adequately allege their fiduciary status.

[*16]

In Claim 1, plaintiffs assert that all 47 defendants breached a fiduciary duty under ERISA § 404, 29 U.S.C. § 1104, by failing to eliminate the Stock Fund as an investment option and by failing to sell all of the Plans' Stock Fund holdings. Specifically, the Complaint alleges that Defendants breached their fiduciary duty to act with "prudence" by (1) allowing the Plans to continue to offer the Company Stock Fund as an investment option under the Plans; and (2) allowing the Plans to purchase and hold shares in the Company Stock Fund when it was imprudent to do so. Compl. PP145-53. Defendants contend that Claim 1 should be dismissed because none of the defendants, acting as fiduciaries, had the discretion to eliminate the Stock Fund.

Plaintiffs allege that all of the Defendants were authorized by the Plans and/or in fact exercised authority with respect to the Plan's assets. Compl. PP78-102. Additionally, plaintiffs contend that the plain language of the Plans gives fiduciaries unlimited discretion with respect to the Investment Funds, including the Company Stock Fund. Pl. Opp. at 31. In response, the defendants make 5 arguments: (1) the Board Defendants had [*17] no discretion to eliminate the Stock Fund as an investment option under the Savings and Thrift Plans; (2) the Investment Committee Defendants had no discretion over the Stock Fund for the Savings and Thrift Plans; (3) the Administrative Committee Defendants did not act in a fiduciary capacity with respect to investment decisions and had no discretion over investment policy for any of the plans; (4) selling AOLTW stock based on alleged material insider information would have violated the securities laws; and (5) no claim for co-fiduciary breach is cognizable. In addition, Fidelity argues that Claim 1 should be dismissed for failure to state a claim. Memorandum of Law In Support Of Defendant Fidelity Management Trust Company's Motion To Dismiss The Consolidated ERISA Complaint ("Fidelity Memo").

#### A. Claim 1 States A Claim With Respect To The Board Defendants

According to the defendants, with respect to the Savings and Thrift Plans, the existence of the Stock Fund as an investment option is part of the design of the Plans and thus the only way to eliminate the Stock Fund is to amend the Plans--and failure to amend is not a fiduciary act that can give rise to ERISA liability. Def. [*18] Memo at 19-20. Plaintiffs disagree and contend, inter alia, that the terms of the Plans did not require that the Company Stock Fund be offered. Pl. Opp. at 31. Without more factual development, it is impossible to ascertain the parameters of each of the Board Defendants' discretion. Because plaintiffs have alleged that the

defendants were fiduciaries who, acting in their capacity as fiduciaries, breached that duty by imprudently allowing the Stock Fund to remain an investment option and failing to halt purchases or sell existing shares in the Stock Fund, under <u>Swierkiewicz</u>, they have stated a claim.

### B. Claim 1 States A Claim With Respect To The Investment Committee Defendants

Defendants contend that the Investment Committee Defendants cannot be held liable for breach of fiduciary duty under Claim 1 with respect to the Savings and Thrift Plans because, under the Plans, the Investment Committee expressly was given no investment policy discretion over the Stock Fund. Def. Memo at 21 (citing Savings Plan § 14.11; Thrift Plan § 14.11). Plaintiffs disagree and claim that § 14.11 does not limit the Investment Committee's ability to "take action with respect to the Company [*19] Stock Fund." Pl. Opp. at 34. Again, without further factual development, the Court cannot resolve this issue. Because plaintiffs have alleged facts sufficient to put the Investment Committee Defendants on notice of the claim against them, dismissal is inappropriate. See Swierkiewicz.

### C. Claim 1 States A Claim With Respect To The Administrative Committee Defendants

As they do with respect to both the Board Defendants and the Investment Committee Defendants, defendants argue that Claim 1 should be dismissed with respect to the Administrative Committee Defendants because, inter alia, the Administrative Committee did not have any discretionary authority regarding the investment of Plan assets. Def. Memo at 22. For the same reason that dismissal is inappropriate with respect to the Board and Investment Committee Defendants, i.e., there is insufficient factual development to ascertain the parameters of their discretion, dismissal is also inappropriate with respect to the Administrative Committee Defendants. Under <u>Swierkiewicz</u>, plaintiffs have pled adequate information to put the Administrative Committee Defendants on notice of the claim against them.

### D. The Securities [*20]  Laws Do Not Provide A Basis For Dismissal Of Claim 1 At This Time

Defendants assert that plaintiffs' claim that defendants should have divested the Stock Fund of all Plan assets is not consistent with federal securities laws. More specifically, defendants claim that even assuming that the Stock Fund was an imprudent investment, the securities laws prevented the defendants from selling AOLTW stock based upon alleged material non-public information. Def. Memo at 25. Plaintiffs disagree,

claiming, inter alia, that defendants could have met their fiduciary obligations under ERISA without violating insider trading laws. Pl. Opp. at 36-40. Without further factual development, the Court is simply unable to determine the precise nexus between the securities laws and ERISA in the factual context of this case. As a result, dismissal is not appropriate on this ground.

### E. The Complaint Fails To State A Claim For Co-Fiduciary Liability

According to the defendants, the Complaint suggests, "albeit ambiguously," that there may be co-fiduciary liability with respect to Claim 1. Def. Memo at 25 (citing Compl. P150). The Complaint, however, does not allege any facts that would give [*21] rise to a claim for co-fiduciary liability. Additionally, by not responding to defendants' arguments with respect to co-fiduciary liability, plaintiffs appear to concede the point; thus, to the extent it is premised on co-fiduciary liability, Claim 1 is dismissed.

### F. Claim 1 Adequately Alleges That Defendant Fidelity Violated ERISA

Of the four claims in the Complaint, only Claim 1 is asserted against Defendant Fidelity. Fidelity contends that Claim 1 does not state a claim. The Court disagrees. In Claim 1, plaintiffs allege that Fidelity was a fiduciary with respect to the Plans. n9 Compl. P88. They further allege that Fidelity, acting in its capacity as a fiduciary, was obligated to "discharge its duties with respect to the Trust solely in the interests of the participants . . . and with the care, skill, prudence and diligence . . . [of] a prudent man acting in a like capacity . . ." Id. P89. Finally, plaintiffs allege that Fidelity breached its fiduciary duty by permitting the plans to purchase shares of the AOLTW Stock Fund when the Fund was not a prudent investment. Plaintiffs' Memorandum In Opposition To Defendant Fidelity Trust Management Company's Motion To Dismiss [*22] The Consolidated ERISA Complaint, dated November 4, 2003, at 9; Compl. P151. Under <u>Fed. R. Civ. P. 8(a)</u> and <u>Swierkiewicz</u>, plaintiffs have satisfied their pleading obligations and Claim 1, except to the extent it is premised on co-fiduciary liability, n10 will not be dismissed with respect to Defendant Fidelity. n11

> n9 Fidelity concedes this point. Fidelity Memo at 12.

> n10 Any claim(s) asserted against Fidelity based on co-fiduciary liability is dismissed.

> n11 With the exception of the arguments relating to sufficiency of the fiduciary status

Case 1:05-cv-00429-GMS    Document 32-2    Filed 01/09/2006    Page 9 of 21

2005 U.S. Dist. LEXIS 3715, *; 34 Employee Benefits Cas. (BNA) 2683

allegations and the arguments in support of dismissal of Claim 4 of the Complaint, the defendants appear to have treated this motion to dismiss as a motion for summary judgment. As a reminder, a motion for summary judgment, not a motion to dismiss, is the appropriate way to "define disputed facts and dispose of unmeritorious claims," Swierkiewicz, 534 U.S. at 512.

**VIII. Claim 2 States A Claim For Breach [*23] Of Fiduciary Duty n12**

> n12 Claim 2 is dismissed with respect to TWE, Bogart and Bressler.

In Claim 2, plaintiffs assert that all 47 defendants breached a fiduciary duty under ERISA § 404, 29 U.S.C. § 1104 by negligently misrepresenting and failing to disclose material information to Plan participants. Compl. PP154-172. In response, Defendants contend that the Complaint's allegations are too generalized to put any Defendant on notice of how he or she might have been acting in a fiduciary capacity or in what way he or she purportedly breached any fiduciary duty. Def. Memo at 26. Nothing in Swierkiewicz, however, demands the specificity that the defendants request. So long as the complaint alleges that the defendants were fiduciaries, acting in their capacity as fiduciaries, who breached a fiduciary duty, then the Complaint, at least at the motion to dismiss stage, is adequate. n13

> n13 Defendants also argue that Claim 2 should be dismissed because any alleged misstatements in SEC filings were not made in a fiduciary capacity. Def. Memo at 30-31. Even if that is true (this is not an issue that should be decided at the motion to dismiss stage), the fact that no defendant's status as a fiduciary is predicated solely upon his execution of an SEC filing compels denial of the motion to dismiss Claim 2.

[*24]

**IX. Claim 3 Adequately Alleges The Breach Of A Fiduciary Duty**

In Claim 3, plaintiffs allege that the Board Defendants breached their fiduciary duties in the following ways: (a) they appointed only AOLTW employees who, by definition, lacked the independence necessary to make appropriate decisions; (b) they

appointed Committee members who lacked the knowledge, skill and expertise to perform their responsibilities and failed to monitor their performance which permitted the Plans to make the imprudent investments as alleged above; and (c) to the extent that the Committees did not know the information alleged above concerning the imprudence of the Plan as an investment, which the Directors should have known, the Directors failed to inform the Committee of the information the Committee needed to know to perform its duties. Compl. P173(a)-173(c).

While the Claim 3 allegations may ultimately prove unable to survive summary judgment, at this stage, with respect to the Savings Plan and Thrift Plans only, Claim 3 satisfies the notice pleading standard of Swierkiewicz and will not be dismissed. n14

> n14 As stated previously, however, with respect to the TWC Plan, the Board Defendants cannot be liable under ERISA for claims arising out of the failure to appoint or monitor members of the TWC Plan Committees because the Board Defendants are not fiduciaries under the TWC Plan. See Wolf Decl. Ex. C, TWC Plan P11.1, P15.2. Accordingly, the portion of Claim 3 that is premised on the TWC Plan is dismissed.

[*25]

**X. Claim 4 Is Dismissed Because Sales Of AOLTW Stock Were Not Made In A Fiduciary Capacity**

In Claim 4, plaintiffs allege that the Selling Defendants n15 breached a fiduciary duty of loyalty "when they sold millions of shares of AOL stock at the same time that they were publicly touting their positive expectations from the Merger. . ." Compl. P176. This allegation does not state a claim under ERISA. [HN6] Fiduciary liability attaches only to those actions that are performed in a fiduciary capacity, see, e.g., Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enters., Inc., 793 F.2d 1456, 1459-60 (5th Cir. 1986), and a fiduciary's sale of securities held in a personal capacity is not a fiduciary act. See id. Claim 4 is thus dismissed in its entirety.

> N15 The Selling Defendants are Akerson, Barksdale, Case, Caufield, Gilburne, Kelly, Novack, Parsons, Pittman and Turner. Compl. P177.

**XI. Conclusion**

2005 U.S. Dist. LEXIS 3715, *; 34 Employee Benefits Cas. (BNA) 2683

With the exceptions of the fiduciary allegations regarding Defendants [*26] TWE, Bogart and Bressler, the allegations with respect to the Board Defendants vis-a-vis the TWC Plan, and the allegations contained in Claim 4, the Complaint contains a short and plain statement of the claims showing that the pleader is entitled to relief and providing defendants with adequate notice of the claims against them. Pursuant to Fed. R. Civ. P. 8 and Swierkiewicz, that is sufficient to withstand a motion to dismiss. Accordingly, while the motions to dismiss are granted with respect to the above exceptions, they are denied in all other respects.

SO ORDERED.

SHIRLEY WOHL HRAM

UNITED STATES DISTRICT JUDGE

Dated: New York, New York

March 9, 2005

**2**

LEXSEE

**In re CALPINE CORPORATION ERISA LITIGATION. This Document Relates To: ALL ACTIONS**

**Master File No. C-03-1685 SBA**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

**2005 U.S. Dist. LEXIS 9719; 35 Employee Benefits Cas. (BNA) 1181**

**March 30, 2005, Decided**
**March 31, 2005, Filed**

**SUBSEQUENT HISTORY:** Complaint dismissed at, Request granted In re Calpine Corp. Erisa Litig., 2005 U.S. Dist. LEXIS 34452 (N.D. Cal., Dec. 5, 2005)

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff employee sued defendants, his employer, members of an advisory committee and the employer's board of directors, and a co-employee, under 29 U.S.C.S. §§ 1132 and 1105(a) of the Employee Retirement Income Security Act (ERISA) for breach of fiduciary duty. Defendants moved to dismiss.

**OVERVIEW:** The employee sought to recover losses allegedly incurred as a result of investment of ERISA plan accounts in the employer's stock. The court found that the employer, the advisory committee members, and the co-employee--who signed a return/report of employee benefit form as "plan administrator"--were sufficiently alleged to be fiduciaries. However, the directors were de facto ERISA fiduciaries only to the extent that they appointed the advisory committee members, and the claims against them did not relate to the appointment or monitoring of advisory committee members. The employee did not allege facts that could rebut the presumption that defendants acted prudently in investing in the employer's stock; the employer had been profitable and was not in the sort of deteriorating financial circumstances that had to be pled to rebut the presumption. The employee did not sufficiently allege that defendants breached their disclosure duties via misrepresentations in "public filings," and there was no duty under ERISA to disclose investment information. Absent a viable fiduciary duty claim, no claim could be stated for co-fiduciary liability under § 1105(a).

**OUTCOME:** Defendants' motions to dismiss were

granted. The employee was granted leave to amend only as to his claim of breach of fiduciary duties with respect to disclosures.

**CORE TERMS:** fiduciary, prudence, duty, stock, stock fund, proposed order, de facto, rebut, matter of law, misrepresentations, breached, diversify, accurate information, monitor, motions to dismiss, defendants breached, conclusory, intermediate, co-fiduciary, designated, manage, proven, exempt, pled, disclosure, duty of disclosure, motion to dismiss, affirmative duty, fiduciary duty, prudently

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Pleadings > Interpretation*
[HN1] Fed. R. Civ. P. 8(a) provides that any pleading which sets forth a claim for relief, such as a complaint, shall contain, inter alia, a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). The complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Conclusory allegations, which are unsupported by any facts, do not satisfy the minimum pleading requirements of Rule 8.

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action*
[HN2] Under Fed. R. Civ. P. 12(b)(6), a motion to dismiss should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. For purposes of such a motion, the complaint is construed in a light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true. The court

Case 1:05-cv-00429-GMS    Document 32-2    Filed 01/09/2006    Page 13 of 21

2005 U.S. Dist. LEXIS 9719, *; 35 Employee Benefits Cas. (BNA) 1181

need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Nor is the court required to accept a complaint's conclusory allegations as true where they do not follow from the facts alleged or are contradicted by documents attached to the complaint.

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action*
[HN3] Dismissal of a complaint is proper where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action*
*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings*
[HN4] When a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency. Leave to amend is properly denied where amendment would be futile.

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action*
*Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies*
*Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN5] The Employee Retirement Income Security Act (ERISA) expressly limits liability for fiduciary breach to ERISA fiduciaries. To qualify as an ERISA fiduciary, an individual or entity must either (1) be named or designated as a fiduciary under the terms of an ERISA plan (29 U.S.C.S. § 1102(a)); or (2) act as a "functional" or "de facto" fiduciary with respect to an ERISA plan by exercising discretionary control over the management or administration of the plan or its assets (29 U.S.C.S. § 1002(21)(A)). ERISA fiduciaries may be held liable as such only "to the extent" they exercise discretionary control over the management or administration of a plan or its assets. 29 U.S.C.S. § 1002(21)(A). A defendant's

fiduciary status under ERISA may be decided on a motion to dismiss.

*Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN6] That an individual allegedly signed an Employee Retirement Income Security Act (ERISA) plan's Return/Report of Employee Benefit Form 5500 as the "plan administrator" is sufficient, at the dismissal stage in the litigation, to establish the individual's status as a de facto fiduciary under ERISA. 29 C.F.R. § 2509.75-8(D-3).

*Business & Corporate Entities > Corporations > Directors & Officers > Management Duties & Liabilities*
*Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN7] An Employee Retirement Income Security Act plan cannot explicitly exempt a board of directors from being fiduciaries if they otherwise meet the functional test of 29 U.S.C.S. § 1002(21)(A). Indeed, directors are only fiduciaries to the extent that they perform the functions of a fiduciary. Only persons who perform one or more of the functions described in § 3(21)(A) of the Act with respect to an employee benefit plan are fiduciaries. 29 C.F.R. § 2509.75-8(D-4).

*Business & Corporate Entities > Corporations > Directors & Officers > Management Duties & Liabilities*
*Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN8] See 29 C.F.R. § 2509.75-8(D-4).

*Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*

Case 1:05-cv-00429-GMS     Document 32-2     Filed 01/09/2006     Page 14 of 21

2005 U.S. Dist. LEXIS 9719, *; 35 Employee Benefits Cas. (BNA) 1181

[HN9] A power of appointment gives rise to a limited duty to monitor appointees, as discussed in 29 C.F.R. § 2509.75-8(FR-17).

*Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN10] Plan design is a settlor function that does not give rise to fiduciary status under the Employee Retirement Income Security Act.

*Evidence > Procedural Considerations > Inferences & Presumptions*
*Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN11] As the United States Court of Appeals for the Ninth Circuit has noted, other circuits have imposed an intermediate prudence standard, under which an eligible individual account plan fiduciary who invests in employer stock is presumed to have acted consistently with the Employee Retirement Income Security Act. To rebut the presumption established by the intermediate prudence standard, a complaint must plead facts that, if proven, would demonstrate that the fiduciaries knew that the company's financial condition was seriously deteriorating and that there is a genuine risk of insider self-dealing.

*Evidence > Procedural Considerations > Inferences & Presumptions*
*Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN12] Mere stock fluctuations, even those that trend downward significantly, are insufficient to establish the requisite imprudence to rebut the Moench presumption. Accordingly, an Employee Retirement Income Security Act fiduciary's failure to investigate an investment decision alone is not sufficient to show that the decision was not reasonable. A plaintiff must show a causal link between the failure to investigate and harm suffered by the plan. The United States Court of Appeals for the Ninth Circuit has not held that allegations of mismanagement are sufficient to rebut the presumption of

prudence.

*Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN13] The duty of an Employee Retirement Income Security Act fiduciary to review the performance of its appointees is a limited one. Specifically, a fiduciary must review the performance of its appointees at reasonable intervals in such a manner as may be reasonably expected to ensure compliance with the terms of the plan and statutory standards. 29 C.F.R. § 2509.75-8(FR-17).

*Business & Corporate Entities > Agency > Causes of Action & Remedies > Breach of Fiduciary Responsibility*
[HN14] When assessing a breach of fiduciary duty claim, the threshold question is whether the defendant was acting as a fiduciary, i.e., performing a fiduciary function, when he performed the action that constitutes the basis of the complaint.

*Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN15] Those who prepare and sign Securities and Exchange Commission filings do not become Employee Retirement Income Security Act (ERISA) fiduciaries through those acts, and consequently, do not violate ERISA if the filings contain misrepresentations.

*Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
*Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Reporting, Disclosure & Notice*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Reporting, Disclosure & Notice*
[HN16] There is no general fiduciary duty of disclosure under the Employee Retirement Income Security Act (ERISA). To the extent an affirmative duty of disclosure exists under ERISA, it is limited to the disclosure of

2005 U.S. Dist. LEXIS 9719, *; 35 Employee Benefits Cas. (BNA) 1181

information about the plan, plan benefits or plan expenses. An affirmative duty of disclosure arises under ERISA only when a fiduciary responds to inquiries from plan participants or promises to keep participants updated on future developments affecting the plan. There is no affirmative duty under ERISA to disclose investment information to participants under Ninth Circuit authority.

*Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies*
*Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN17] A plaintiff cannot state a claim for co-fiduciary liability without first stating a claim for breach of fiduciary duty under the Employee Retirement Income Security Act. 29 U.S.C.S. § 1105(a).

*Civil Procedure > Appeals > Standards of Review > Clearly Erroneous Review*
*Civil Procedure > Trials > Bench Trials*
[HN18] The United States Supreme Court has criticized courts for their verbatim adoption of findings of fact prepared by prevailing parties, particularly when those findings have taken the form of conclusory statements unsupported by citation to the record. The Court is also aware of the potential for overreaching and exaggeration on the part of attorneys preparing findings of fact when they have already been informed that the judge has decided in their favor. Nonetheless, the Court's discussions of the subject suggest that even when the trial judge adopts proposed findings verbatim, the findings are those of the court and may be reversed only if clearly erroneous.

COUNSEL: [*1] For James Phelps, Individually, and On Behalf of All Others Similarly Situated, Plaintiff: Edward W. Ciolko, F. Andre Delfi, Joseph H. Meltzer, Edward Chang, Gerald D. Wells, III, Richard S. Schiffrin, Schiffrin & Barroway, LLP, Radnor, PA; Robert S. Green, Robert A. Jigarjian, Green Welling LLP, San Francisco, CA.

For Lenetta Poor-Herena, Plaintiff: Edward W. Ciolko, Schiffrin & Barroway, LLP, Radnor, PA.

For Calpine Corporation, Defendant: Robert L. McKague, Morrison & Foerster LLP, Palo Alto, CA.

For Peter Cartwright, Ann B. Curtis, Susan C. Schwab, George J. Stathakis, Jeffrey E. Garten, John O. Wilson, Defendants: Jay L. Pomerantz, Jill R. Zimmerman, Paul H. Dawes, Latham & Watkins, Menlo Park, CA.

JUDGES: Honorable Saundra B. Armstrong, United States District Judge.

OPINIONBY: Saundra B. Armstrong

OPINION:

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S CONSOLIDATED COMPLAINT FOR VIOLATIONS OF ERISA

CLASS ACTION

Defendant Calpine Corporation ("Calpine") and defendants Rick Barraza, Bryan Bertacchi, Lisa Bodensteiner, Peter Cartwright, Ann B. Curtis, Kenneth T. Derr, Jeffrey Garten, Tom Glymph, Gerald Greenwald, Marybeth Kramer-Johnson, Robert McCaffrey, [*2] Kati Miller, Patrick Price, Susan C. Schwab, George J. Stathakis, Trevor Thor, and John O. Wilson (collectively, "Individual Defendants") n1 moved the Court, pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the plaintiff's Consolidated Complaint For Violations Of The Employee Retirement Income Security Act (the "Complaint") on the grounds that the claims, as pled, failed as a matter of law. In addition, Calpine and the Individual Defendants sought dismissal of all claims alleged in the Complaint on the ground that the Complaint failed to allege non-conclusory facts that, if proven, would support plaintiff's allegations of fiduciary breach by the defendants.

> n1 The Complaint names V. Orville Wright, Michael P. Polsky, Pamela J. Norley and Scott Farris as defendants, but plaintiff has voluntarily dismissed these individuals from the action.

The matter came on for hearing on February 11, 2005. After consideration of the supporting and opposing [*3] memoranda filed by the parties in connection with the respective motions to dismiss filed by Calpine and the Individual Defendants, the papers and records on file in this action, other matters of which the Court may properly take judicial notice, and the arguments of counsel at the hearing, the Court GRANTS the defendants' motions to dismiss the Complaint.

BACKGROUND

2005 U.S. Dist. LEXIS 9719, *; 35 Employee Benefits Cas. (BNA) 1181

Calpine is the sponsor, administrator, and "named fiduciary" of the Calpine Corporation Retirement Savings Plan ("the Plan"). (Compl. P 37.) Calpine has delegated its management responsibilities to an Advisory Committee, whose members are appointed by Calpine's Board of Directors. (*Id.* PP 11, 12, 38.) Plaintiff was a Calpine employee who allegedly participated in the Plan. (*Id.* P 3.)

Through this action, plaintiff seeks to recover losses allegedly incurred by Plan participants who had directed that their accounts be invested, in whole or in part, in the Calpine stock fund offered by the Plan. (*Id.* PP 127, 129, 140, 151, 171.) The Complaint names four categories of defendants: (1) Calpine; (2) members of the Advisory Committee appointed to manage the plan;(3) members of the Board of Directors ("Director [*4] Defendants"); and (4) Marybeth Kramer-Johnson ("Employee Defendant"). n3 Plaintiff brings its action pursuant to § 502 of the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. § 1132, on behalf of the Plan and its participants and beneficiaries. Plaintiff alleges that between January 5, 2001 and the present, Defendants were fiduciaries of the Plan who breached their ERISA-mandated duties to Plan participants, including: (I) Failure to Loyally and Prudently manage Plan Assets (against all Defendants); (II) Failure to Monitor (against Calpine and Director Defendants); (III) Failure to Provide Complete and Accurate Information (as to all Defendants); and (IV) Failure to Avoid Conflicts of Interest (as to Calpine and Director Defendants). Plaintiff also asserts co-fiduciary liability under 29 U.S.C. § 1105(a).

> n3 The Advisory Committee members are Rick Barraza, Bryan Bertacchi, Lisa Bodensteiner, Tom Glymph, Robert McCaffrey, Kati Miller, Patrick Price, and Trevor Thor. The Director Defendants are Peter Cartwright, Ann B. Curtis, Kenneth T. Derr, Jeffrey E. Garten, Gerald Greenwald, Susan C. Schwab, George J. Stathakis, and John O. Wilson. In addition, plaintiff has named as a defendant Marybeth Kramer-Johnson, a Calpine employee who signed Plan documents.

[*5]

## DISCUSSION

## I. LEGAL STANDARD

[HN1] Federal Rule of Civil Procedure 8(a) provides that any pleading "which sets forth a claim for relief," such as a complaint, "shall contain," *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The

Complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512, 152 L. Ed. 2d 1, 122 S. Ct. 992 (2002) (citations omitted). Conclusory allegations, which are unsupported by any facts, do not satisfy the minimum pleading requirements of Rule 8. *See Haber v. Brown*, 774 F. Supp. 877, 879 (S.D.N.Y. 1991); *see also Educadores Puertorriquenos En Accion v. Rey* Hernandez, 367 F.3d 61, 68 (1st Cir. 2004); *Faruqui v. California*, No. C 93-20297, 1994 U.S. Dist. LEXIS 8676, *5 (N.D. Cal. May 23, 1994), aff'd, 72 F.3d 135 (9th Cir. 1995).

[HN2] Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should [*6] not be granted unless it appears beyond a doubt that the plaintiff "can prove no set of facts in support of hrs claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). For purposes of such a motion, the complaint is construed in a light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 23 L. Ed. 2d 404, 89 S. Ct. 1843 (1969); *Everest & Jennings, Inc. v. Am. Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994). The Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Nor is the Court required to accept a complaint's conclusory allegations as true where they do not follow from the facts alleged or are contradicted by documents attached to the Complaint. *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 756 (9th Cir. 1994).

[HN3] Dismissal of a complaint is proper "where there is no cognizable legal theory or an absence of [*7] sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). [HN4] When a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986). Leave to amend is properly denied "where amendment would be futile." *DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 657 (9th Cir. 1992).

## II. DEFENDANTS' MOTIONS TO DISMISS

### A. Defendants' Alleged Status as ERISA Fiduciaries

[HN5] ERISA expressly limits liability for fiduciary breach to ERISA fiduciaries. *Wright v. Or. Metallurgical*

Case 1:05-cv-00429-GMS    Document 32-2    Filed 01/09/2006    Page 17 of 21

2005 U.S. Dist. LEXIS 9719, *; 35 Employee Benefits Cas. (BNA) 1181

*Corp.*, 360 F.3d 1090, 1102 (9th Cir. 2004); *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324-25 (9th Cir. 1985). To qualify as an ERISA fiduciary, an individual or entity must either (1) be named or designated as a fiduciary under the terms of an ERISA plan (*see* 29 U.S.C. § 1102(a)); or (2) act as a [*8] "functional" or "*de facto*" fiduciary with respect to an ERISA plan by exercising discretionary control over the management or administration of the plan or its assets (*see* 29 U.S.C. § 1002(21)(A)). ERISA fiduciaries may be held liable as such only "to the extent" they exercise discretionary control over the management or administration of a plan or its assets. *See* 29 U.S.C. § 1002(21)(A); *Pegram v. Herdrich*, 530 U.S. 211, 225-26, 147 L. Ed. 2d 164, 120 S. Ct. 2143 (2000). A defendant's fiduciary status under ERISA may be decided on a motion to dismiss. *See Wright*, 360 F.3d at 1101-02.

### 1. Calpine Corporation

Calpine is expressly designated in the Plan documents as the administrator of the Plan (Compl. PP 10, 37), and is responsible for the management and operation of the Plan, including providing participants with information about the Plan. (*Id.*, Ex. F at CER000048.) The parties do not dispute that Calpine is a designated fiduciary of the Plan. (Tr. at 6:14-17.) n5

> n5 The abbreviation "Tr." refers to the Reporter's Transcript of Proceedings.

[*9]

### 2. Advisory Committee Defendants

The Plan provides that, as the Plan Administrator, Calpine "may, by written instrument, allocate and delegate its fiduciary responsibilities . . . . including allocation of such responsibilities to an administrative committee formed to administer the Plan." (Compl., Ex. B at CER000374.) The Complaint alleges that Calpine did, in fact, delegate its administrative responsibilities to the Advisory Committee (*see* Compl. PP 12, 38, 59), and the parties do not dispute for purposes of this motion that the Advisory Committee qualifies as a fiduciary of the Plan under ERISA. (Tr. at 6:18-6:21.)

### 3. Marybeth Kramer-Johnson

Plaintiff concedes that Ms. Kramer-Johnson is not expressly designated as a Plan fiduciary in the Plan documents. (Tr. at 6:22-25.) [HN6] Ms. Kramer-Johnson, however, allegedly signed the Plan's 2002 Return/Report of Employee Benefit Form 5500 (the "2002 Form 5500") as the "Plan Administrator." (*See* Compl. P 33.) The Court finds that this is sufficient, at

this stage in the litigation, to establish Ms. Kramer-Johnson's status as a *de facto* fiduciary under ERISA. *See* 29 C.F.R. § 2509.75-8, D-3. [*10]

### 4. Director Defendants

With respect to the Director Defendants, the plaintiff makes four arguments in support of his position that these individuals are ERISA fiduciaries.

First, plaintiff relies on *Kayes v. Pacific Lumber Co.*, 51 F.3d 1449 (9th Cir. 1995), for the proposition that, if Calpine is a fiduciary, so are the Director Defendants. Plaintiff, however, miscites *Kayes*. In *Kayes*, the Ninth Circuit held that [HN7] a Plan could not explicitly exempt the board of directors from being fiduciaries if they otherwise met the functional test of 29 U.S.C. § 1002(21)(A). *Id.* at 1459. Indeed, directors are only fiduciaries to the extent that they perform the functions of a fiduciary. *IT Corp. v. General Am. Life Ins. Co.*, 107 F.3d 1415 (9th Cir. 1997) ("Only persons who perform one or more of the functions described in section 3(21)(A) of the Act with respect to an employee benefit plan are fiduciaries"); 29 C.F.R. § 2509.75-8, D-4 [HN8] ("Members of the board of directors of an employer which maintains an employee benefit plan will be fiduciaries only to the extent that they [*11] have responsibility for the functions described in section 3(21)(A) of the Act"). Accordingly, the Court finds that the Director Defendants are not fiduciaries on this basis. *See* 29 C.F.R. § 2509.75-8, D-4.

Second, plaintiff asserts that the Director Defendants are *de facto* fiduciaries because the directors have the power to appoint the members of the Advisory Committee. According to the Form 11K filed by Calpine on behalf of the Plan, the Director Defendants did, in fact, appoint the members of the Advisory Committee. (*See* Compl. P 59.) The Court therefore finds that the Director Defendants are *de facto* ERISA fiduciaries, and may be held liable under ERISA to the extent that these defendants exercised discretionary authority in selecting the members of the Advisory Committee. *See Gelardi*, 761 F.2d at 1324. The Court further finds that the Director Defendants' [HN9] power of appointment gives rise to a limited duty to monitor their appointees, as discussed in 29 C.F.R. § 2509.75-8, FR-17. Third, plaintiff contends that Director Defendants are *de facto* fiduciaries because they exercise authority [*12] or control respecting management or disposition of Plan assets. While plaintiff has mimicked the language of 29 U.S.C. § 1002(21)(A), he does not provide factual allegations in support of this conclusion sufficient to support a finding that the Director Defendants are *de facto* fiduciaries on this basis. *See, e.g., Haber*, 774 F. Supp. at 879 (ordering dismissal of fiduciary allegations "incorporating terms directly from statute").

Finally, plaintiff argues that the Director Defendants are *de facto* fiduciaries because they allegedly exercised authority to determine the structure of the Plan and the investment options available under the Plan. The Court finds that plaintiff has not shown that Director Defendants are *de facto* fiduciaries on this basis. Plaintiff cites paragraphs 55 and 56 of the Complaint as support for his argument, but those paragraphs refer to Calpine, not the Director Defendants. Plaintiff also relies on *In re Worldcom, Inc. ERISA Litig.*, 263 F. Supp. 2d 745 (S.D.N.Y. 2003). *Worldcom* does not support plaintiff's argument, and instead recognizes that [HN10] plan design is a settlor function that does [*13] not give rise to fiduciary status under ERISA. *Id.* at 758.

In summary, because the Director Defendants are *de facto* fiduciaries only to the extent that they appointed members of the Advisory Committee, their monitoring obligations are correspondingly limited. The Complaint fails to allege any facts that, if proven, would support an ERISA claim against the Director Defendants for breach of fiduciary duty in appointing the Advisory Committee or exercising the limited duty to monitor set forth in 29 C.F.R. § 2509.75-8, FR-17. Plaintiff's claims against the Director Defendants are therefore dismissed with prejudice.

**B. Count One: Failure to Prudently and Loyally Manage Plan Assets**

In Count One of the Complaint, plaintiff alleges that defendants breached their duty to prudently and loyally manage Plan assets. (Compl. P 129; Tr. at 59:19-60:1.) The crux of Count One is that "defendants knew or should have known that Calpine stock was not a suitable and appropriate investment for the Plan" and that "despite their knowledge of the imprudence of the investment, defendant [sic] failed to take adequate steps to prevent the Plan, and [*14] indirectly the Plan participants and beneficiaries, from suffering losses as a result of the Plan's investment in Calpine stock." (Compl. P 129.) At the hearing, plaintiff's counsel informed the Court that he was not pursuing a claim that the defendants breached their duty of prudence by failing to diversify the Calpine stock fund. (Tr. at 60:19-21.) However, counsel also asserted that defendants were liable for failing to "deselect" the Calpine stock fund as an investment option, which the Court finds is substantively the same as a claim based on failure to diversify the Calpine stock fund. (Tr. at 60:2-21, 68:2-20.)

The Court finds that plaintiff has not pled and cannot plead any facts that would have indicated to a reasonable fiduciary that Calpine stock was an imprudent investment for the Plan during the alleged Class Period.

The parties do not dispute that the Calpine Plan is an eligible individual account plan ("EIAP"). *See* 29 U.S.C. § 1107(d)(3)(A). ERISA section 404(a)(2), 29 U.S.C. § 1104(a)(2), specifically exempts fiduciaries of EIAPs from certain requirements, including the duty to diversify and the duty of prudence [*15] to the extent that it requires diversification. *Wright*, 360 F.3d at 1097. EIAPs are exempt from these requirements because of the strong policy favoring investment in employer stock. Thus, as the Ninth Circuit explained in *Wright*, under the plain meaning of section 404(a)(2), a fiduciary of an EIAP is exempt from any duty to diversify the plan's holdings in employer stock. While *Wright* did not reach the issue of whether the duty to diversify survives the statutory text of section 404(a)(2), 360 F.3d at 1097-98, plaintiff's claim that defendants breached their duty of prudence by failing to. deselect or diversify the Calpine stock fund appears inconsistent with the plain meaning of section 404(a)(2).

The Court need not decide that issue, however, because even if ERISA can be read to impose liability for holding employer stock in an EIAP, plaintiff has not and cannot allege facts that would support a claim that defendants acted imprudently in not stopping continued investment in the Calpine stock fund. [HN11] As the Ninth Circuit noted in *Wright*, other circuits have imposed an intermediate prudence standard, under which an EIAP fiduciary who invests [*16] in employer stock *"is presumed* to have acted consistently with ERISA." *Id.* (emphasis added, citing *Moench v. Robertson*, 62 F.3d 553 (3d Cir. 1995) and other out-of-circuit authority). Under *Wright*, to rebut the presumption established by the intermediate prudence standard, a complaint must plead facts that, if proven, would demonstrate that the fiduciaries knew that the "company's financial condition is seriously deteriorating and that there is a genuine risk of insider self-dealing." *Wright*, 360 F.3d at 1098. *See also In re Duke Energy ERISA Litig.*, 281 F. Supp. 2d 786, 795 (W.D.N.C. 2003). Indeed, *Wright* specifically distinguished a line of district court cases where the presumption of prudence had been rebutted by allegations that "clearly implicated the company's viability as an ongoing concern," such as specific allegations of incipient financial collapse or bankruptcy, on the grounds that no such facts had been pled in the *Wright* case. *See id.* at 1099 n.5 (discussing *Stein v. Smith*, 270 F. Supp. 2d 157 (D. Mass. 2003) and *Rankin v. Rots*, 278 F. Supp. 2d 853 (E.D. Mich. 2003)). [*17]

Plaintiffs here have not and cannot allege facts that could rebut the presumption of prudence. In support of their motion, defendants submitted and asked the Court to take judicial notice of Calpine's financial statements, which show that Calpine has shown steady revenue and has been profitable each year from 1998 through 2003. *See* Individual Defendants' RJN, Ex. A (selected pages from Calpine's 2003 Form 10-K). As in *Wright*, these financial statements demonstrate that Calpine was a

2005 U.S. Dist. LEXIS 9719, *; 35 Employee Benefits Cas. (BNA) 1181

viable concern throughout the alleged class period and was not in the sort of deteriorating financial circumstances that must be pled to rebut the presumption of prudence under the intermediate prudence standard applied by *Wright*, 360 F.3d at 1098-99.

For the same reason, plaintiff's further allegations that defendants failed to conduct an adequate investigation into the Calpine stock fund are insufficient to rebut the presumption of prudence. Plaintiff has not, and cannot allege facts demonstrating that Calpine's "financial condition [wa]s seriously deteriorating" and therefore cannot rebut the presumption of prudence established by the intermediate prudence standard. *See* [*18] *id.* at 1098. As the Ninth Circuit emphasized in *Wright*, [HN12] "[m]ere stock fluctuations, even those that trend downward significantly, are insufficient to establish the requisite imprudence to rebut the *Moench* presumption." *Id.* at 1099. Accordingly, "a fiduciary's failure to investigate an investment decision *alone* is not sufficient to show that the decision was not reasonable. . . . [A] plaintiff must show a *causal link* between the failure to investigate and harm suffered by the plan.'" *Id.* (emphasis original) (quoting *Kuper v. Iovenko*, 66 F.3d 1447 (6th Cir. 1995)). n6

> n6 *Wright* does not hold that allegations of mismanagement are sufficient to rebut the presumption of prudence. *Cf. Wright*, 360 F.3d at 1098 (quoting dictum *in LaLonde v. Textron, Inc.*, 270 F. Supp. 2d 272, 280 (D.R.I. 2003)). To the extent that *In re Syncor ERISA Litig.*, 351 F. Supp. 2d 970, 981-982, 2004 U.S. Dist. LEXIS 23887, at *30-31 (C.D. Cal. 2004) suggests that an allegation of serious mismanagement might be sufficient to overcome the presumption of prudence applied by *Wright*, Plaintiff has conceded that Count One does not rest on any such allegation. (Tr. at 78:4-7; 94:9-16; 95:20-96-22.)

[*19]

Plaintiff has not alleged and, given the financial statements before the Court, cannot allege facts rebutting the presumption of prudence arising under *Wright*. Count One therefore fails as a matter of law and is dismissed with prejudice.

### C. Count Two: Failure to Monitor the Advisory Committee and the Employee Defendant and Provide Them with Accurate Information

According to Count Two of the Complaint, Calpine and the Director Defendants breached their duty to monitor the Advisory Committee members and the Employee Defendant by (1) failing to review the actions of the Committee members and the Employee Defendant and (2) failing to provide them with accurate information regarding the prudence of investment in Calpine stock. (*See* Compl. PP 135-45).

[HN13] The duty of an ERISA fiduciary to review the performance of its appointees is a limited one. Specifically, a fiduciary must review the performance of its appointees at reasonable intervals in such a manner as may be reasonably expected to ensure compliance with the terms of the plan and statutory standards. 29 C.F.R. § 2509.75-8, FR-17. Plaintiff has not alleged any facts that support his claim [*20] that Calpine and the Director Defendants failed to periodically review the performance of the Committee members or the Employee Defendant. Even if plaintiff had alleged such facts, Count Two would still fail as a matter of law. As discussed above, plaintiff has not and cannot allege facts that, if proven, would rebut the presumption applied by *Wright* that it was prudent to offer or hold interests in the Calpine stock fund. The Court's holding dismissing Count One accordingly moots Count Two as well, which is hereby dismissed with prejudice.

### D. Count Three: Failure to Provide Complete and Accurate Information to Plan Participants and Beneficiaries

Count Three of the Complaint alleges that the defendants breached their disclosure duties under ERISA by (1) misrepresenting Calpine's prospects in press releases, bond prospectuses and other unidentified "public filings"; and (2) by failing to disclose material information to Plan participants. (Compl. PP 146-157.)

The Court finds that, to the extent plaintiff's duty of disclosure claim is based on the alleged misrepresentations in Calpine's press releases or the two bond prospectuses cited in the Complaint (*id.* P 94), plaintiff [*21] has not stated a claim under ERISA. Plaintiff does not allege that these press releases or bond prospectuses were made or issued by defendants while acting in a fiduciary capacity or that these statements were directed to Plan participants. Indeed, it is undisputed that the Plan does not permit investments in Calpine bonds. These allegations therefore fail to state a claim. *See Stein v. Smith*, 270 F. Supp. 2d 157, 173 (D. Mass. 2003) (finding that statements made by defendant in SEC filings and press releases were not made in the context of discussing plan benefits); *In re Enron Corp. Sec. Derivative & ERISA Litig.*, 284 F. Supp. 2d 511, 550 (S.D. Tex. 2003) (holding that, [HN14] when assessing a breach of duty claim, the "threshold question is whether the defendant was acting as a fiduciary, *i.e.*, performing a fiduciary function, when he performed the action that constitutes the basis of the complaint" (citing *Pegram*,

Case 1:05-cv-00429-GMS    Document 32-2    Filed 01/09/2006    Page 20 of 21

2005 U.S. Dist. LEXIS 9719, *; 35 Employee Benefits Cas. (BNA) 1181

530 U.S. at 226)); *Crowley v. Corning, Inc.,* 234 F. Supp. 2d 222, 228 (W.D.N.Y. 2002) (dismissing claim that defendants made material misrepresentations to plan participants "since it is apparent from the [*22] amended complaint that such statements, regardless of truth or falsity, were not made by Coming in any fiduciary capacity regarding the Plan"); *see also Worldcom,* 263 F. Supp. 2d at 766 [HN15] ("Those who prepare and sign SEC filings do not become ERISA fiduciaries through those acts, and consequently, do not violate ERISA if the filings contain misrepresentations.").

At the hearing, plaintiff's counsel informed the Court that the duty of disclosure claim is based on alleged misrepresentations in Calpine's Form 10K for fiscal 2000, which counsel represented was incorporated by reference into a Form S-8 provided to Plan participants and in the 2001 annual report sent to all Calpine shareholders. (Tr. at 97:13-98:2; 105:20-106:16.) These documents are not specifically identified in plaintiff's Complaint. Instead, plaintiff contends that these documents are covered by a reference to Calpine's "public filings" in the Complaint. (Compl. P 95.) The Court finds that this vague reference to the company's "public filings" does not provide defendants with adequate notice of plaintiff's claim, and thus does not satisfy the pleading requirements of Rule 8. Fed. R. Civ. P. 8(a) [*23] . *Swierkiewicz,* 534 U.S. at 512. The Court therefore grants defendants' motion to dismiss Count Three with leave to amend to the extent that plaintiff can allege that Plan fiduciaries made material misrepresentations about the Calpine stock fund in their communications with Plan participants.

In addition, Count Three alleges that defendants breached a duty of disclosure under ERISA "by failing to provide complete and accurate information regarding Calpine stock, Calpine's business improprieties with Enron, the true nature of the California energy crisis, [and] the consequent artificial inflation of the value of Calpine stock." (Compl. P 151.) These allegations fail as a matter of law because [HN16] there is no general fiduciary duty of disclosure under ERISA. To the extent an affirmative duty of disclosure exists under ERISA, it is limited to the disclosure of information about the plan, plan benefits or plan expenses. *Bins v. Exxon Co. U.S.A.,* 220 F.3d 1042, 1048, 1053-54 (9th Cir. 2000) (*en banc*); *Hughes Salaried Retirees Action Comm. v. Adm'r of Hughes Non-Bargaining Ret. Plan,* 72 F.3d 686, 690-91 (9th Cir. 1995); *Acosta v. Pacific Enters.,* 950 F.2d 611, 619 (9th Cir. 1991). [*24] An affirmative duty of disclosure arises under ERISA only when a fiduciary responds to inquiries from plan participants or promises to keep participants updated on future developments affecting the plan. *Bins,* 220 F.3d at 1053-54; *see also Baker v. Kingsley,* 387 F.3d 649, 661-62 (7th Cir. 2004) (noting that "if we were to create a new fiduciary duty, as plaintiffs request, we run the risk of disturbing the

carefully delineated corporate disclosure laws").

Because there is no affirmative duty under ERISA to disclose investment information to participants under controlling Ninth Circuit authority, and because the Complaint does not allege facts giving rise to such a duty, to the extent Count Three is based on defendants' failure to disclose investment information, it fails as a matter of law and is dismissed with prejudice.

### E. Count Four: Breach of Duty to Avoid Conflicts of Interest

Plaintiff makes the conclusory allegation that Calpine and the Director Defendants breached their duty to avoid conflicts of interest with the Plan. (Compl. P 161.) Plaintiff's conflict of interest allegations concern stock sales by certain members of Calpine's Board [*25] of Directors during the Class Period. (*Id.* PP 110-12.)

Neither the Complaint nor plaintiff's opposition brief identifies any actions taken by Calpine that put it in conflict with the Plan. The Court therefore finds that there is no factual basis in the Complaint for plaintiff's conflict of interest claim against Calpine. Moreover, as discussed above, the Director Defendants are ERISA fiduciaries only to the extent they exercise their power to appoint and review the Committee members who manage the Plan. Plaintiff has not alleged any facts that demonstrate the stock sales identified in the Complaint put the selling directors in conflict with their limited fiduciary duties under the Plan. *See, e.g., Worldcom,* 263 F. Supp. 2d at 768.

Accordingly, plaintiff's conflict of interest claim against Calpine and the Director Defendants is dismissed with prejudice.

### F. Defendants' Alleged Co-Fiduciary Liability

Finally, the Complaint alleges that each of the defendants is liable as a "co-fiduciary" under Section 405 of ERISA. (Compl. PP 131, 142, 152.) [HN17] Plaintiff cannot state a claim for co-fiduciary liability without first stating a claim for breach of fiduciary duty [*26] under ERISA. 29 U.S.C. § 1105(a). Plaintiff has not shown that any of the defendants breached their fiduciary duties under ERISA, and this co-fiduciary claim necessarily fails as a matter of law.

### Objections to Proposed Order

There is one final administrative matter the Court will address. At the conclusion of the hearing on the motions to dismiss, the Court specifically directed counsel for the Individual Defendants to draft a proposed order consistent with the Court's detailed findings and the papers submitted in connection with the motion. (Tr. at

Page 9

2005 U.S. Dist. LEXIS 9719, *; 35 Employee Benefits Cas. (BNA) 1181

136:7-14.) After the proposed order was filed, plaintiff filed an objection to the proposed order. Plaintiff asserts that the wholesale adoption of proposed orders is disfavored. (Objection at 2) (citing *inter alia, Anderson v. Bessemer City, 470 U.S. 564, 572, 84 L. Ed. 2d 518, 105 S. Ct. 1504 (1985)*. In *Anderson*, the Supreme Court stated:

> [HN18] We, too, have criticized courts for their verbatim adoption of findings of fact prepared by prevailing parties, particularly when those findings have taken the form of conclusory statements unsupported by citation to the record. . . . We are also aware of the potential for [*27] overreaching and exaggeration on the part of attorneys preparing findings of fact when they have already been informed that the judge has decided in their favor. . . . Nonetheless, our previous discussions of the subject suggest [] that [] even when the trial judge adopts proposed findings verbatim, the findings are those of the court and may be reversed only if clearly erroneous. . . . In any event, the District Court in this case does not appear to have uncritically accepted findings prepared without judicial guidance by the prevailing party.

*Anderson, 470 U.S. at 572* (internal citations omitted). Here, the Court's order is not a "verbatim adoption" of the proposed order but instead is a result of the Court's independent judgment. The Court carefully reviewed the parties' briefs, independently analyzed the issues, and held an exhaustive three hour hearing during which it engaged the parties in vigorous discussion on the issues and made detailed findings on the record. These findings provided Individual Defendants specific and detailed guidance for preparing the proposed order. Moreover, the Court carefully reviewed the proposed order and made substantive [*28] revisions to ensure coincidence with the Court's conclusions and findings. Accordingly, plaintiff's objection to the Court ordering the Individual Defendants to prepare the proposed order is OVERRULED. n7

> n7 Plaintiff also cites additional authority for the proposition that wholesale adoption of a proposed order is disfavored. *See; e.g., Stead Motors of Walnut Creek v. Automotive Machinists Lodge No. 1173, 886 F.2d 1200, 1204 n.5 (9th Cir. 1989)*. For the reasons stated *supra*, these cases fail to demonstrate that plaintiff's objection should be sustained.

## CONCLUSION

For the reasons discussed above, defendants' motions to dismiss the Consolidated Complaint For Violations Of ERISA are granted and plaintiff's Complaint is DISMISSED. Plaintiff is granted leave to file an amended complaint within 30 days from entry of this Order with respect to that portion of Count Three that alleges that defendants breached their fiduciary duty under ERISA by making affirmative misrepresentations to Plan [*29] participants about the Calpine stock fund. The Complaint is otherwise dismissed with prejudice.

IT IS SO ORDERED.

Dated: March 30, 2005

Honorable Saundra B. Armstrong

United States District Judge