**3**

LEXSEE

**COKENOUR, et al., Plaintiffs, v. HOUSEHOLD INT'L., INC., et al., Defendants.**

**No. 02 C 7921**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

**2004 U.S. Dist. LEXIS 5286; 32 Employee Benefits Cas. (BNA) 1783**

**March 30, 2004, Decided**
**March 31, 2004, Docketed**

**DISPOSITION:** Defendants' motion to dismiss granted in part and denied in part.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiffs, employee benefit plan members, brought a class action against defendants, an employer, its chief executive, a benefit plan committee, and committee members, alleging various breaches of fiduciary duty under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C.S. § 1001 et seq., regarding their management of the benefit plan's assets. The employer, executive, plan committee, and it members moved to dismiss.

**OVERVIEW:** The employer, executive, plan committee, and it members claimed, inter alia, that they were not fiduciaries. The court initially held that the employer, executive, plan committee, and it members were ERISA fiduciaries. The court further held that the plan members' imprudence allegations met liberal pleading requirements, that the plan committee and its members could not hide behind their alleged lack of discretion under the plan, and that the plan members made sufficient allegations to support their breach of loyalty claim based upon a conflict of interest. The court then held that the plan members failed to meet heightened pleading requirements regarding their claim of intentional misrepresentation by the plan committee and committee members, and that the plan members' claims regarding the plan committee's, its members', the employers', and its executive's alleged omission to disclose nonpublic information was passive behavior too broad to fall under ERISA's disclosure provisions. The court finally held that the plan members' duty of prudence allegations were sufficient, but that the plan member's allegations based upon co-fiduciary liability were insufficient.

**OUTCOME:** The motion to dismiss was granted in part

regarding the plan members' misrepresentation claim, the plan committee's, its members', the employers', and its executive's alleged failure to disclose non-public information, and the co-fiduciary liability claim. The motion to dismiss was denied in part regarding the plan members' remaining claims.

**CORE TERMS:** fiduciary, motion to dismiss, stock, duty, omission, matching, notice, misrepresentation, disclose, breached, disclosure, premature, monitor, manage, participating, failure to disclose, retirement, non-public, imprudent, juncture, fiduciary duty, co-fiduciary, nonpublic, key employees, stock price, prudently, invest, improper conduct, misleading, monitoring

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action*
[HN1] In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. The allegations of a complaint should not be dismissed for a failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action*
[HN2] In order to withstand a motion to dismiss, a complaint must allege the operative facts upon which each claim is based. The plaintiff need not allege all of the facts involved in the claim and can plead conclusions.

2004 U.S. Dist. LEXIS 5286, *; 32 Employee Benefits Cas. (BNA) 1783

However, any conclusions pled must provide the defendant with at least minimal notice of the claim, and the plaintiff cannot satisfy federal pleading requirements merely by attaching bare legal conclusions to narrated facts which fail to outline the bases of his claim.

*Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN3] Every Employee Retirement Income Security Act of 1974, 29 U.S.C.S. § 1001 et seq., plan requires a named fiduciary and that even persons not named as fiduciaries can be considered functional fiduciaries. 29 U.S.C.S. § 1102(a)(1), (2); 29 U.S.C.S. § 1002(21)(A).

*Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN4] See 29 U.S.C.S. § 1002.

*Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN5] The determination of whether an individual is an Employee Retirement Income Security Act of 1974, 29 U.S.C.S. § 1001 et seq., fiduciary involves factual determinations.

*Civil Procedure > Pleading & Practice > Pleadings > Interpretation*
[HN6] Pursuant to Fed. R. Civ. P. 8(a), a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. The notice pleading standard is admittedly liberal, requiring only that notice of the claim be given rather than detailed facts underlying the claim.

*Civil Procedure > Pleading & Practice > Pleadings > Interpretation*
[HN7] Plaintiffs are not required to allege all of the facts for their claim or allege facts to support each element of their claim. Under current notice pleading standards in federal courts a plaintiff need to plead facts that, if true, establish each element of a cause of action; at this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint, and matching facts against legal elements comes later.

*Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN8] See 29 U.S.C.S. § 1104(a)(1)(D).

*Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN9] See 29 U.S.C.S. § 1104(a)(1)(B).

*Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN10] Trust documents cannot excuse trustees from their duties under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C.S. § 1001 et seq., and trust documents must generally be construed in light of ERISA's policies.

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action*
[HN11] The allegations of a complaint should not be dismissed for a failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Civil Procedure > Pleading & Practice > Pleadings > Interpretation*
*Civil Procedure > Pleading & Practice > Pleadings > Heightened Pleading Requirements*
[HN12] While the notice pleading standard is generally applied in the federal courts, in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity, Fed. R. Civ. P. 9(b), which is accomplished if the plaintiff identifies the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff. Fed. R. Civ. P. 9(b) has been termed an exception to the otherwise liberal pleading requirements set forth in Fed. R. Civ. P. 8.

*Torts > Business & Employment Torts > Negligent Misrepresentation*
*Civil Procedure > Pleading & Practice > Pleadings > Heightened Pleading Requirements*
[HN13] Fed. R. Civ. P. 9(b) does not apply to negligent misrepresentation claims, but does apply to claims of knowing misrepresentation.

*Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies*
*Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN14] For Employee Retirement Income Security Act

of 1974, 29 U.S.C.S. § 1001 et seq., purposes, the United States Court of Appeals for the Seventh Circuit has not allowed claims for fiduciary breach based on passive behavior, unless a fiduciary fails to give a beneficiary material information regarding a plan and the fiduciary's silence is misleading.

*Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies*
*Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN15] The Chojnacki decision from the United States Court of Appeals for the Seventh Circuit would seem to restrain the extension of a breach of fiduciary duty claim under the Employee Retirement Income Security Act of 1974, 29 U.S.C.S. § 1001 et seq., based upon passive behavior.

*Governments > Legislation > Interpretation*
*Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN16] A court's authority to interpret the Employee Retirement Income Security Act of 1974's, 29 U.S.C.S. § 1001 et seq., fiduciary provisions is not absolute, but is limited by the text of the statute.

*Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN17] For Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C.S. § 1001 et seq., purposes, the fact that individuals authorized to monitor administrators of a retirement plan and had only limited fiduciary responsibilities does not mean that they had no responsibilities whatever. The individuals charged with such monitoring are fiduciaries responsible for selecting and retaining their close business associates as plan administrators and cannot abdicate their duties under ERISA merely through the device of giving their lieutenants primary responsibility for the day to day management of the trust.

*Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN18] See 29 U.S.C.S. § 1105(a).

**COUNSEL:** [*1] For MICHAEL COKENOUR, on behalf of himself and a class of persons similarly situated, plaintiff: John R. Wylie, Charles Robert Watkins,

Susman & Watkins, Chicago, IL. Edwin J Mills, Stull, Stull & Brody, New York, NY. Bruce C. Howard, Law Offices of Robert D. Allison, Chicago, IL. Robert D. Allison, Robert D. Allison & Associates, Chicago, IL. Lynn Lincoln Sarko, Erin M Riley, Keller Rohrback, LLP, Seattle, WA. Laurie B Ashton, Gary A Gotto, Ron Kilgard, Keller Rohrback, PLC, Phoenix, AZ.

For HOUSEHOLD INTERNATIONAL INC., defendant: Robert Y. Sperling, Ronald Steven Betman, Catherine W. Joyce, Michael P. Roche, Mohamed Faiyaz Hussain, Winston & Strawn LLP, Chicago, IL. Warren Roger Stern, Paul Vizcarrondo, Jr, Wachtell, Lipton, Rosen & Katz, New York, HY. Nathan P. Eimer, Adam B. Deutsch, Eimer Stahl Klevorn & Solberg, LLP, Chicago, IL.

For WILLIAM F ALDINGER, DAVID A SCHOENNHOLZ, MARY E BILBREY, defendants: Robert Y. Sperling, Ronald Steven Betman, Catherine W. Joyce, Michael P. Roche, Mohamed Faiyaz Hussain, Winston & Strawn LLP, Chicago, IL. Warren Roger Stern, Paul Vizcarrondo, Jr, Wachtell, Lipton, Rosen & Katz, New York, HY. Nathan P. Eimer, Adam B. Deutsch, Vincent [*2] P. Schmeltz, III, Eimer Stahl Klevorn & Solberg, LLP, Chicago, IL.

For ROBERT J DARNALL, GARY G DILLON, ANTHEA DISNEY, JOHN A EDWARDSON, J DUDLEY FISHBURN, CYRUS F FREIDHEIM, JAMES H GILLIAM, JR, LOUIS E LEVY, GEORGE A LORCH, JOHN D NICHOLS, JAMES B PITBLADO, LARREE M RENDA, S JAY STEWART, STEVEN L MCDONALD, MICHAEL A DELUCA, defendants: Robert Y. Sperling, Ronald Steven Betman, Catherine W. Joyce, Michael P. Roche, Mohamed Faiyaz Hussain, Winston & Strawn LLP, Chicago, IL.

For JOHN DOES, 1-30, RICHARD ROES, 1-30, defendants: Mohamed Faiyaz Hussain, Winston & Strawn LLP, Chicago, IL.

**JUDGES:** Samuel Der-Yeghiayan, United States District Judge.

**OPINIONBY:** Samuel Der-Yeghiayan

**OPINION:**

### MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' Motion to Dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion was filed by Defendants Household International ("Household"),

Case 1:05-cv-00429-GMS    Document 32-3    Filed 01/09/2006    Page 5 of 21

2004 U.S. Dist. LEXIS 5286, *; 32 Employee Benefits Cas. (BNA) 1783

the Administrative and Investment Committee of the Plan and its members Edgar A. Ancona, Mary E. Bilbrey, Michael Carlson, Colin P. Kelly and David A. Schoenholz and William F. Aldinger ("Aldinger"), [*3] the Chief Executive Officer and Chairman of Household. For the reasons stated below, the motion is granted in part and denied in part.

## BACKGROUND

Plaintiffs Michael Cokenour ("Cokenour") and Arthur Ray Herrington, Jr. ("Herrington") were employees of Defendant Household and participants in the Household Tax Reduction Investment Plan ("Plan"), a tax-qualified 401(k) plan. This action is brought by Plaintiffs on behalf of "all participants in the Plan and their beneficiaries, excluding the Defendants, for whose accounts the fiduciaries of the Plan made or maintained investments in Household stock through the Household Stock Fund between July 23, 2001 and the present."

Defendant Household is a holding company with three heads: (1) consumer, which includes consumer lending, mortgage services, retail services and auto finance businesses; (2) credit card, which includes domestic Visa and MasterCard businesses; and (3) international, which includes operations in the United Kingdom and Canada. Household is the sponsor of the Plan at issue. Next, the complaint names as defendants, the Administrative and Investment Committee of the Plan ("Committee") and its members Edgar A. Ancona, [*4] Mary E. Bilbrey, Michael Carlson, Colin P. Kelly and David A. Schoenholz (collectively, the "Committee Defendants") and Aldinger, the Chief Executive Officer and Chairman of Household.

The Plan is an "employee pension benefit plan" within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(2)(A), 29 U.S.C. § 1002(2)(A), an "eligible individual account plan," within the meaning of ERISA § 407(d)(3), 29 U.S.C. § 1107(d)(3), and a "qualified cash or deferred arrangement" within the meaning of the Internal Revenue Code ("I.R.C.") § 401(k), 26 U.S.C. § 401(k). The Plan is maintained to "enable eligible employees of the Company to acquire Company Stock and to accumulate funds for their future security by electing to make income deferral contributions and by sharing in Company contributions to the Plan." Plan art. 1.2. "The Plan also constitutes an employee stock ownership plan that is designed to invest primarily in Company Stock and that is intended to meet the applicable requirements of Sections 401(a), 409, and 4975(e)(7) of the [Internal Revenue] Code [*5] and Section 407(d)(6) of ERISA." Id.

With the Plan in place, eligible Household employees are allowed to contribute to the Plan through

deductions from their paychecks. The participating employees may direct the investment of their contributions to one or more of several available Plan funds. These investment options are mostly diversified mutual funds, but participating employees who desire to invest in Company Stock may do so through an investment option designed for that purpose, the Household International, Inc. Common Stock Fund (the "Household Stock Fund"). The Plan requires Household to match the participating employee's contributions at specified percentages by making contributions to the participating employees' accounts in the Household Stock Fund. These matching contributions can be made either in Household common stock or cash. Planart. 11.1. The matching contributions are primarily invested in Household Stock, "except for the short term investment of cash." Trust Agreement, art. 9.

In October 2002, Household paid $ 484 million to settle widespread charges of suspect lending practices. This settlement, described as "the largest consumer settlement in history," resulted [*6] in a $ 525 million charge to Household's earnings. As a result, Household allegedly engaged in improper accounting practices and restated its earnings for at least an eight year period, spanning 1994-2002. The complaint further alleges that this caused an overstatement of pre-tax income by approximately $ 610 million in defendant Household's favor. On March 18, 2003, things worsened for Household as they consented to an S.E.C. issued Order Instituting Cease and Desist Proceedings, Making Findings and Imposing Cease-and-Desist Order pursuant to Section 21C of the Securities Exchange Act of 1934, relating to Household's account re-aging practices and disclosures. This Order found, in relevant part, that Household restructured a far higher volume of delinquent loans than its peer lenders, and implemented a policy of automatically restructuring delinquent loans, often without contacting the borrower. The Order thus held that Household failed to accurately disclose its restructuring policies, and the disclosures made were nevertheless materially misleading.

While defendant Household was engaged in this questionable behavior, the fiduciaries of the Plan continued to offer the Household [*7] Stock Fund as a 401(k) retirement investment to participating employees. These Plan fiduciaries never withdrew the Household Stock Fund as an option, nor did they choose to make the Household matching contributions in cash rather than Stock, nor did they provide the participating employees with the truth concerning the artificially inflated value of defendant Household Stock and the risks associated with continuing to have more than 60% of the Plan's assets invested in said Stock. As a result of these acts or omissions by the Plan fiduciaries, the Plan, with thousands of participating employees, experienced a loss

in the hundreds of millions of dollars once defendant's Household's questionable practices were exposed.

The Plaintiffs filed a four count class action complaint against the above-named defendants. Count I alleges the Committee Defendants failed to prudently manage the Plan assets by continuing to offer Household Stock as a retirement investment when they knew it was imprudent. Count II alleges the Committee Defendants failed to provide complete and accurate information to Plan participants concerning their retirement investment in Household Stock. Count III alleges that [*8] Household and defendant C.E.O. Aldinger failed to properly monitor the Committee Defendants, including by failing to provide them with crucial information regarding the value of Household Stock. Count IV alleges that Household breached its duty to manage Plan assets by continuing to provide the Household matching contributions in Household Stock rather than cash. Defendants responded to each of the four counts by filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

**LEGAL STANDARD**

[HN1] In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which [*9] would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). Nonetheless, [HN2] in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 455-56 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67

**DISCUSSION**

I. Fiduciary Duty

Defendants first argue that none of the Defendants are fiduciaries and thus they cannot have breached a fiduciary duty. Plaintiffs correctly point out that [HN3] every ERISA plan requires a named fiduciary and that even persons [*10] not named as fiduciaries can be considered functional fiduciaries. 29 U.S.C. § 1102(a)(1) & (2); 29 U.S.C. § 1002(21)(A). Also, the definition of fiduciary under ERISA shows that this issue is not as clear cut an issue as Defendants would have this court believe. Section 3(21) of ERISA states the following:

> [HN4] Except as otherwise provided in subparagraph (B), a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under section 1105(c)(1)(B) of this title.

29 U.S.C. § 1002. Plaintiffs allege that the Committee Defendants were named fiduciaries and were responsible [*11] for monitoring the investments of the Plan and Plaintiffs have made other allegations of involvement with the Plan in a position of trust. We agree with Plaintiffs that the allegations do not conclusively show that the Defendants were not fiduciaries with respect to the monitoring of the investments and providing a company match. Defendants' arguments in this regard are premature at this juncture. *See Pappas v. Buck Consultants, Inc.*, 923 F.2d 531, 538 (7th Cir. 1991)(indicating that [HN5] the determination of whether an individual is a fiduciary involves "factual determinations.").

II. Imprudent Investment of Plan Assets (Count I)

In Count I of the complaint Plaintiffs allege that the Committee Defendants failed to prudently manage the Plan assets by their continuous offer of Household Stock as a retirement investment and continuing to invest matching contributions in Household Stock, notwithstanding that they knew or should have known such investment was imprudent.

A. Whether Plaintiffs State a Claim

Defendants take issue with the conclusory nature of Plaintiffs' allegations in Count I. [HN6] Pursuant to Federal Rule of Civil Procedure 8(a) [*12] a complaint

must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The notice pleading standard is admittedly liberal, requiring only that notice of the claim be given rather than detailed facts underlying the claim. _Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168, 122 L. Ed. 2d 517, 113 S. Ct. 1160 (1993)._

Plaintiffs allege that the Committee Defendants "knew or should have known" that investing in Household Stock was imprudent. (Comp. 53). Plaintiffs also allege that the Committee defendants were "key" Household employees or officers, appointed by Household's CEO, who exercised their Plan-related behavior in the course and scope of their employment with Household. (Comp. 38, 41, 42, 47). Defendants contend that the allegations are too vague and do not provide them with notice of the claim against them. Defendants indicate that Plaintiffs were required to explain how the alleged key employees knew that the investments were imprudent and when they acquired the knowledge. Defendants also argue that Plaintiffs were required to explain in more detail the alleged improper conduct of the key employees. [*13] We disagree. While a more detailed complaint would have been beneficial for Defendants' understanding of the charges against them and for the court to understand the charges alleged by Plaintiffs, Plaintiffs have met the liberal pleading requirements under the notice pleading standard. [HN7] Plaintiffs are not required to allege all of the facts for their claim or allege facts to support each element of their claim. _Higgs, 286 F.3d at 439; Kyle, 144 F.3d at 455; see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994)_(indicating that under current notice pleading standard in federal courts a plaintiff "need to plead facts that, if true, establish each element of a 'cause of action,'" that "at this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint," and that "matching facts against legal elements comes later").

Plaintiffs have indicated that the managing employees in question were key employees and that they managed to acquire the knowledge that Household was guilty of predatory lending practices and misstatements. Plaintiffs contend [*14] that because the Committee members knew of the practices that the investments made were imprudent. This is sufficient to state a claim. Defendants' assertions that Plaintiffs have not explained exactly what each Defendant did wrong, how they acquired the information, and how they improperly used the information are premature at this juncture. Defendants improperly seek to require the same type of detail in regards to Count I required under Federal Rule of Civil Procedure 9(b) for fraud claims. _See Uni*Quality, Inc. v. Infotronx, Inc., 974 F.2d 918, 923 (7th Cir._

(explaining that the Rule 9(b) particularity requirement requires a plaintiff to plead the "'who, what, when, and where' of the alleged fraud."). Plaintiffs' allegations are sufficient to withstand a motion to dismiss under the notice pleading standard.

B. Discretion of Committee to Alter Investments

Defendants also claim that Count I cannot state a claim because even if the alleged key employees were aware of the Household practices, the Committee members had no discretion under the Plan to choose not to invest in Household stock. Defendants' argument in this [*15] regard is unconvincing. No section in ERISA would be read to require fiduciaries to make investments for a plan if the fiduciary has information that shows that the investment is a poor one. Plaintiffs correctly point out that ERISA states explicitly that [HN8] fiduciaries are required to act "in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter." _29 U.S.C.A. § 1104(a)(1)(D)._ [HN9] A fiduciary is required to discharge his or her duties "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims. . . ." _29 U.S.C.A. § 1104(a)(1)(B)._ Thus the Committee Defendants cannot hide behind the provisions of the Plan. _See Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc., 472 U.S. 559, 568, 86 L. Ed. 2d 447, 105 S. Ct. 2833 (1985)_(stating that [HN10] "trust documents cannot excuse trustees from their duties [*16] under ERISA, and that trust documents must generally be construed in light of ERISA's policies").

C. Failure to Take Illegal Actions

Defendants also assert that Count I fails to state a claim because even if the Committee Defendants knew of the alleged unlawful practices by Household, Defendant Committee Defendants were prohibited under federal securities law from trading based upon non-public information. Plaintiffs argue that at a minimum the Committee Defendants could have notified the appropriate regulatory agencies of the misstatements by Household, refrained from further investment in Household stocks, or made a public announcement regarding Household's conduct. We are not convinced that such actions could be required of the Committee Defendants. Had the Committee Defendants done either of the first two alternatives it is possible that the ultimate result would be that the public would learn of or suspect the improper conduct by Household which would generally be the same result as the third alternative. It is

Case 1:05-cv-00429-GMS    Document 32-3    Filed 01/09/2006    Page 8 of 21

2004 U.S. Dist. LEXIS 5286, *; 32 Employee Benefits Cas. (BNA) 1783

possible that had the Committee Defendants followed the suggested conduct they would simply have accelerated the demise of the Household stock held by the fund. Their [*17] duty as fiduciaries was to prevent such losses. However, it is not conclusive from the facts before us whether or not the Committee Defendants had viable alternatives that they could have taken. At this stage of the proceedings it is not the burden of Plaintiffs to address all of the potential counter-arguments by Defendants in the complaint. We find that Defendants' arguments on this issue are premature and deny the motion to dismiss Count I to the extent that it contains a claim of imprudent management of the Plan assets. _Conley, 355 U.S. at 45-46_ (stating that [HN11] the allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").

### III. Breach of Duty of Loyalty (Count I)

Defendants also argue that we should dismiss the breach of loyalty claim in Count I. Plaintiffs contend that the Committee Defendants had a conflict of interest because they were both on the Committee and were employees of Household. _Section 408(c)(3) of ERISA_ states that "nothing in _section 1106_ of this title shall be construed to prohibit [*18] any fiduciary from . . . serving as a fiduciary in addition to being an officer, employee, agent, or other representative of a party in interest." _29 U.S.C.A. § 1108(c)(3)_. Defendants cite _Cuddington v. Northern Indiana Public Service Co._ for the proposition that "just because the Pension Committee is dominated by [the employer's] employees does not automatically mean that a conflict exists." _33 F.3d 813, 816 (7th Cir. 1994)_. However, such an argument only encourages this court to proceed to the next steps of litigation to assess the evidence and decide if there is sufficient evidence that a conflict exists. Plaintiffs do allege that the compensation of the Committee Defendants was tied into the Household stock price and the Plan investment in the stock and thus we think that it would be premature to dismiss the breach of loyalty claim based upon a conflict of interest at this juncture.

### IV. Misrepresentation Claim (Count II)

In count II, Plaintiffs allege that the Committee Defendants failed to provide complete and accurate information to Plan participants concerning their retirement investment in Household Stock.

#### A. Applicability [*19] of _Rule 9(b)_

Defendants first argue that _Federal Rule of Civil Procedure 9(b)_ is applicable to Count II because Count II is essentially a fraud claim, or should be treated as one

for purposes of this motion and that Plaintiffs have not met the pleading requirements under _Rule 9(b)_. [HN12] While the notice pleading standard is generally applied in the federal courts, "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity," _Fed. R. Civ. P. 9(b)_, which is accomplished if the plaintiff identifies "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." _Bankers Trust Co. v. Old Republic Ins. Co., 959 F.2d 677, 683 (7th Cir. 1992)_(quoting _Sears v. Likens, 912 F.2d 889, 893 (7th Cir. 1990))_. _Rule 9(b)_ has been termed an exception to the otherwise liberal pleading requirements set forth in _Rule 8_. _Payton v. Rush-Presbyterian-St. Luke's Medical Ctr., 184 F.3d 623, 627 (7th Cir. 1999)_, [*20] The justification for a stricter standard of pleading stems from the reality that fraud claims can cause harm to business reputations. _Id._

At first blush, Count II contains no allegations of fraud, however a closer examination of the complaint leads us to conclude that _Rule 9(b)_ is applicable to Count II. The core of the parties' arguments on this point stem from how they characterize the alleged misrepresentations in Count II. Defendants argue that the alleged misrepresentations at issue are allegations concerning intentional wrongdoing and in response Plaintiffs argue that at most they allege negligent conduct and therefore _Rule 9(b)_ does not operate. Both sides cite _Adamczyk v. Lever Bros. Co._ in which that court held that [HN13] _Rule 9(b)_ does not apply to negligent misrepresentation claims, but does apply to claims of knowing misrepresentation. _991 F. Supp. 931, 939 (N.D. Ill. 1997)_.

Plaintiffs allege that the Committee Defendants made misrepresentations because their compensation was connected to Household's stock price, and the Plan's investment supported the stock. (Comp. 111, 112). We agree with Defendants that the allegations in the complaint clearly allege [*21] intentional misrepresentations and that _Rule 9(b)_ is applicable. Plaintiffs have not met the heightened pleading requirements under _Rule 9(b)_ and therefore we grant the motion to dismiss Count II to the extent that it alleges intentional misrepresentation.

### V. Omission to Disclose Non-Public Information (Count II)

Defendants argue in support of dismissal of Count II that, apart from the misrepresentations alleged in the complaint, the plaintiffs fail to state a claim with respect to the alleged omission to disclose nonpublic information. Plaintiffs argue in response that defendants are improperly characterizing Count II and that

Case 1:05-cv-00429-GMS    Document 32-3    Filed 01/09/2006    Page 9 of 21

2004 U.S. Dist. LEXIS 5286, *; 32 Employee Benefits Cas. (BNA) 1783

defendants had a duty to provide information to the Plan Participants, and the defendants breached that duty.

Count II states: "Employees never received any information from the Company or any other plan fiduciary that indicated that the Company's stock was not a prudent investment." (Compl. 107, 131). Defendants argue that this allegation, which forms the basis for Plaintiffs' omissions claim, is an attempt to broaden the disclosure requirements far beyond what is required by ERISA § 404, into "a continuous gathering and disclosure of all material [*22] nonpublic information about a plan sponsors financial condition..." (Def. Reply Brf. at 26). Plaintiffs, for their part, defend this allegedly sweeping disclosure duty by correctly noting a series of cases which held that fiduciaries have a duty to speak when silence would hurt a beneficiary. *See, e.g., Franklin v. First Union Corp.,* 84 F. Supp. 2d 720, 735 (E.D. Va. 2000) (fiduciary had "a duty to notify the plaintiffs of the changes in the investment funds in such a manner as to prevent any misinformation to and misleading of the plaintiffs...").

The issue, in its simplest form, thus becomes to what extent plaintiffs can push ERISA § 404's duty of disclosure provisions beyond its explicit terms, given the facts alleged in this case, to state a claim with respect to the alleged omission to disclose non-public information. The United States Supreme Court has yet to address this question. *Varity Corp. v. Howe,* 516 U.S. 489, 506, 134 L. Ed. 2d 130, 116 S. Ct. 1065 (1996) ("we need not reach the question whether ERISA fiduciaries have any fiduciary duty to disclose truthful information on their own initiative, or in response to employee inquiries"). To resolve the issue, [*23] both parties have debated the applicability of a recent Fifth Circuit case dealing with the general issue at hand. *Ehlmann v. Kaiser Found. Health Plan,* 198 F.3d 552 (5th Cir. 2000).

[HN14] The Seventh Circuit has not allowed claims for fiduciary breach based on passive behavior, "unless a fiduciary fails to give a beneficiary material information regarding a plan and the fiduciary's silence is misleading." *Chojnacki v. Georgia-Pacific Corp.,* 108 F.3d 810, 817 (7th Cir. 1997). It is apparent from the face of the complaint that the allegations regarding the omission to disclose nonpublic information encompasses such "passive behavior."

All of the cases cited by Plaintiffs involved a specific alleged failure to disclose a concrete piece of information, and how that specific failure as to that specific piece of information states a cause of action in light of *Varity Corp. See, e.g., McDonald v. Provident Indemnity Life Ins. Co.,* 60 F.3d 234 (5th Cir. 1995) (failure to disclose a new rate schedule); *Glaziers & Glassworkers Union Local No. 252 Annuity Fund v.*

*Newbridge Sec. Inc.,* 93 F.3d 1171 (3d Cir. 1996) (failure [*24] to disclose details regarding the investment advisor); *Bins v. Exxon Co. U.S.A.,* 189 F.3d 929 (failure to disclose change in lump sum retirement incentive). These cases are distinguishable because even they do not go as far as plaintiffs are hoping to extend defendants duty to disclose information. More importantly, [HN15] the *Chojnacki* decision from our Court of Appeals, would seem to restrain this extension of this breach of fiduciary duty based upon "passive behavior." *See Chojnacki,* 108 F.3d at 817.

The disclosure standard urged by Plaintiffs in this case is too broad as it would require defendants to continuously gather and disclose nonpublic information bearing some relation to the plan sponsor's financial condition. Such a burdensome and unprecedented level of disclosure has not been approved by the Seventh Circuit and for this court to permit such would be to extending the statutory language beyond their plain meaning. [HN16] Our authority to interpret ERISA's fiduciary provisions is not absolute, but is limited by the text of the statute. In this instance, plaintiff's proposed duty is not found in the text of the statutes or the cases. We also note that as indicated [*25] above, that a public disclosure of the wrongdoing or a notification of others that might leak the information to the public would have caused the stock price to fall and the losses would result to the Plan regardless. Therefore, we grant the motion to dismiss Count II to the extent it is based on the alleged omission to disclose nonpublic information.

VI. Failure to Monitor and Provide Accurate Information (Count III)

In count III of the complaint, Plaintiffs allege that Household and Mr. Aldinger breached fiduciary duties under ERISA by failing to monitor the Committee Defendants and to provide them with information. Defendants first assert that Household had no fiduciary responsibility with respect to the alleged acts or omissions of the Committee Defendants. Secondly, defendants argue that the claim should also be dismissed as Plaintiffs fail to allege any facts showing that Mr. Aldinger or Household breached any duty they might have had to monitor the Committee Defendants. Defendants final argument in support of dismissal states that plaintiffs fail to state a claim against Household or Mr. Aldinger based on their alleged failure to divulge nonpublic information to the [*26] Committee Defendants.

At this stage in the opinion, we have held that at this juncture the claims remain against the Committee Defendants except for the claim based on the alleged failure to disclose non-public information and the intentional misrepresentation claim. Defendants

2004 U.S. Dist. LEXIS 5286, *; 32 Employee Benefits Cas. (BNA) 1783

acknowledge that Aldinger had the authority under the plan to appoint and remove Committee members. Defendants argue that Aldinger and Household properly monitored the Committee Defendants and argue that the facts alleged do not show that Aldinger and Household failed to act in a reasonable manner. Such an argument includes a factual determination and is premature at this juncture.

Defendants also argue that Aldinger and Household were not fiduciaries. However, [HN17] the fact that individuals authorized to monitor administrators of a retirement plan and had "only limited fiduciary responsibilities does not mean that they had no responsibilities whatever." *Leigh v. Engle, 727 F.2d 113, 135 (7th Cir. 1984).* The individuals charged with such monitoring are "fiduciaries responsible for selecting and retaining their close business associates as plan administrators . . . [and cannot] abdicate their [*27] duties under ERISA merely through the device of giving their lieutenants primary responsibility for the day to day management of the trust." At the very least a finding that neither Aldinger or Household were fiduciaries is premature at this stage. Therefore, we deny the motion to dismiss Count III to the extent that it alleges a claim based upon Aldinger's and Household's fiduciary duty to monitor the Committee Defendants.

Plaintiffs also allege in Count III that Aldinger and Household failed to disclose non-public information to the Committee Defendants. For the reasons stated above in regards to the similar issue in Count II we grant the motion to dismiss. We also note that Plaintiffs have not shown that ERISA or the plan placed any such duty on the shoulders of Aldinger or Household.

VII. Breach of Duty to Manage Plan Assets- Matching Contributions (Count IV)

Count IV alleges that Household breached its duty to manage Plan assets by continuing to provide the Household matching contributions in Household Stock rather than cash. Defendants argue that this claim should be dismissed because Household had no discretion to depart from making the match in Company Stock, and [*28] that in the absence of such discretion no fiduciary duty could be breached.

As indicated above, a plan fiduciary is not required to follow the plan requirements if the result would be detrimental to the plan. 29 U.S.C.A. § 1104(a)(1)(D); 29 U.S.C.A. § 1104(a)(1)(B). Thus, neither Household nor the Committee Defendants can hide behind the provisions of the Plan.

Plaintiffs assert that Household breached its duty of prudence to Plan participants by continuing to make matching contributions in Household stock. In accordance with our conclusions above, we are not certain that this would be a viable alternative for Household to avoid loss to the Plan. Such actions could have created suspicion and caused the stock price to fall. However, such a determination is premature at this juncture. Defendants argue that even if Household gave matching cash contributions from Household, the Plan caused the Committee Defendants to use the cash contributions to purchase Household stock. However, as indicated above once the Committee Defendants had the cash contributions from Household, they were not necessarily obligated to follow the Plan guidelines [*29] if such actions would be detrimental to the Plan. Therefore we deny the motion to dismiss Count IV to the extent that it alleges a breach of a duty of prudence against Household in regards to matching contributions with Household stock.

VIII. Co-Fiduciary Liability (Count I)

Defendants argue that we should dismiss Count I to the extent that it alleges a claim of co-fiduciary liability. Section 1105 of ERISA provides:

> [HN18] In addition to any liability which he may have under any other provisions of this part, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances [*30] to remedy the breach.

29 U.S.C.A. § 1105(a). Plaintiffs allege that the Committee Defendants breached their fiduciary duty by "knowingly undertaking to conceal Household's failure to prudently and loyally manage Plan assets . . . ." (Comp. 122). We find that this conclusory allegation does not even meet the liberal requirements under the notice pleading standard. There are not sufficient facts to provide Defendants with notice of the operative facts which would pertain to a co-fiduciary libaility claim. The allegations that all of the Defendants knew of the improper conduct of Household and the Defendants individually acted improperly does not show that co-fiduciary liability is appropriate. Therefore, we grant

Page 9

Defendants' motion to dismiss the claim based upon co-fiduciary liability.

## CONCLUSION

Based on the foregoing analysis, we deny the Defendants' motion to dismiss the claim for failure to prudently manage Plan assets in Count I. We deny the Defendants' motion to dismiss the breach of loyalty claim in Count I. We grant the Defendants' motion to dismiss the misrepresentation claim in Count II. We grant the Defendants' motion to dismiss the [*31] claim for the alleged omission to disclose non-public information in Count II. We deny the Defendants' motion to dismiss the breach of duty to monitor claim in Count III. We grant the Defendants' motion to dismiss the claim in Count III based upon Aldinger's and Household's failure to disclose non-public information. We deny the Defendants' motion to dismiss the breach of duty to manage the Plan claim regarding matching contributions in Count IV. We also grant the Defendants' motion to dismiss the co-fiduciary liability claim in Count I.

Samuel Der-Yeghiayan

United States District Court Judge

Dated: March 30, 2004

**4**

LEXSEE

**HERRINGTON, et al., Plaintiffs, v. HOUSEHOLD INT'L, INC., et al., Defendants.**

**No. 02 C 8257**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

**2004 U.S. Dist. LEXIS 5461**

**March 30, 2004, Decided**
**March 31, 2004, Docketed**

**DISPOSITION:** [*1] Motion to dismiss granted in part and denied in part.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiffs, employees, filed a class action suit against defendants, company, its chief executive officer (CEO), investment plan committee, and its members, and alleged failure to prudently manage investment plan assets, to provide complete information to plan participants, to properly monitor the committee and its members, and breach of the duty to manage plan assets. The company, the CEO, the committee, and its members moved to dismiss.

**OVERVIEW:** The company's investment plan also constituted an employee stock ownership plan. The plan was an employee pension benefit plan within the meaning of the Employee Retirement Income Security Act of 1974, 29 U.S.C.S. § 1001 et seq. While the company was engaged in improper accounting practices, the fiduciaries of the plan continued to offer the company's stock fund as a 401(k) retirement investment to participating employees, and did not provide the truth concerning the artificially inflated value of the company's stock. As a result of those acts or omissions, the plan experienced a loss in the hundreds of millions of dollars. The court denied the committee and its members' motion to dismiss the employees' claim that they failed to prudently manage the plan assets where the employees' allegation that because the committee and its members knew of the company's predatory lending practices, the investments made were imprudent, was sufficient to state a claim. The motion to dismiss was granted to the extent that the employees alleged intentional misrepresentation because the employees failed to meet the heightened pleading requirements under Fed. R. Civ. P. 9(b).

**OUTCOME:** The motion to dismiss was denied as to the claims of failure to prudently manage plan assets, breach of loyalty, breach of duty to monitor, and breach of duty to manage the plan regarding matching contributions. The motion to dismiss was granted as to the claims of misrepresentation, omission to disclose non-public information, failure to disclose non-public information on the part of the company and the CEO, and co-fiduciary liability.

**CORE TERMS:** fiduciary, motion to dismiss, stock, duty, omission, matching, notice, misrepresentation, disclose, breached, disclosure, premature, monitor, manage, participating, failure to disclose, retirement, non-public, imprudent, juncture, fiduciary duty, co-fiduciary, nonpublic, key employees, stock price, prudently, invest, improper conduct, misleading, monitoring

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action*
*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Dismiss*
[HN1] In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. The allegations of a complaint should not be dismissed for a failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the operative facts upon which each claim is based. The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. However, any

conclusions pled must provide the defendant with at least minimal notice of the claim, and the plaintiff cannot satisfy federal pleading requirements merely by attaching bare legal conclusions to narrated facts which fail to outline the bases of his claim.

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN2] Every plan under the Employee Retirement Income Security Act of 1974, 29 U.S.C.S. § 1001 et seq., requires a named fiduciary and that even persons not named as fiduciaries can be considered functional fiduciaries. 29 U.S.C.S. § 1102(a)(1) & (2); 29 U.S.C.S. § 1002(21)(A).

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN3] See 29 U.S.C.S. § 1002.

*Civil Procedure > Pleading & Practice > Pleadings > Interpretation*
[HN4] Pursuant to Fed. R. Civ. P. 8(a) a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. The notice pleading standard is admittedly liberal, requiring only that notice of the claim be given rather than detailed facts underlying the claim.

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN5] The Employee Retirement Income Security Act of 1974, 29 U.S.C.S. § 1001 et seq., states explicitly that fiduciaries are required to act in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter. 29 U.S.C.S. § 1104(a)(1)(D). A fiduciary is required to discharge his or her duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims. 29 U.S.C.S. § 1104(a)(1)(B).

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Prohibited Transactions*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*

[HN6] Section 408(c)(3) (29 U.S.C.S. § 1108(c)(3)) of the Employee Retirement Income Security Act of 1974, 29 U.S.C.S. § 1001 et seq., states that nothing in 29 U.S.C.S. § 1106 shall be construed to prohibit any fiduciary from serving as a fiduciary in addition to being an officer, employee, agent, or other representative of a party in interest. 29 U.S.C.S. § 1108(c)(3).

*Civil Procedure > Pleading & Practice > Pleadings > Heightened Pleading Requirements*
[HN7] While the notice pleading standard is generally applied in the federal courts, in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity, Fed. R. Civ. P. 9(b), which is accomplished if the plaintiff identifies the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff. The justification for a stricter standard of pleading stems from the reality that fraud claims can cause harm to business reputations.

*Civil Procedure > Pleading & Practice > Pleadings > Heightened Pleading Requirements*
[HN8] Fed. R. Civ. P. 9(b) does not apply to negligent misrepresentation claims, but does apply to claims of knowing misrepresentation.

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN9] The United States Court of Appeals for the Seventh Circuit has not allowed claims for fiduciary breach based on passive behavior, unless a fiduciary fails to give a beneficiary material information regarding a plan and the fiduciary's silence is misleading.

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN10] A court's authority to interpret the fiduciary provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C.S. § 1001 et seq., is not absolute, but is limited by the text of the statute.

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN11] The fact that individuals who are authorized to monitor administrators of a retirement plan have only

limited fiduciary responsibilities does not mean that they had no responsibilities whatever. The individuals charged with such monitoring are fiduciaries responsible for selecting and retaining their close business associates as plan administrators and cannot abdicate their duties under Employee Retirement Income Security Act of 1974, 29 U.S.C.S. § 1001 et seq., merely through the device of giving their lieutenants primary responsibility for the day to day management of the trust.

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN12] A plan fiduciary is not required to follow the plan requirements if the result would be detrimental to the plan. 29 U.S.C.S. § 1104(a)(1)(D); 29 U.S.C.S. § 1104(a)(1)(B).

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN13] See 29 U.S.C.S. § 1105(a).

**COUNSEL:** For ARTHUR RAY HERRINGTON, JR, on Behalf of Himself and a Class of Persons Similarly Situated, and on Behalf of the Household International Tax Reduction Investment Plan, plaintiff: Edwin J Mills, Stull, Stull & Brody, New York, NY. Robert D. Allison, Robert D. Allison & Associates, Chicago, IL.

For HOUSEHOLD INTERNATIONAL INC., DAVID A SCHOENHOLZ, W F ALDINGER, defendants: Robert Y. Sperling, Ronald Steven Betman, Catherine W. Joyce, Michael P. Roche, Winston & Strawn LLP, Chicago, IL. Nathan P. Eimer, Adam B. Deutsch, Eimer Stahl Klevorn & Solberg, LLP, Chicago, IL.

For ROBERT J DARNALL, GARY G DILLON, ANTHEA DISNEY, JOHN A EDWARDSON, J DUDLEY FISHBURN, CYRUS F FREIDHEIM, JR, JAMES H GILLIAM, JR, LOUIS E LEVY, GEORGE A LORCH, JOHN D NICHOLS, JAMES B PITBLADO, LARREE M RENDA, S JAY STEWART, STEVEN L MCDONALD, MARY E BILBREY, MICHAEL A DELUCA, defendants: Robert Y. Sperling, Ronald Steven Betman, Catherine W. Joyce, Michael P. Roche, Winston & Strawn LLP, Chicago, IL.

**JUDGES:** Samuel Der-Yeghiayan, United States District Judge.

**OPINIONBY:** Samuel Der-Yeghiayan

**OPINION:**

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This [*2] matter is before the court on Defendants' Motion to Dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion was filed by Defendants Household International ("Household"), the Administrative and Investment Committee of the Plan and its members Edgar A. Ancona, Mary E. Bilbrey, Michael Carlson, Colin P. Kelly and David A. Schoenholz and William F. Aldinger ("Aldinger"), the Chief Executive Officer and Chairman of Household. For the reasons stated below, the motion is granted in part and denied in part.

**BACKGROUND**

Plaintiffs Michael Cokenour ("Cokenour") and Arthur Ray Herrington, Jr. ("Herrington") were employees of Defendant Household and participants in the Household Tax Reduction Investment Plan ("Plan"), a tax-qualified 401(k) plan. This action is brought by Plaintiffs on behalf of "all participants in the Plan and their beneficiaries, excluding the Defendants, for whose accounts the fiduciaries of the Plan made or maintained investments in Household stock through the Household Stock Fund between July 23, 2001 and the present."

Defendant Household is a holding company with three heads: (1) consumer, which [*3] includes consumer lending, mortgage services, retail services and auto finance businesses; (2) credit card, which includes domestic Visa and MasterCard businesses; and (3) international, which includes operations in the United Kingdom and Canada. Household is the sponsor of the Plan at issue. Next, the complaint names as defendants, the Administrative and Investment Committee of the Plan ("Committee") and its members Edgar A. Ancona, Mary E. Bilbrey, Michael Carlson, Colin P. Kelly and David A. Schoenholz (collectively, the "Committee Defendants") and Aldinger, the Chief Executive Officer and Chairman of Household.

The Plan is an "employee pension benefit plan" within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(2)(A), 29 U.S.C. § 1002(2)(A), an "eligible individual account plan," within the meaning of ERISA § 407(d)(3), 29 U.S.C. 1107(d)(3), and a "qualified cash or deferred arrangement" within the meaning of the Internal Revenue Code ("I.R.C.") § 401(k), 26 U.S.C. § 401(k). The Plan is maintained to "enable eligible employees of the Company to acquire [*4] Company Stock and to accumulate funds for their future security by electing to make income deferral contributions and by sharing in Company contributions to the Plan." Plan art. 1.2. "The Plan also

Page 3

constitutes an employee stock ownership plan that is designed to invest primarily in Company Stock and that is intended to meet the applicable requirements of Sections 401(a), 409, and 4975(e)(7) of the [Internal Revenue] Code and Section 407(d)(6) of ERISA." *Id.*

With the Plan in place, eligible Household employees are allowed to contribute to the Plan through deductions from their paychecks. The participating employees may direct the investment of their contributions to one or more of several available Plan funds. These investment options are mostly diversified mutual funds, but participating employees who desire to invest in Company Stock may do so through an investment option designed for that purpose, the Household International, Inc. Common Stock Fund (the "Household Stock Fund"). The Plan requires Household to match the participating employee's contributions at specified percentages by making contributions to the participating employees' accounts in the [*5] Household Stock Fund. These matching contributions can be made either in Household common stock or cash. Planart. 11.1. The matching contributions are primarily invested in Household Stock, "except for the short term investment of cash." Trust Agreement, art. 9.

In October 2002, Household paid $ 484 million to settle widespread charges of suspect lending practices. This settlement, described as "the largest consumer settlement in history," resulted in a $ 525 million charge to Household's earnings. As a result, Household allegedly engaged in improper accounting practices and restated its earnings for at least an eight year period, spanning 1994-2002. The complaint further alleges that this caused an overstatement of pre-tax income by approximately $ 610 million in defendant Household's favor. On March 18, 2003, things worsened for Household as they consented to an S.E.C. issued Order Instituting Cease and Desist Proceedings, Making Findings and Imposing Cease-and-Desist Order pursuant to Section 21C of the Securities Exchange Act of 1934, relating to Household's account re-aging practices and disclosures. This Order found, in relevant part, that Household restructured a far higher [*6] volume of delinquent loans than its peer lenders, and implemented a policy of automatically restructuring delinquent loans, often without contacting the borrower. The Order thus held that Household failed to accurately disclose its restructuring policies, and the disclosures made were nevertheless materially misleading.

While defendant Household was engaged in this questionable behavior, the fiduciaries of the Plan continued to offer the Household Stock Fund as a 401(k) retirement investment to participating employees. These Plan fiduciaries never withdrew the Household Stock Fund as an option, nor did they choose to make the

Household matching contributions in cash rather than Stock, nor did they provide the participating employees with the truth concerning the artificially inflated value of defendant Household Stock and the risks associated with continuing to have more than 60% of the Plan's assets invested in said Stock. As a result of these acts or omissions by the Plan fiduciaries, the Plan, with thousands of participating employees, experienced a loss in the hundreds of millions of dollars once defendant's Household's questionable practices were exposed.

The Plaintiffs filed [*7] a four count class action complaint against the above-named defendants. Count I alleges the Committee Defendants failed to prudently manage the Plan assets by continuing to offer Household Stock as a retirement investment when they knew it was imprudent. Count II alleges the Committee Defendants failed to provide complete and accurate information to Plan participants concerning their retirement investment in Household Stock. Count III alleges that Household and defendant C.E.O. Aldinger failed to properly monitor the Committee Defendants, including by failing to provide them with crucial information regarding the value of Household Stock. Count IV alleges that Household breached its duty to manage Plan assets by continuing to provide the Household matching contributions in Household Stock rather than cash. Defendants responded to each of the four counts by filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

**LEGAL STANDARD**

[HN1] In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, [*8] and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation,* 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School,* 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner,* 967 F.2d 1166, 1168 (7th Cir. 1992). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002); *Kyle,* 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.,* and the plaintiff cannot satisfy federal [*9] pleading requirements merely "by attaching bare legal conclusions

to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67

## DISCUSSION

### I. Fiduciary Duty

Defendants first argue that none of the Defendants are fiduciaries and thus they cannot have breached a fiduciary duty. Plaintiffs correctly point out that [HN2] every ERISA plan requires a named fiduciary and that even persons not named as fiduciaries can be considered functional fiduciaries. 29 U.S.C. § 1102(a)(1) & (2); 29 U.S.C. § 1002(21)(A). Also, the definition of fiduciary under ERISA shows that this issue is not as clear cut an issue as Defendants would have this court believe. Section 3(21) of ERISA states the following:

> [HN3] Except as otherwise provided in subparagraph (B), a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, [*10] with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under section 1105(c)(1)(B) of this title.

29 U.S.C. § 1002. Plaintiffs allege that the Committee Defendants were named fiduciaries and were responsible for monitoring the investments of the Plan and Plaintiffs have made other allegations of involvement with the Plan in a position of trust. We agree with Plaintiffs that the allegations do not conclusively show that the Defendants were not fiduciaries with respect to the monitoring of the investments and providing a company match. Defendants' arguments in this regard are premature at this juncture. *See Pappas v. Buck Consultants, Inc.*, 923 F.2d 531, 538 (7th Cir. 1991)(indicating that the determination of whether an individual is a fiduciary involves "factual determinations.").

### II. Imprudent Investment of Plan Assets (Count I)

In Count I of the complaint Plaintiffs allege that the Committee Defendants failed to prudently [*11] manage the Plan assets by their continuous offer of Household Stock as a retirement investment and continuing to invest matching contributions in Household Stock, notwithstanding that they knew or should have known such investment was imprudent.

### A. Whether Plaintiffs State a Claim

Defendants take issue with the conclusory nature of Plaintiffs' allegations in Count I. [HN4] Pursuant to Federal Rule of Civil Procedure 8(a) a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The notice pleading standard is admittedly liberal, requiring only that notice of the claim be given rather than detailed facts underlying the claim. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, 122 L. Ed. 2d 517, 113 S. Ct. 1160 (1993).

Plaintiffs allege that the Committee Defendants "knew or should have known" that investing in Household Stock was imprudent. (Comp. 53). Plaintiffs also allege that the Committee defendants were "key" Household employees or officers, appointed by Household's CEO, who exercised their Plan-related behavior in the course and scope of their [*12] employment with Household. (Comp. 38, 41, 42, 47). Defendants contend that the allegations are too vague and do not provide them with notice of the claim against them. Defendants indicate that Plaintiffs were required to explain how the alleged key employees knew that the investments were imprudent and when they acquired the knowledge. Defendants also argue that Plaintiffs were required to explain in more detail the alleged improper conduct of the key employees. We disagree. While a more detailed complaint would have been beneficial for Defendants' understanding of the charges against them and for the court to understand the charges alleged by Plaintiffs, Plaintiffs have met the liberal pleading requirements under the notice pleading standard. Plaintiffs are not required to allege all of the facts for their claim or allege facts to support each element of their claim. *Higgs*, 286 F.3d at 439; *Kyle*, 144 F.3d at 455; *see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(indicating that under current notice pleading standard in federal courts a plaintiff "need to plead facts that, if true, [*13] establish each element of a 'cause of action,'" that "at this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint," and that "matching facts against legal elements comes later").

Plaintiffs have indicated that the managing employees in question were key employees and that they managed to acquire the knowledge that Household was guilty of predatory lending practices and misstatements. Plaintiffs contend that because the Committee members knew of the practices that the investments made were imprudent. This is sufficient to state a claim. Defendants' assertions that Plaintiffs have not explained exactly what

Page 5

each Defendant did wrong, how they acquired the information, and how they improperly used the information are premature at this juncture. Defendants improperly seek to require the same type of detail in regards to Count I required under Federal Rule of Civil Procedure 9(b) for fraud claims. See Uni* Quality, Inc. v. Infotronx, Inc., 974 F.2d 918, 923 (7th Cir. 1992)(explaining that the Rule 9(b) particularity requirement requires a plaintiff to plead the "'who, [*14] what, when, and where' of the alleged fraud."). Plaintiffs' allegations are sufficient to withstand a motion to dismiss under the notice pleading standard.

B. Discretion of Committee to Alter Investments

Defendants also claim that Count I cannot state a claim because even if the alleged key employees were aware of the Household practices, the Committee members had no discretion under the Plan to choose not to invest in Household stock. Defendants' argument in this regard is unconvincing. No section in ERISA would be read to require fiduciaries to make investments for a plan if the fiduciary has information that shows that the investment is a poor one. Plaintiffs correctly point out that ERISA [HN5] states explicitly that fiduciaries are required to act "in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter." 29 U.S.C.A. § 1104(a)(1)(D).
A fiduciary is required to discharge his or her duties "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity [*15] and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims. . . ." 29 U.S.C.A. § 1104(a)(1)(B). Thus the Committee Defendants cannot hide behind the provisions of the Plan. See Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc., 472 U.S. 559, 568, 86 L. Ed. 2d 447, 105 S. Ct. 2833 (1985)(stating that "trust documents cannot excuse trustees from their duties under ERISA, and that trust documents must generally be construed in light of ERISA's policies").

C. Failure to Take Illegal Actions

Defendants also assert that Count I fails to state a claim because even if the Committee Defendants knew of the alleged unlawful practices by Household, Defendant Committee Defendants were prohibited under federal securities law from trading based upon non-public information. Plaintiffs argue that at a minimum the Committee Defendants could have notified the appropriate regulatory agencies of the misstatements by Household, refrained from further investment in Household stocks, or made a public announcement

regarding Household's conduct. We are not convinced that such actions could [*16] be required of the Committee Defendants. Had the Committee Defendants done either of the first two alternatives it is possible that the ultimate result would be that the public would learn of or suspect the improper conduct by Household which would generally be the same result as the third alternative. It is possible that had the Committee Defendants followed the suggested conduct they would simply have accelerated the demise of the Household stock held by the fund. Their duty as fiduciaries was to prevent such losses. However, it is not conclusive from the facts before us whether or not the Committee Defendants had viable alternatives that they could have taken. At this stage of the proceedings it is not the burden of Plaintiffs to address all of the potential counter-arguments by Defendants in the complaint. We find that Defendants' arguments on this issue are premature and deny the motion to dismiss Count I to the extent that it contains a claim of imprudent management of the Plan assets. Conley, 355 U.S. at 45-46 (stating that the allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff [*17] can prove no set of facts in support of his claim which would entitle him to relief.").

III. Breach of Duty of Loyalty (Count I)

Defendants also argue that we should dismiss the breach of loyalty claim in Count I. Plaintiffs contend that the Committee Defendants had a conflict of interest because they were both on the Committee and were employees of Household. Section 408(c)(3) of ERISA states that [HN6] "nothing in section 1106 of this title shall be construed to prohibit any fiduciary from . . . serving as a fiduciary in addition to being an officer, employee, agent, or other representative of a party in interest." 29 U.S.C.A. § 1108(c)(3). Defendants cite Cuddington v. Northern Indiana Public Service Co. for the proposition that "just because the Pension Committee is dominated by [the employer's] employees does not automatically mean that a conflict exists." 33 F.3d 813, 816 (7th Cir. 1994). However, such an argument only encourages this court to proceed to the next steps of litigation to assess the evidence and decide if there is sufficient evidence that a conflict exists. Plaintiffs do allege that the compensation of the Committee [*18] Defendants was tied into the Household stock price and the Plan investment in the stock and thus we think that it would be premature to dismiss the breach of loyalty claim based upon a conflict of interest at this juncture.

IV. Misrepresentation Claim (Count II)

In count II, Plaintiffs allege that the Committee Defendants failed to provide complete and accurate information to Plan participants concerning their

retirement investment in Household Stock.

A. Applicability of Rule 9(b)

Defendants first argue that Federal Rule of Civil Procedure 9(b) is applicable to Count II because Count II is essentially a fraud claim, or should be treated as one for purposes of this motion and that Plaintiffs have not met the pleading requirements under Rule 9(b). [HN7] While the notice pleading standard is generally applied in the federal courts, "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity," Fed. R. Civ. P. 9(b), which is accomplished if the plaintiff identifies "the identity of the person making the misrepresentation, the time, place, [*19] and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." Bankers Trust Co. v. Old Republic Ins. Co., 959 F.2d 677, 683 (7th Cir. 1992)(quoting Sears v. Likens, 912 F.2d 889, 893 (7th Cir. 1990)). Rule 9(b) has been termed an exception to the otherwise liberal pleading requirements set forth in Rule 8. Payton v. Rush-Presbyterian-St. Luke's Medical Ctr., 184 F.3d 623, 627 (7th Cir. 1999). The justification for a stricter standard of pleading stems from the reality that fraud claims can cause harm to business reputations. Id.

At first blush, Count II contains no allegations of fraud, however a closer examination of the complaint leads us to conclude that Rule 9(b) is applicable to Count II. The core of the parties' arguments on this point stem from how they characterize the alleged misrepresentations in Count II. Defendants argue that the alleged misrepresentations at issue are allegations concerning intentional wrongdoing and in response Plaintiffs argue that at most they allege negligent conduct and therefore Rule 9(b) does not operate. Both sides cite Adamczyk v. [*20] Lever Bros. Co. in which that court held that Rule 9(b) [HN8] does not apply to negligent misrepresentation claims, but does apply to claims of knowing misrepresentation. 991 F. Supp. 931, 939 (N.D. Ill. 1997).

Plaintiffs allege that the Committee Defendants made misrepresentations because their compensation was connected to Household's stock price, and the Plan's investment supported the stock. (Comp. 111, 112). We agree with Defendants that the allegations in the complaint clearly allege intentional misrepresentations and that Rule 9(b) is applicable. Plaintiffs have not met the heightened pleading requirements under Rule 9(b) and therefore we grant the motion to dismiss Count II to the extent that it alleges intentional misrepresentation.

V. Omission to Disclose Non-Public Information (Count II)

Defendants argue in support of dismissal of Count II that, apart from the misrepresentations alleged in the complaint, the plaintiffs fail to state a claim with respect to the alleged omission to disclose nonpublic information. Plaintiffs argue in response that defendants are improperly characterizing Count II and that defendants had a duty to provide information to the [*21] Plan Participants, and the defendants breached that duty.

Count II states: "Employees never received any information from the Company or any other plan fiduciary that indicated that the Company's stock was not a prudent investment." (Compl. 107, 131). Defendants argue that this allegation, which forms the basis for Plaintiffs' omissions claim, is an attempt to broaden the disclosure requirements far beyond what is required by ERISA § 404, into "a continuous gathering and disclosure of all material nonpublic information about a plan sponsors financial condition..." (Def. Reply Brf. at 26). Plaintiffs, for their part, defend this allegedly sweeping disclosure duty by correctly noting a series of cases which held that fiduciaries have a duty to speak when silence would hurt a beneficiary. See, e.g., Franklin v. First Union Corp., 84 F. Supp. 2d 720, 735 (E.D. Va. 2000) (fiduciary had "a duty to notify the plaintiffs of the changes in the investment funds in such a manner as to prevent any misinformation to and misleading of the plaintiffs...").

The issue, in its simplest form, thus becomes to what extent plaintiffs can push ERISA § 404's duty of disclosure provisions [*22] beyond its explicit terms, given the facts alleged in this case, to state a claim with respect to the alleged omission to disclose non-public information. The United States Supreme Court has yet to address this question. Varity Corp. v. Howe, 516 U.S. 489, 506, 134 L. Ed. 2d 130, 116 S. Ct. 1065 (1996) ("we need not reach the question whether ERISA fiduciaries have any fiduciary duty to disclose truthful information on their own initiative, or in response to employee inquiries"). To resolve the issue, both parties have debated the applicability of a recent Fifth Circuit case dealing with the general issue at hand. Ehlmann v. Kaiser Foundation Health Plan of Texas, 198 F.3d 552 (5th Cir. 2000).

[HN9] The Seventh Circuit has not allowed claims for fiduciary breach based on passive behavior, "unless a fiduciary fails to give a beneficiary material information regarding a plan and the fiduciary's silence is misleading." Chojnacki v. Georgia-Pacific Corp., 108 F.3d 810, 817 (7th Cir. 1997). It is apparent from the face of the complaint that the allegations regarding the omission to disclose nonpublic information encompasses such "passive behavior."

All of the [*23] cases cited by Plaintiffs involved a

specific alleged failure to disclose a concrete piece of information, and how that specific failure as to that specific piece of information states a cause of action in light of *Varity Corp. See, e.g., McDonald v. Provident Indemnity Life Ins. Co.*, 60 F.3d 234 (5th Cir. 1995) (failure to disclose a new rate schedule); *Glaziers & Glassworkers Union Local No. 252 Annuity Fund v. Newbridge Sec. Inc.*, 93 F.3d 1171 (3d Cir. 1996) (failure to disclose details regarding the investment advisor); *Bins v. Exxon Co. U.S.A.*, 189 F.3d 929 (failure to disclose change in lump sum retirement incentive). These cases are distinguishable because even they do not go as far as plaintiffs are hoping to extend defendants duty to disclose information. More importantly, the *Chojnacki* decision from our Court of Appeals, would seem to restrain this extension of this breach of fiduciary duty based upon "passive behavior." *See Chojnacki*, 108 F.3d at 817.

The disclosure standard urged by Plaintiffs in this case is too broad as it would require defendants to continuously gather and disclose nonpublic information bearing [*24] some relation to the plan sponsor's financial condition. Such a burdensome and unprecedented level of disclosure has not been approved by the Seventh Circuit and for this court to permit such would be to extending the statutory language beyond their plain meaning. [HN10] Our authority to interpret ERISA's fiduciary provisions is not absolute, but is limited by the text of the statute. In this instance, plaintiff's proposed duty is not found in the text of the statutes or the cases. We also note that as indicated above, that a public disclosure of the wrongdoing or a notification of others that might leak the information to the public would have caused the stock price to fall and the losses would result to the Plan regardless. Therefore, we grant the motion to dismiss Count II to the extent it is based on the alleged omission to disclose nonpublic information.

VI. Failure to Monitor and Provide Accurate Information (Count III)

In count III of the complaint, Plaintiffs allege that Household and Mr. Aldinger breached fiduciary duties under ERISA by failing to monitor the Committee Defendants and to provide them with information. Defendants first assert that Household had no fiduciary [*25] responsibility with respect to the alleged acts or omissions of the Committee Defendants. Secondly, defendants argue that the claim should also be dismissed as Plaintiffs fail to allege any facts showing that Mr. Aldinger or Household breached any duty they might have had to monitor the Committee Defendants. Defendants final argument in support of dismissal states that plaintiffs fail to state a claim against Household or Mr. Aldinger based on their alleged failure to divulge nonpublic information to the Committee Defendants.

At this stage in the opinion, we have held that at this juncture the claims remain against the Committee Defendants except for the claim based on the alleged failure to disclose non-public information and the intentional misrepresentation claim. Defendants acknowledge that Aldinger had the authority under the plan to appoint and remove Committee members. Defendants argue that Aldinger and Household properly monitored the Committee Defendants and argue that the facts alleged do not show that Aldinger and Household failed to act in a reasonable manner. Such an argument includes a factual determination and is premature at this juncture.

Defendants also argue that [*26] Aldinger and Household were not fiduciaries. However, [HN11] the fact that individuals authorized to monitor administrators of a retirement plan and had "only limited fiduciary responsibilities does not mean that they had no responsibilities whatever." *Leigh v. Engle*, 727 F.2d 113, 135 (7th Cir. 1984). The individuals charged with such monitoring are "fiduciaries responsible for selecting and retaining their close business associates as plan administrators . . . [and cannot] abdicate their duties under ERISA merely through the device of giving their lieutenants primary responsibility for the day to day management of the trust." At the very least a finding that neither Aldinger or Household were fiduciaries is premature at this stage. Therefore, we deny the motion to dismiss Count III to the extent that it alleges a claim based upon Aldinger's and Household's fiduciary duty to monitor the Committee Defendants.

Plaintiffs also allege in Count III that Aldinger and Household failed to disclose non-public information to the Committee Defendants. For the reasons stated above in regards to the similar issue in Count II we grant the motion to dismiss. We also note that Plaintiffs [*27] have not shown that ERISA or the plan placed any such duty on the shoulders of Aldinger or Household.

VII. Breach of Duty to Manage Plan Assets- Matching Contributions (Count IV)

Count IV alleges that Household breached its duty to manage Plan assets by continuing to provide the Household matching contributions in Household Stock rather than cash. Defendants argue that this claim should be dismissed because Household had no discretion to depart from making the match in Company Stock, and that in the absence of such discretion no fiduciary duty could be breached.

As indicated above, [HN12] a plan fiduciary is not required to follow the plan requirements if the result would be detrimental to the plan. 29 U.S.C.A. § 1104(a)(1)(D); 29 U.S.C.A. § 1104(a)(1)(B). Thus,

neither Household nor the Committee Defendants can hide behind the provisions of the Plan.

Plaintiffs assert that Household breached its duty of prudence to Plan participants by continuing to make matching contributions in Household stock. In accordance with our conclusions above, we are not certain that this would be a viable alternative for Household to avoid loss to the [*28] Plan. Such actions could have created suspicion and caused the stock price to fall. However, such a determination is premature at this juncture. Defendants argue that even if Household gave matching cash contributions from Household, the Plan required the Committee Defendants to use the cash contributions to purchase Household stock. However, as indicated above once the Committee Defendants had the cash contributions from Household, they were not necessarily obligated to follow the Plan guidelines if such actions would be detrimental to the Plan. Therefore we deny the motion to dismiss Count IV to the extent that it alleges a breach of a duty of prudence against Household in regards to matching contributions with Household stock.

VIII. Co-Fiduciary Liability (Count I)

Defendants argue that we should dismiss Count I to the extent that it alleges a claim of co-fiduciary liability. Section 1105 of ERISA provides:

[HN13] In addition to any liability which he may have under any other provisions of this part, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: [*29] (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable

efforts under the circumstances to remedy the breach.

29 U.S.C.A. § 1105(a). Plaintiffs allege that the Committee Defendants breached their fiduciary duty by "knowingly undertaking to conceal Household's failure to prudently and loyally manage Plan assets . . . ." (Comp. 122). We find that this conclusory allegation does not even meet the liberal requirements under the notice pleading standard. There are not sufficient facts to provide Defendants with notice of the operative facts which would pertain to a co-fiduciary liability claim. The allegations that all of the Defendants knew of the improper conduct of Household and the Defendants individually acted improperly [*30] does not show that co-fiduciary liability is appropriate. Therefore, we grant Defendants' motion to dismiss the claim based upon co-fiduciary liability.

CONCLUSION

Based on the foregoing analysis, we deny the Defendants' motion to dismiss the claim for failure to prudently manage Plan assets in Count I. We deny the Defendants' motion to dismiss the breach of loyalty claim in Count I. We grant the Defendants' motion to dismiss the misrepresentation claim in Count II. We grant the Defendants' motion to dismiss the claim for the alleged omission to disclose non-public information in Count II. We deny the Defendants' motion to dismiss the breach of duty to monitor claim in Count III. We grant the Defendants' motion to dismiss the claim in Count III based upon Aldinger's and Household's failure to disclose non-public information. We deny the Defendants' motion to dismiss the breach of duty to manage the Plan claim regarding matching contributions in Count IV. We also grant the Defendants' motion to dismiss the co-fiduciary liability claim in Count I.

Samuel Der-Yeghiayan

United States District Court Judge

Dated: March 30, 2004