7

Case 1:05-cv-00429-GMS    Document 32-6    Filed 01/09/2006    Page 1 of 9

LEXSEE

In re LOUISIANA-PACIFIC CORP., ERISA LITIGATION; This Document Relates To: ALL ACTIONS.

Civil No. 02-1023-KI

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON

2003 U.S. Dist. LEXIS 7645

April 24, 2003, Decided

**SUBSEQUENT HISTORY:** Complaint dismissed at, in part In re Louisiana-Pacific Corp., 2003 U.S. Dist. LEXIS 8127 (D. Or., Apr. 24, 2003)

**DISPOSITION:** [*1] Motion to Dismiss First Consolidated Amended Complaint granted in part. Louisiana-Pacific Corp. dismissed from case.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** In plaintiff plan participants and beneficiaries' action under the Employee Retirement Income Security Act of 1974 (ERISA) to remedy alleged breaches of fiduciary duty by defendants, sponsor of the plans, individual members of the plans' administrative committee, and the plans' trustee, under ERISA, defendants filed a motion to dismiss plaintiffs' first consolidated amended complaint.

**OVERVIEW:** Whether plaintiffs could represent the participants in the plan for salaried employees was not at issue until and unless plaintiffs moved to certify a class covering both plans. In the sponsor's situation, the committee members were appointed by any two officers of the sponsor, not by the sponsor itself. Thus, plaintiffs' argument that the sponsor's naming of the committee triggered fiduciary status for the sponsor itself was unavailing due to lack of factual support. Even if the court considered the sponsor's influence on its officers in naming the committee, fiduciary status was not triggered. Fiduciary status was based on actual decision-making power rather than on any influence that a professional may have over the decisions made by plan trustees that were advised. The court agreed that the sponsor was not a fiduciary of the plans. Plaintiffs' allegations that defendants committed numerous breaches of fiduciary duty which were not averments of fraud sufficiently stated a claim for breach of fiduciary duty under ERISA and Fed. R. Civ. P. 8 notice pleading requirements, without any need to analyze or rely on the allegations concerning failure to provide information.

**OUTCOME:** Defendants' motion to dismiss the first consolidated amended complaint was granted in part and denied in part, and the sponsor was dismissed from the case.

**CORE TERMS:** fiduciary, stock, breach of fiduciary duty, common stock, invested, profit sharing, eligible, motion to dismiss, fiduciary duty, fraud claim, hourly, particularity, beneficiary, notice, salaried employees, profit sharing plan, breaches of fiduciary duty, class representative, fiduciary obligation, fraudulent conduct, summary judgment, administrator, heightened, putative, entity, per share, administered, naming, prohibited transaction, standing to challenge

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action*
[HN1] A motion to dismiss under Fed. R. Civ. P. 12(b)(6) will only be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his complaint which would entitle him to relief. Normally, the review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. The court, however, may consider whether conclusory allegations follow from the description of facts alleged. The court may also review a document extrinsic to the complaint if the authenticity of the document is not contested and the complaint necessarily relies upon it. Moreover, the court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.

Page 1

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings*
[HN2] A court may deny leave to amend when any proposed amendment would be futile.

*Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN3] Actions for breach of fiduciary duty under the Employee Retirement Income Security Act can be brought by the Secretary of Labor, or a participant, beneficiary or fiduciary of the plan. 29 U.S.C.S. § 1132(a)(2).

*Civil Procedure > Class Actions > Prerequisites*
[HN4] Once a potential Employee Retirement Income Security Act (ERISA) class representative establishes his individual standing to sue his own ERISA-governed plan, there is no additional constitutional standing requirement related to his suitability to represent the putative class of members of other plans to which he does not belong.

*Civil Procedure > Justiciability > Case or Controversy*
*Constitutional Law > The Judiciary > Case or Controversy > Standing*
[HN5] The core component of standing is an essential and unchanging part of the case-or-controversy requirement of U.S. Const. art. III. In its constitutional dimension, standing imports justiciability: whether the plaintiff has made out a "case or controversy" between himself and the defendant within the meaning of U.S. Const. art. III. This is the threshold question in every federal case, determining the power of the court to entertain the suit.

*Civil Procedure > Justiciability > Standing*
*Constitutional Law > The Judiciary > Case or Controversy > Standing*
*Civil Procedure > Class Actions > Prerequisites*
[HN6] Threshold individual standing is a prerequisite for all actions, including class actions. A potential class representative must demonstrate individual standing vis-as-vis the defendant; he cannot acquire such standing merely by virtue of bringing a class action. Once an individual has alleged a distinct and palpable injury to himself he has standing to challenge a practice even if the injury is of a sort shared by a large class of possible litigants. Once his standing has been established, whether a plaintiff will be able to represent the putative class, including absent class members, depends solely on whether he is able to meet the additional criteria encompassed in Fed. R. Civ. P. 23.

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
*Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN7] Under the Employee Retirement Income Security Act, fiduciaries are not only named fiduciaries but include anyone else who exercises discretionary control or authority over the plan's management, administration, or assets. 29 U.S.C.S. § 1102(a). A person's actions, and not the official designation of his role, determines fiduciary status.

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
*Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN8] Plan fiduciaries cannot control, and thus cannot breach a fiduciary duty, concerning funds which are not yet paid to and in control of a plan.

*Civil Procedure > Pleading & Practice > Pleadings > Interpretation*
*Civil Procedure > Pleading & Practice > Pleadings > Heightened Pleading Requirements*
[HN9] Fed. R. Civ. P. 8 notice pleading requires only a short and plain statement of the claim showing that the pleader is entitled to relief. In contrast, Fed. R. Civ. P. 9(b) requires that in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

*Civil Procedure > Pleading & Practice > Pleadings > Interpretation*
*Civil Procedure > Pleading & Practice > Pleadings > Heightened Pleading Requirements*
[HN10] If fraud is not a necessary element of a claim, a plaintiff nevertheless may choose to allege that defendant engaged in fraudulent conduct. If plaintiff alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of a claim, the claim is "grounded in fraud" and the pleading of that claim as a whole must satisfy the particularity requirement of Fed. R. Civ. P. 9(b). If plaintiff instead alleges some fraudulent and some non-fraudulent conduct to support a

Page 2

claim, only the allegations of fraud are subject to Rule 9(b). The allegations of non-fraudulent conduct must only satisfy the Fed. R. Civ. P. 8 notice pleading standards. If the averments of fraud do not meet Rule 9(b)'s standard, those allegations are stripped from the claim. The court should then determine if the remaining allegations state a claim.

**COUNSEL:** William S. Lerach, Darren J. Robbins, Douglas R. Britton, William J. Doyle II, Milberg Weiss Bershad Hynes & Lerach LLP, San Diego, California, Attorneys for Plaintiffs.

Gary I. Grenley, David E. Dean, Grenley Rotenberg Evans Bragg & Bodie, P.C., Portland, Oregon, Liaison Counsel.

Stephen F. English, Nickolas J. Dibert, Portland, Oregon. H. Douglas Hinson, Patrick C. DiCarlo, Alston & Bird LLP, Atlanta, Georgia, Attorneys for Defendants Louisiana-Pacific Corporation and Michael J. Tull.

**JUDGES:** GARR M. KING, United States District Judge.

**OPINIONBY:** GARR M. KING

**OPINION:** KING, Judge:

Plaintiffs, all participants and beneficiaries of the Louisiana-Pacific Hourly 401(k) and Profit Sharing Plan and the Louisiana-Pacific Salaried 401(k) and Profit Sharing Plan (collectively, the "Plans"), bring this proposed class action under the Employee Retirement Income Security Act of 1974 ("ERISA") to remedy defendants' alleged breaches of fiduciary duty under ERISA. Plaintiffs allege that defendants restricted their investment choices and failed to disclose adequate information [*2] about Louisiana-Pacific Corporation's ("LP") financial condition which deprived plaintiffs of the opportunity to make informed judgments about their investments in LP stock in their Plan accounts. Before the court is defendants' Motion to Dismiss First Consolidated Amended Complaint n1 (# 39). For the reasons below, I grant the motion in part and dismiss LP from the case.

---

n1 For simplicity, I will call it the Complaint.

---

### ALLEGED FACTS

Plaintiffs bring this case on behalf of the participants and beneficiaries of the Plans. LP is the Sponsor of the Plans, as defined by ERISA. The Plans are administered in part by the Plans' Administrative Committee, comprised of the three individual defendants, Michael Tull, Curtis Stevens, and Russell Pattee. The Administrative Committee manages the LP Stock Fund and selects the investment funds available for employee-directed investments. Defendant Charles Schwab Trust Company ("Schwab") is the Trustee of the Plans.

Originally, LP established LP Hourly and Salaried Employee [*3] Stock Ownership Trusts ("ESOTs"), stock bonus plans and employee stock ownership plans, in 1989. Although the ESOTs authorized LP to make contributions to participants in the form of cash, LP common stock, or both, all contributions were made in LP common stock. Participants in the ESOTs were prohibited from diversifying their shares of LP common stock until they completed at least ten years participation in the ESOTs and reached age 55. A person fully vested in his ESOT account could elect to invest all or a portion of the account in a Savings Fund which was comprised of fixed income investments. Defendants did not disclose to participants the procedure for electing the Savings Fund.

LP decided to phase out the ESOTs. It added a 401(k) plan feature to the ESOTs effective on October 1, 1999. On January 1, 2000, employer matching contributions and a profit sharing plan were added to the ESOTs. On December 31, 2000, LP merged the ESOTs with the profit sharing plans, forming the current Plans. The Plans eliminated the employee stock ownership plan provisions but the participants' accounts of LP common shares remained intact.

The Plans let a participant make a pre-tax contribution in [*4] the amount of 1% to 15% of total eligible compensation, with an annual maximum in 2000 and 2001 of $10,500. LP matches 100% of the employee contributions for the first 3% of eligible compensation and 25% for the next 2% of eligible compensation. The employee and matching contribution could be invested either in LP common stock or a number of mutual funds.

The Plans also authorize LP to make profit sharing contributions in LP stock up to 3% of eligible compensation with the contribution either in cash, LP common stock, or both. Cash contributions must be invested in LP common stock within a reasonable time. Until July 2002, participants were prohibited from diversifying the LP common stock in their profit sharing accounts.

On January 1, 2000, LP established ESOT transfer accounts within the Plans to hold LP stock transferred in from the participants' ESOT accounts. The Plans then permitted the participants to invest the ESOT transfer accounts in any of the investment funds offered by the 401(k) Plans. The Plans authorized the transfer of the amounts in a participant's ESOT account to the

participant's ESOT transfer account gradually over the four-year period starting in the 2000 [*5] plan year and ending in the 2003 plan year. P 44. The Plans also authorized the Administrative Committee to accelerate the transfer, in its discretion. Although the acceleration provision, if used to the full extent, would have allowed participants to immediately diversify their LP stock investments, defendants did not complete the transfer until July 2002, when LP stock was trading below $ 7. Because of the delay in transfers, the participants could not exercise control over their assets and were forced to concentrate their funds in LP stock, resulting in substantial retirement fund losses.

The Plans also allowed defendants to transfer the ESOT account balances into one of the other investment funds, such as the money market fund. Instead, defendants chose to transfer the ESOT accounts into the Plans' LP Stock Fund on a share per share basis. Defendants also failed to inform participants of the risks inherent in over-concentration in LP stock.

Between June 1999 and July 2002, LP stock dropped from over $ 24 per share to below $ 7 per share.

Plaintiffs allege that defendants other than Schwab breached their ERISA fiduciary duties of loyalty and prudence by: (1) permitting a significant [*6] percentage of the Plans' assets to be invested in LP stock; (2) failing to adequately investigate and monitor the merits of the Plans' investments in LP stock; (3) failing to take steps to eliminate or reduce the amount of LP stock in the Plans; (4) failing to adhere to the Plans' purpose of providing retirement security to eligible employees; (5) failing to provide adequate information about the composition of the Plans' portfolio and accurate information about LP and its financial prospects; (6) imposing restrictions on investments in LP stock and promoting LP stock as a prudent Plan investment; and (7) delaying transfer of ESOT accounts into 401(k) accounts and requiring that transferred accounts be invested in LP stock. Plaintiffs allege an additional count against Schwab that it breached its fiduciary duties of loyalty and prudence by failing to reduce the concentration of LP stock, failing to sell LP stock, and failing to provide adequate information about the composition of the Plans' portfolio and LP and its financial prospects.

### LEGAL STANDARDS

[HN1] A motion to dismiss under Rule 12(b)(6) will only be granted if it "appears beyond doubt that the plaintiff can prove no set [*7] of facts in support of his complaint which would entitle him to relief." Gilligan v. Jamco Development Corp., 108 F.3d 246, 248 (9th Cir. 1997). Normally, the review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. Id. The court, however, may consider whether conclusory allegations follow from the description of facts alleged. Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992). The court may also review a document extrinsic to the complaint if the authenticity of the document is not contested and the complaint necessarily relies upon it. Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir.) (permissible to consider employer's group insurance application in action alleging improper denial of benefits), cert. denied, 525 U.S. 1001, 142 L. Ed. 2d 423, 119 S. Ct. 510 (1998). Moreover, the court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998).

[HN2] A court may [*8] deny leave to amend when any proposed amendment would be futile. Reddy v. Litton Industries, Inc., 912 F.2d 291, 296 (9th Cir. 1990), cert. denied, 502 U.S. 921, 116 L. Ed. 2d 272, 112 S. Ct. 332 (1991).

### DISCUSSION

I. Standing

Plaintiffs allege their claims against both Plans, one for hourly employees and one for salaried employees. Both plaintiffs are participants in the Plan for hourly employees and were never participants in the Plan for salaried employees. Defendants contend that plaintiffs do not have standing to allege claims concerning the Plan for salaried employees.

Plaintiffs argue that they have standing to bring a class action for breach of fiduciary duty for participants of both Plans because the two Plans are offered by the same defendant and the challenged practices were uniformly applied to both the hourly and salaried Plans.

[HN3] Actions for breach of fiduciary duty under ERISA can be brought by the Secretary of Labor, or a participant, beneficiary or fiduciary of the plan. 29 U.S.C. § 1132(a)(2). Defendants rely on Acosta v. Pacific Enterprises, 950 F.2d 611 (9th Cir. 1991), in [*9] which Acosta, a participant in his employer's ERISA plan, sued his ERISA plan, his employer, his employer's parent company, and the ERISA plans of the parent company and its other subsidiaries. The plans refused to provide Acosta with a list of their participants which Acosta sought to solicit the participants' proxy votes in an election for a seat on the parent company's board of directors. Acosta contended that he had standing to challenge decisions in all of the plans if the plans are administered as one. The court held that Acosta had standing under ERISA to bring an action for breach of

Page 4

fiduciary duty in the administration of his own plan but lacked standing to sue regarding the administration of the other plans in which he did not participate. "If an individual does not participate in a specific plan, the fiduciaries of that plan generally have no fiduciary duty to him. The fact that a fiduciary maintains or administers several plans does not automatically give each participant entitlements in every other plan." Id. at 617.

Plaintiffs rely on Fallick v. Nationwide Mutual Insurance Co., 162 F.3d 410 (6th Cir. 1998). Fallick sued his employer, [*10] Nationwide, to challenge his ERISA health plan's administration of its "reasonable and customary rate" provision. He then moved to certify a class of all employees of entities that are not associated with Nationwide but whose plans are administered or insured by Nationwide. In ruling on a motion to dismiss that was pending at the same time, the district court ruled that Fallick lacked standing under Article III to represent participants in benefit plans other than his own. This mooted the motion to certify a class. Id. at 412. The appellate court reversed, holding that [HN4] "once a potential ERISA class representative establishes his individual standing to sue his own ERISA-governed plan, there is no additional constitutional standing requirement related to his suitability to represent the putative class of members of other plans to which he does not belong." Id. at 424. It noted that the district court confused the issue of plaintiff's standing under Article III to sue a defendant with the issue of the relationship between a potential class representative and absent class members, as governed by Rule 23.

> [HN5] The core component of standing is an essential [*11] and unchanging part of the case-or-controversy requirement of Article III. The Supreme Court made clear in Warth that in its constitutional dimension, standing imports justiciability: whether the plaintiff has made out a 'case or controversy' between *himself and the defendant* within the meaning of Article III. This is the threshold question in every federal case, determining the power of the court to entertain the suit.
>
> [HN6] Threshold individual standing is a prerequisite for all actions, including class actions. A potential class representative must demonstrate individual standing vis-a-vis the defendant; he cannot acquire such standing merely by virtue of bringing a class action. As this Court has made clear, however, once an individual has alleged a distinct and palpable injury to himself he has standing to challenge a practice even if the injury is of a sort shared by a large class of possible litigants. Once his standing has been established, whether a plaintiff will be able to represent the putative class, including absent class members, depends solely on whether he is able to meet the additional criteria encompassed in Rule 23 of the Federal Rules of Civil Procedure. Thus, [*12] in the instant matter, once the district court correctly determined that Fallick had standing to bring suit under ERISA against Nationwide with respect to its application of reasonable and customary limitations to its determination of medical benefits -- a methodology which, by Nationwide's own admission, it employs in all the benefits plans which Fallick wishes to include under the aegis of the proposed class -- the court should then have analyzed whether Fallick satisfied the criteria of Rule 23 with respect to the absent class members.

Id. at 422-23 (emphasis in the original, internal citations and quotations omitted).

These cases can be harmonized with careful reading. In Acosta, plaintiff named as defendants several plans in which he was neither a participant nor a beneficiary. The court held that under ERISA, he had no standing to sue the other plans because their fiduciaries did not owe him a duty. In Fallick, plaintiff only named his employer as defendant. No one contended that he did not have standing against his employer. Thus, at the time of class certification, the question arose as to whether plaintiff's relationship with the putative [*13] class, including participants of plans of which he was not a member, met the requirements of Rule 23.

In the situation before me, plaintiffs named as defendants LP, Schwab, and the three individuals who are on the Administrative Committee of both plans. There is no argument that plaintiffs do not have standing against those defendants. Thus, Acosta does not control the issue because the other *plans* are not named as defendants. Whether plaintiffs can represent the participants in the Plan for salaried employees is not at issue until and unless plaintiffs move to certify a class covering both Plans. Accordingly, the argument is unavailing in this motion to dismiss.

II. Fiduciary Status of LP

Defendants contend that LP does not have fiduciary status under ERISA for numerous reasons: (1) LP officer's naming of the Plans' Administrative Committees does not trigger fiduciary status nor does the fact that LP officers serve on the Committees; (2) LP's decision of whether to make employer contributions in stock or cash does not make the company a fiduciary because fiduciary obligations do not arise until the contribution is paid by

Page 5

the employer to the plan and LP makes the [*14] decision on the form of contribution before that time; (3) any indirect influence LP exerts over Plan assets by giving information to participants is not direct enough to make LP a fiduciary; and (4) that under the terms of the Plans, any two LP officers, and not LP itself, have the authority to appoint the Plans' Trustee and Administrative Committee.

Plaintiffs contend that LP's power to select the investment funds, the form of contribution, and the power to appoint and remove fiduciaries makes LP a fiduciary of the Plans, in addition to the fact that LP gave itself the discretion to designate the LP Stock Fund as an investment option.

[HN7] Under ERISA, fiduciaries are not only named fiduciaries but include anyone else who exercises discretionary control or authority over the plan's management, administration, or assets. Mertens v. Hewitt Associates, 508 U.S. 248, 251, 113 S. Ct. 2063, 124 L. Ed. 2d 161 (1993); 29 U.S.C. § 1102(a). A person's actions, and not the official designation of his role, determines fiduciary status. Acosta, 950 F.2d at 618.

In Gelardi v. Pertec Computer Corp., 761 F.2d 1323 (9th Cir. 1985), [*15] the court held that the employer and the company hired by the employer to administer the ERISA plan were not fiduciaries because the employer retained no discretionary control over the disposition of claims and the administrator performed only administrative functions by processing claims within a framework of policies established by others. Id. at 1325. The court also noted that even though ERISA anticipates that employees will serve on fiduciary committees, the statute imposes liability on the employer only to the extent the employer exercises a fiduciary responsibility. In Gelardi, the plan administrator served at the pleasure of the employer's Board of Directors. Thus, the employer was a fiduciary only with respect to the selection of the administrator and was not under a broader fiduciary duty. Plaintiff had not alleged a breach of the narrow fiduciary duty related to the selection of the administrator. Thus, the trial court correctly granted summary judgment in the employer's favor based on the reasoning that the employer was not a fiduciary. Id.

In LP's situation, Administrative Committee members are appointed by any two officers of LP, not by LP itself. [*16] Van Walleghem Affidavit, Ex. D at 109 P 20.1. Thus, plaintiff's argument that LP's naming of the Administrative Committee triggers fiduciary status for LP itself is unavailing due to lack of factual support. Even if I consider LP's influence on its officers in naming the Administrative Committee, fiduciary status would not be triggered. In a related context, courts have held that fiduciary status is based on actual decision-making power rather than on any influence that a professional may have over the decisions made by plan trustees that are advised. Pappas v. Buck Consultants, Inc., 923 F.2d 531, 535 (7th Cir. 1991) (concerning actuarials that advise ERISA fiduciaries; collecting cases from other circuits).

Similarly, the Administrative Committee, and not LP, directs how the trust fund is to be invested, in compliance with other provisions of the Plans. Van Walleghem Affidavit, Ex. D at 87, P 15.2.

Plaintiff's remaining argument is that LP is a fiduciary because it has the discretion to contribute its profit sharing contributions in cash or in LP stock, but it chose LP stock.

I first note that the Plan requires that prior to July 21, 2002, all profit [*17] sharing contributions made in cash are to be invested in LP stock "within a reasonable time." Van Walleghem Affidavit, Ex. D at 54, P 17.1. Consequently, LP's discretionary decision seems to be of little importance.

Defendants rely on Cline v. Industrial Maintenance Engineering and Contracting Co., 200 F.3d 1223 (9th Cir. 2000). Plaintiffs in Cline were trying to rely on minimum participation and vesting requirements contained in parts of ERISA which the court concluded did not apply to the plan at issue. Plaintiffs alleged that the company's failure to contribute adequately constituted prohibited transactions. The court went on to reason:

> Furthermore, even assuming that [the company] had failed adequately to contribute to the Plan, [plaintiffs'] prohibited transaction argument fails because such funds have not become "plan assets." Until the employer pays the employer contributions over to the plan, the contributions do not become plan assets over which fiduciaries of the plan have a fiduciary obligation; this is true even where the employer is also a fiduciary of the plan. [Plaintiffs'] allegation that employer contributions were withheld cannot provide [*18] the basis for a prohibited transaction claim because no "plan assets" are involved.

Id. at 1234 (internal citation omitted).

The plaintiffs before me interpret this to mean that a fiduciary obligation is created when the employer makes the contribution to the plan. I agree with LP that this interpretation goes too far. I do not interpret Cline's statement to create an additional fiduciary obligation which can turn an entity into a fiduciary when the entity was not a fiduciary otherwise. I interpret it to mean that

Page 6

[HN8] plan fiduciaries cannot control, and thus cannot breach a fiduciary duty, concerning funds which are not yet paid to and in control of a plan.

In summary, I agree that LP is not a fiduciary of the Plans and dismiss it from this action.

III. Pleading Standards

Defendants contend that the heightened pleading standards under Fed. R. Civ. P. 9(b) for fraud should be applied to this case because the claims are based on intentional misrepresentations and omissions, even though plaintiffs do not expressly plead a fraud claim. Defendants further argue that the allegations do not have sufficient particularity to satisfy Rule 9(b).

Plaintiffs [*19] contend that they have not alleged the particularities required for a fraud claim because they are not bringing a fraud claim. They disagree with defendants' argument that their ERISA breach of fiduciary duty claim is based on fraudulent conduct. Thus, plaintiffs argue that only the notice pleading requirements under Rule 8 apply and that the Complaint satisfies those requirements.

Rule 8 [HN9] notice pleading requires only a short and plain statement of the claim showing that the pleader is entitled to relief. In contrast, Rule 9(b) requires that in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

Defendants rely on Concha v. London, 62 F.3d 1493, 1503 (9th Cir. 1995), cert. dismissed, 517 U.S. 1183, 134 L. Ed. 2d 772, 116 S. Ct. 1710 (1996), which held that Rule 9(b)'s heightened pleading standards do not apply to ERISA breach of fiduciary duty claims which do not allege fraud or mistake. The court held that Rule 8 applied to the complaint before it which alleged breaches of fiduciary duty for various things, including self-dealing, [*20] prohibited transactions, loaning out plan assets, and jeopardizing the plan's tax-exempt status by causing excess assets to be contributed. Id. at 1499, 1503. Defendants distinguish Concha based on their contention that fraud underlies plaintiffs' claim.

Defendants also point to Caputo v. Pfizer, Inc., 267 F.3d 181 (2nd Cir. 2001), which required Rule 9(b)'s heightened pleading standards in an ERISA breach of fiduciary duty claim which alleged that the company intentionally lied about a planned "golden handshake" early retirement package so that employees would retire prior to announcement of the package. Plaintiffs in Caputo were also trying to fit within ERISA's extended statute of limitations for fraud or concealment. Id. at 188-190.

The Ninth Circuit recently elaborated on the Rule 8 versus Rule 9(b) pleading standards in a non-ERISA context in Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097 (9th Cir. 2003). Plaintiff alleged that defendants illegally conspired to increase sales of Ritalin, a drug commonly prescribed for Attention Deficit Disorder/Attention Deficit Hyperactivity Disorder, by fraudulently [*21] representing in multiple ways that the diagnostic criteria for the disorder was scientifically reliable. The court noted that [HN10] if fraud is not a necessary element of a claim, a plaintiff nevertheless may choose to allege that defendant engaged in fraudulent conduct. If plaintiff alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of a claim, the claim is "grounded in fraud" and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b). If plaintiff instead alleges some fraudulent and some non-fraudulent conduct to support a claim, only the allegations of fraud are subject to Rule 9(b). The allegations of non-fraudulent conduct must only satisfy the Rule 8 notice pleading standards. If the averments of fraud do not meet Rule 9(b)'s standard, those allegations are stripped from the claim. The court should then determine if the remaining allegations state a claim. Id. at 1103-05.

LP plaintiffs allege that defendants committed numerous breaches of fiduciary duty which are not averments of fraud, including permitting a significant percentage of the Plans' assets to be invested in LP [*22] stock, failing to adequately investigate and monitor the merits of the Plans' investments in LP stock, and restricting plaintiffs' investments in LP stock. Those three types of allegations sufficiently state a claim for breach of fiduciary duty under ERISA and Rule 8 notice pleading requirements, without any need to analyze or rely on the allegations concerning failure to provide information. Accordingly, defendants' motion to dismiss for failure to state a claim under Rule 9(b) standards is denied.

IV. Remaining Arguments Raised by Defendants

Defendants raise numerous other arguments against the Complaint, many of them based on defendants' characterization of plaintiffs' claim as being a thinly-disguised fraud claim. None of the arguments would dismiss the entire Complaint. I agree with plaintiffs that these arguments are more appropriately addressed in the context of a motion for summary judgment when we have an evidentiary record. For those reasons, I decline to address the remaining arguments but invite defendants to raise them again in a summary judgment context.

Page 7

## CONCLUSION

Motion to Dismiss First Consolidated Amended Complaint (# 39) is granted in part. Louisiana-Pacific [*23] Corp. is dismissed from the case.

DATED this 24th day of April, 2003.

GARR M. KING

United States District Judge