UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| SALLY CANNON, CHRISTIAN FONDEUR, and RALPH KUNES, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MBNA CORPORATION, PENSION AND 401(K) PLAN COMMITTEE of MBNA CORPORATION, BRUCE L. HAMMONDS, KENNETH F. BOEHL, CHARLES C. KRULAK, TERRI C. MURPHY, JOHN W. SCHEFLEN, KENNETH A. VECCHIONE, LANCE L. WEAVER, and THOMAS D. WREN,<br><br>Defendants. | CASE NO. 05-429 (GMS) |

## JOINT RULE 26(f) STATUS REPORT

On June 12, 2007, the parties, through their counsel, conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. They hereby submit this Joint Status Report in preparation for the Scheduling Conference before this Court set for June 26, 2007 at 9:00 a.m., pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.2.

1.  **Jurisdiction and Service:** The parties agree that the Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1). The Court has jurisdiction over all the parties, and no parties remain to be served.

2.  **Substance of the Action:** Plaintiffs Sally Cannon, Christian Fondeur, and Ralph Kunes are participants in the MBNA Corporation 401(k) Plus Savings Plan (the "Plan"). They

allege that the Plan suffered losses because it purchased and held MBNA common stock that declined in value during the Class Period, from January 7, 2005 through April 22, 2005. Plaintiffs allege that defendants breached various fiduciary duties under ERISA by allowing the Plan to purchase and continue to hold a portion of the Plan's assets in MBNA stock and by failing to disclose to Plan participants certain information regarding MBNA's financial condition. Defendants claim that none of the defendants breached any duty under ERISA, and they have filed a motion to dismiss all of plaintiffs' claims for failure to state a claim upon which relief can be granted.

3. **Identification of Issues:** Factual and legal issues include: (a) whether MBNA and individual defendant Bruce Hammonds were fiduciaries of the Plan under ERISA; (b) whether certain individual defendants' personal investment in MBNA stock was a breach of their duty of loyalty to the Plan under ERISA; (c) whether the Plan Committee's decision to offer and continue to offer the MBNA Stock Fund as an investment option under the Plan during the Class Period is entitled to a presumption that the Plan Committee acted consistently with ERISA; (d) whether MBNA's alleged misleading public statements were made in a fiduciary capacity or made specifically to Plan participants; (e) whether a duty existed under ERISA for defendants to provide information to Plan participants about the expected future performance of MBNA or its stock; (f) whether defendant Hammonds, as a member of the MBNA Board, had notice that specific appointees to the Plan Committee were incompetent or otherwise replaceable for cause and yet failed to remove them; (g) whether plaintiffs have shown a primary breach of fiduciary duty by any of the defendants; (h) whether any defendant knew of a breach by another defendant, participated in that breach or failed to remedy a breach; (i) whether this action is appropriate to be maintained as a class action and whether plaintiffs are appropriate class representatives;

(j) whether ERISA's Section 404(c) defense applies to plaintiffs' allegations; and (k) whether defendants' alleged breaches of ERISA caused any loss to plaintiffs.

4.  **Narrowing of Issues:** At this stage in the litigation, the parties have not reached agreement on ways to narrow the issues before the Court. The parties may be able to narrow the issues in the litigation by agreement once the Court rules upon defendants' motion to dismiss the Amended Complaint. The parties will work in good faith to achieve that result.

5.  **Relief:** Plaintiffs seek damages necessary to make the Plan whole for its losses on MBNA stock during the Class Period and the imposition of a constructive trust of all amounts by which any individual defendant was unjustly enriched at the expense of the Plan during the Class Period on their sales of MBNA stock during the Class Period. Plaintiffs estimate the amount of damages sought for the Plan, calculated as the difference between the amount the Plan lost on MBNA stock during the Class Period and the amount the Plan would have earned had the Plan assets been invested in a prudent manner, between approximately $56 million and $88 million at the present time. At present, plaintiffs are not able to compute the amount of any unjust enrichment on certain individual defendants' sales of approximately $40 million of MBNA stock during the Class Period.

6.  **Amendment of Pleadings:** Plaintiffs will amend the Amended Complaint, if necessary or appropriate, within 60 days after the Court rules upon defendants' motion to dismiss. Given that plaintiffs have already amended their complaint once, defendants oppose any further amendments.

7.  **Joinder of Parties:** Plaintiff will join any additional parties within 60 days after defendants file their answer. Defendants do not anticipate the need at this time to join any additional parties.

8.      **Discovery:** Defendants have produced 632 pages of documents to plaintiffs consisting of the Plan documents, a description of the Plan Committee members' responsibilities, minutes of the Plan Committee meetings and presentations discussed at these meetings. Plaintiffs have not sought additional discovery pursuant to the following agreement, memorialized in a February 6, 2006 email sent from Matthew Guiney (one of plaintiffs' counsel) to Richard Pepperman (one of defendants' counsel):

> We can agree to the production of documents you currently have and stay discovery until the ruling on the MTD in this ERISA action, then revisit the issue (if a ruling on the MTD in the 10b-5 action arises) with the following caveat: we reserve the right to seek additional documents if the court delays ruling on the 10b-5 motion to dismiss, and we understand that you have the right to oppose our request.

If the Court denies defendants' motion to dismiss in whole or in part, plaintiffs intend to serve a document request within 30 days. Plaintiffs submit that they are entitled to propound such a discovery request pursuant to the discovery agreement described above.

Defendants submit that in order to ensure that discovery is not unnecessarily costly and time-consuming, any additional discovery in this action should not commence prior to, and should be coordinated with, the start of discovery in Civil Action Numbers 05-272 (GMS) and 05-327 (GMS), two other actions pending before this Court based on the same underlying factual allegations. Discovery in Civil Action Number 05-272 – *In re MBNA Corp. Securities Litigation* – is currently stayed pursuant to the Private Securities Litigation Reform Act of 1995. 15 U.S.C. § 78u-4(b). Plaintiffs submit that ERISA-specific discovery need not await the discovery schedule in the companion actions.

9.      **Estimated trial length:** The parties estimate a two week trial at this time.

481012                                            4

10. **Jury Trial:** Plaintiffs' Amended Complaint demands a trial by jury on all issues so triable.

11. **Settlement:** The parties are amenable to exploring settlement under the supervision of Magistrate Judge Thynge or an outside mediator to be agreed upon by the parties.

12. **Other Matters:** The parties have not identified any additional matters to bring to the Court's attention at this time.

13. **Certification:** Counsel for the parties have conferred about each of the above matters in advance of this submission.

481012                                    5

Dated: June 18, 2007

| | |
|---|---|
| **ROSENTHAL, MONHAIT & GODDESS, P.A.** | **YOUNG CONAWAY STARGATT & TAYLOR, LLP** |
| By: /s/ *Jeffrey S. Goddess* <br> Jeffrey S. Goddess (No. 630) <br> 919 Market Street, Suite 1401 <br> P.O. Box 1070 <br> Wilmington, DE 19899-1070 <br> (302) 656-4433 | By: /s/ *Richard H. Morse* <br> Richard H. Morse (No. 531) <br> The Brandywine Building <br> 1000 West Street, 17th Floor <br> Wilmington, DE 19807 <br> (302) 571-6600 |
| Fred T. Isquith <br> Mark C. Rifkin <br> Matthew M. Guiney <br> **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP** <br> 270 Madison Avenue <br> New York, NY 10016 <br> (212) 545-4600 | Richard J. Urowsky <br> Richard C. Pepperman II <br> Ryan C. Williams <br> M. David Possick <br> **SULLIVAN & CROMWELL LLP** <br> 125 Broad Street <br> New York, NY 10004 <br> (212) 558-4000 |
| Thomas J. McKenna <br> **GAINEY & McKENNA** <br> 295 Madison Ave., 4th Floor <br> New York, NY 10017 <br> (212) 983-1300 | *Attorneys for Defendants* |
| David J. Goldsmith <br> **LABATON RUDOFF & SUCHAROW LLP** <br> 100 Park Avenue <br> New York, NY 10017 <br> (212) 907-0700 | |
| *Attorneys for Plaintiffs Sally Cannon, Christian Fondeur, and Ralph Kunes* | |