IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SALLY CANNON, CHRISTIAN FONDEUR, and RALPH KUNES, On Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> MBNA CORPORATION, PENSION AND 401(K) PLAN COMMITTEE OF MBNA CORPORATION, BRUCE L. HAMMONDS, KENNETH F. BOEHL, CHARLES C. KRULAK, TERRI C. MURPHY, JOHN W. SCHEFLEN, KENNETH A. VECCHIONE, LANCE L. WEAVER, and THOMAS D. WREN, <br><br> Defendants. | Civil Action No. 05-429 GMS |

## **MEMORANDUM**

**I.    INTRODUCTION**

This is a class action lawsuit brought by several former employees ("the plaintiffs") of MBNA Corporation ("MBNA") against MBNA, former MBNA CEO Bruce Hammonds ("Hammonds"), the MBNA Plan Committee (the "Plan Committee"), and Plan Committee members Kenneth F. Boehl ("Boehl"), Charles C. Krulak ("Krulak"), Terri C. Murphy ("Murphy"), John W. Scheflen ("Scheflen"), Kenneth A. Vecchione ("Vecchione"), Lance L. Weaver ("Weaver"), and Thomas D. Wren ("Wren"). The plaintiffs bring this suit as a civil enforcement action under the Employee Retirement Income Security Act ("ERISA"), and claim that the defendants engaged in activities constituting a breach of fiduciary duties allegedly owed to the plaintiffs under ERISA. The plaintiffs filed a class action complaint against the defendants on June 24, 2005, seeking to represent

a class of all MBNA employees who participated in an MBNA-sponsored retirement savings plan between January 7, 2005 and April 22, 2005 (the "Class Period"), and whose accounts included MBNA stock. The plaintiffs filed an amended complaint on November 8, 2005.

Presently before the court is the defendants' motion to dismiss the plaintiffs' amended complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons discussed below, the court will deny the motion.

## II.   BACKGROUND

The following facts are taken from the plaintiffs' amended complaint. During the Class Period, the plaintiffs participated in MBNA's 401(k) Plus Savings Plan (the "Plan"). (D.I. 27 ¶ 1.) The plaintiffs' retirement accounts in the plan included MBNA common stock. (Id.) Defendants Hammonds, Boehl, Krulak, Murphy, Scheflen, Vecchione, Weaver, and Wren (the "Individual Defendants") also owned MBNA stock during this period. (Id. ¶ 19.)

In an MBNA investor conference call held on January 21, 2005, MBNA announced that in 2005, its earnings were expected to grow at a rate of 10% annually for the next several years. (Id. ¶ 52.) However, on April 21, 2005, MBNA issued a press release announcing that its 2005 earnings would be significantly below its 10% growth objective. (Id. ¶ 61.) MBNA stock experienced a significant decrease in value following the announcement, and the price of MBNA stock fell approximately 35% during the Class Period. (Id. ¶ 67.) As a result, the retirement savings accounts of Plan participants lost "tens of millions of dollars." (Id. ¶ 68.)

The plaintiffs filed their class action complaint on June 24, 2005, and filed an amended complaint on November 8, 2005. The plaintiffs allege that all of the defendants owed a fiduciary

duty to them under ERISA. (See id. ¶¶ 6, 18, 20-30.) The plaintiffs further aver that all of the defendants qualify as fiduciaries under ERISA, because each defendant "had and exercised (I) discretionary authority, control, or responsibility over Plan management or Plan administration and/or (ii) authority or control over management or disposition of Plan assets." (Id. ¶¶ 18, 20-30.) The plaintiffs also allege that MBNA "had the authority to appoint, monitor, and remove" the other defendants from their individual fiduciary roles, and that the actions of Hammonds and the Plan Committee could thus be imputed to MBNA under the doctrine of *respondeat superior*. (Id. ¶ 19.)

The amended complaint includes five claims against the defendants. According to Count I, defendants MBNA, Hammonds, Krulak, Scheflen, Vecchione, and Weaver breached their fiduciary duty of loyalty by holding and selling shares in MBNA common stock during the Class Period, which the plaintiffs claim created a conflict of interest by giving these defendants an incentive to keep the stock price high, even if doing so was not in the best interest of the Plan. (Id. ¶¶ 80-93.) In Count II, the plaintiffs allege that all of the defendants except Hammonds breached their fiduciary duty of care by failing to take reasonable steps to prevent the plaintiffs' Plan accounts from losing value during the class period. (Id. ¶¶ 94-110.) In Count III, the plaintiffs claim that all of the defendants except Hammonds breached their fiduciary duty of disclosure by making false representations that artificially increased MBNA stock value, and by failing to provide Plan participants with information regarding MBNA stock that would have allowed Plan participants to understand the risks represented by the investment. (Id. ¶¶ 111-119.) In Count IV, the plaintiffs claim that MBNA and Hammonds breached their fiduciary duty to monitor the actions of the other defendants. (Id. ¶¶ 120-132.) Finally, the plaintiffs allege in Count V that all defendants are liable as co-fiduciaries for the breaches of the other defendants. (Id. ¶¶ 133-137.)

### III. STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *See Kost v. Kozakiewicz*, 1 F.3d 183 (3d Cir. 1993). Thus, the court must accept the factual allegations of the complaint as true. *See Graves v. Lowery*, 117 F.3d 723, 726 (3d Cir.1997); *Nami v. Fauver*, 82 F .3d 63, 65 (3d Cir.1996). In particular, the court looks to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer." *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 666 (3d Cir.1988). In performing this task, however, the court need not "credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). On the other hand, a court should dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Graves*, 117 F.3d at 726; *Nami*, 82 F.3d at 65 (both citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### IV. DISCUSSION

#### A. Fiduciary Status Of The Parties

The defendants first contend that all claims against MBNA and Hammonds should be dismissed because neither party was a fiduciary with respect to the Plan. (D.I. 30 at 2.) Under ERISA:

> a person is a fiduciary with respect to a plan to the extent (I) *he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets*, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) *he has any discretionary authority or*

*discretionary responsibility in the administration of such plan*.

29 U.S.C. § 1002(21)(A) (emphasis added). The Third Circuit has recognized that the term "fiduciary" should be liberally construed. *See In re Mushroom Transp. Co., Inc.*, 382 F.3d 325, 346 (3d Cir. 2004) ("one need not have discretion in exercising authority or control over the management or disposition of plan assets in order to qualify as a fiduciary under [ERISA]."). Several courts have held that the question of whether a party is a fiduciary is a mixed question of law and fact, and determinations on whether a party is a fiduciary generally cannot be made prior to discovery. *See, e.g., Trustees of The Teamsters Local Union No. 443 Health Services and Ins. Plan v. Papero*, --- F. Supp. 2d ---, 2007 WL 1189483, at \*4 (D. Conn. Apr. 19, 2007) (citing *Frommert v. Conkright*, 433 F.3d 254, 271 (2d Cir. 2006)); *Kramer v. Smith Barney*, 80 F.3d 1080, 1084 n.2 (5th Cir. 1995). With these standards in mind, the court turns to whether MBNA and Hammonds are fiduciaries.

    1.    MBNA

The plaintiffs contend that MBNA is itself a fiduciary with respect to the Plan under sections (21)(A)(I) and (iii) of ERISA, and also contend that MBNA is vicariously liable for the actions of the individual fiduciaries under the doctrine of *respondeat superior*. (See D.I. 27 ¶¶ 18-19.) The federal courts have split on whether the *respondeat superior* doctrine can be applied in ERISA cases. A majority of courts that have considered the issue have held that *respondeat superior* can be a source of liability for employers in ERISA cases. *See, e.g.*, *Am. Fed'n of Unions Local 102 Health & Welfare Fund v. Equitable Life Assurance Soc. of the U.S.*, 841 F.2d 658, 665 (5th Cir. 1988) ("The doctrine of *respondeat superior* can be a source of liability in ERISA cases."); *Nat'l Football Scouting Inc. v. Continental Assurance Co.*, 931 F.2d 646, 648-650 (10th Cir. 1991). The Third Circuit has indicated support for the majority position in *McMahon v. McDowell*, where it held that

"if a beneficiary or participant can show that the plan fiduciaries breached their duties, he may also be able to recover damages, for the benefit of the plan, directly from the employer." 794 F.2d 100, 109 (3d Cir. 1986) (citing *Struble v. New Jersey Brewery Employees Welfare Trust Fund*, 732 F.2d 325 (3d Cir.1984)).

Courts applying the *respondeat superior* doctrine have held that in order for the doctrine to apply in an ERISA case, an employee must breach its fiduciary duties while acting in the scope of employment. *See, e.g.*, *Am. Fed'n of Unions*, 841 F.2d at 665; *In re Xerox Corp. Erisa Litigation*, 483 F.Supp.2d 206, 222 (D. Conn. 2007) (quoting *Hamilton v. Carell*, 243 F.3d 992, 1001 (6th Cir. 2001)). The Third Circuit has held that the question of whether an employee was acting within the scope of employment given a particular set of facts is a question of law. *Aliota v. Graham*, 984 F.2d 1350, 1358 (3d Cir. 1993). However, that "particular set of facts" is not before the court at this stage in the proceeding, since the parties have not yet begun discovery or otherwise presented the court with material facts relating to scope of employment of the defendant fiduciaries. As explained below, the plaintiffs in this case have sufficiently alleged that employees of MBNA breached their fiduciary duties. Because the doctrine of *respondeat superior* may apply in ERISA cases, and because the information necessary to determine whether *respondeat superior* applies is not available here, prior to discovery, this court is unwilling to find that the plaintiffs' claims against MBNA are insufficient at this stage in the proceedings.[1]

---

[1] Since the plaintiffs' allegations under the doctrine of *respondeat superior* are sufficient to state a valid claim against MBNA, the court need not address the sufficiency of the plaintiffs' assertion that MBNA is itself a fiduciary at this juncture.

2.  Hammonds

The plaintiffs also claim that Hammonds, as CEO of MBNA, was a plan fiduciary under sections (21)(A)(I) and (iii). (See D.I. 27 ¶ 23.) In support of this allegation, the plaintiffs assert that Hammonds was responsible for the appointment, removal, and replacement of members of the Plan Committee. (Id.) The defendants concede in their motion to dismiss that Hammonds was a fiduciary, but claim that his fiduciary duties were limited to his responsibility to appoint and remove members of the Plan Committee. (See D.I. 30 at 13.) However, the fiduciary power to appoint and remove trustees to a plan carries with it a concomitant and ongoing duty to monitor those trustees' performance. *Liss v. Smith*, 991 F. Supp. 278, 311 (S.D.N.Y. 1998) (quoting 29 C.F.R. 2509.75-8 at FR-17 ("[a]t reasonable intervals the performance of trustees and other fiduciaries should be reviewed by the appointing fiduciary in such manner as may be reasonably expected to ensure that their performance has been in compliance with the terms of the plan and statutory standards, and satisfies the needs of the plan."); *see also In re Ferro Corp. Erisa Litig.*, 422 F. Supp. 2d 850, 863 (N.D. Ohio 2006).

Here, the plaintiffs' allegations are sufficient to raise a question as to the scope of Hammonds's fiduciary duties. Thus, the court will deny the defendants' motion to dismiss all claims against Hammond.

**B.  Count I: Duty of Loyalty**

The defendants have moved to dismiss Count I of the amended complaint, in which the plaintiffs claim that several of the defendants breached their fiduciary duty of loyalty. (D.I. 27 ¶¶ 80-93.) In support of this claim, the plaintiffs allege that the defendants' holdings in MBNA stock created a conflict of interest by giving them an incentive to continue using MBNA stock as a Plan

investment option regardless of whether investment in the stock remained prudent. (See Id. ¶¶ 86-89.) While the defendants correctly point out that such financial incentives do not always create a conflict of interest, questions relating to potential conflicts of interest cannot be resolved at the pleadings stage. *See In re Williams Companies ERISA Litig.*, 271 F. Supp. 2d 1328, 1342-43 (N.D. Okla. 2003) (denying a motion to dismiss where plan fiduciaries who owned company stock were accused of encouraging employees to continue investing in company stock in order to artificially inflate the stock's price). Alleging facts that imply the presence of an incentive for fiduciaries to act in pursuance of their personal financial interests rather than in the interests of Plan participants is sufficient to allow a claim for breach of loyalty to survive a motion to dismiss. *See id.*; *see also Sears, Roebuck & Co. ERISA Litig.*, No. 02C832, 2004 WL 407007, at *5 (N.D. Ill. Mar. 3, 2004). Thus, the court will deny the defendants' motion to dismiss Count I.

### C. Count II: Duty of Care or Prudence

In Count II, the plaintiffs claim that all of the defendants except Hammonds breached their fiduciary duty of care. (D.I. 27 ¶¶ 94-110.) The defendants move to dismiss Count II on the grounds that the plaintiffs failed to allege sufficient facts establishing a claim for breach of duty of care. According to the defendants, the Plan Committee members, as trustees of the plan, are entitled to a presumption that they acted consistently with ERISA. (See D.I. 30 at 17-19.) Regardless of whether such a presumption is proper, however, the defendants misapprehend the stage at which the issues underlying such a presumption should properly be considered. Rule 8(a) does not require plaintiffs to affirmatively plead all material facts in their complaint. *See In re Elec. Data Sys. Corp. "ERISA" Litig.*, 305 F. Supp. 2d 658, 670 (E.D. Tex. 2004) (holding that "requiring Plaintiffs to affirmatively plead facts overcoming the . . . presumption violates Rule 8(a)'s notice pleading

requirement."). Accordingly, the court will not determine whether the Plan Committee acted consistently with ERISA's requirements before the commencement of discovery. *See id.* Consequently, the court will deny the defendants' motion to dismiss Count II.

### D.     Count III: Duty of Disclosure

The plaintiffs also allege that all of the defendants except Hammonds violated a fiduciary duty to provide complete and accurate information, which the plaintiffs contend is an implicit component of the fiduciary duties of loyalty and care. (D.I. 27 ¶¶ 111-119.) While the precise scope of the duty described by the plaintiffs is not clear, ERISA case law has clearly established that ERISA fiduciaries have some duty of disclosure. *See, e.g.*, *Burstein v. Retirement Account Plan For Employees of Allegheny Health Educ. & Research Found.*, 334 F.3d 365, 384 (3d Cir. 2003) (listing the elements of a claim for breach of fiduciary duty for misrepresentations under ERISA); *In re Calpine Corp. ERISA Litig.*, No. C-03-1685 SBA, 2005 U.S. Dist. LEXIS 1431506, at *6-7 (N.D. Cal. Mar. 31, 2005) (describing limitations on the duty of disclosure). The Third Circuit has held that ERISA fiduciaries have a duty to provide information to participants about the plan and its investments that "entails not only a negative duty not to misinform, but also an affirmative duty to inform when the trustee knows that silence might be harmful." *Bixler v. Central Pa. Teamsters Health Welfare Fund,* 12 F.3d 1292, 1300 (3d Cir. 1993); *see also Adams v. Freedom Forge Corp.*, 204 F.3d 475, 492 (3d Cir. 2000) ("[A] fiduciary may not remain silent when he or she knows that a reasonable beneficiary could rely on the silence to his or her detriment.").

At this stage, the court cannot determine what information the defendants were required to provide, whether that information was actually provided, or whether the defendants made material misrepresentations relating to the plan. Regardless of whether or not these claims ultimately

succeed, the court concludes that the plaintiffs' allegations relating to these issues are sufficient to satisfy the liberal pleading requirements of Rule 8(a). Accordingly, the court will deny the defendants' motion to dismiss Count III.

### E.    Count IV: Duty to Monitor

Under ERISA, fiduciaries who have appointed other fiduciaries have a continuing duty to monitor the actions of the appointed fiduciaries. *See, e.g.*, *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1465 (4th Cir. 1996) ("The power . . . to appoint, retain and remove plan fiduciaries . . . carries with it a duty 'to monitor appropriately' those subject to removal."). The plaintiffs allege that Hammonds and MBNA violated this fiduciary duty to monitor by failing to properly provide information to and review the actions of the Plan Committee. (D.I. 27 ¶¶ 121-132.) Conversely, the defendants contend that this duty is extremely limited, and that the power of appointment and removal does not subject appointing fiduciaries to broad potential liability under ERISA. (D.I. 30 at 26.) "The precise scope of the duty to monitor, including what the . . . duty to monitor entail[s], and whether [the] plaintiffs are entitled to relief on this claim, require[s] factual determinations that make the issue inappropriate for dismissal" at the pleadings stage. *In re JDS Uniphase Corp. Erisa Litig.*, No C 03-04743 CW(WWS), 2005 WL 1662131, at *10 (N.D. Cal. July 14, 2005); *see also In re Elec. Data Sys. Corp.*, 305 F. Supp. 2d at 671 ("at this stage of the proceedings, the Court will not endeavor to define the duty to monitor's outer edges with no factual record to indicate how far this case may or may not push those edges"). The court will therefore deny the defendants' motion to dismiss Count IV.

### F.     Count V: Co-Fiduciary Liability

Finally, the plaintiffs allege that each defendant is liable as a co-fiduciary under ERISA Section 405(a), which provides:

> In addition to any liability which he may have under any other provisions of this part, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances:
>
>> (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;
>> (2) if, by his failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or
>> (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

29 U.S.C. § 1105(a). In their amended complaint, the plaintiffs claim that each defendant is liable as a co-fiduciary in terms that closely track with the statutory language, alleging that each defendant "(1) knowingly participated and knowingly undertook to conceal" the various breaches of fiduciary duties alleged by the plaintiffs in counts I-IV; "(2) enabled other fiduciaries to breach their duties as a result of each defendant's own failure to satisfy his or her fiduciary duties; and (3) had knowledge of the other fiduciaries' failures to satisfy their fiduciary duties, yet did not make any effort to remedy the breaches." (D.I. 27 ¶ 135.)

As explained above, the plaintiffs have sufficiently pleaded claims against the defendants in Counts I-IV and, since the issues surrounding those alleged primary breaches cannot be resolved at the pleadings stage, dismissing the claims for co-fiduciary liability at this stage in the proceedings would be premature. Consequently, the court will deny defendants' motion to dismiss Count V.

**V.    CONCLUSION**

For the aforementioned reasons, the court will deny the defendants' motion to dismiss the amended complaint for failure to state a claim.

Dated: July 6, 2007                              /s/ Gregory M. Sleet
                                                 UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SALLY CANNON, CHRISTIAN FONDEUR, and RALPH KUNES, On Behalf of Themselves and All Others Similarly Situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| V. | ) ) | Civil Action No. 05-429 GMS |
| MBNA CORPORATION, PENSION AND 401(K) PLAN COMMITTEE OF MBNA CORPORATION, BRUCE L. HAMMONDS, KENNETH F. BOEHL, CHARLES C. KRULAK, TERRI C. MURPHY, JOHN W. SCHEFLEN, KENNETH A. VECCHIONE, LANCE L. WEAVER, and THOMAS D. WREN, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## **ORDER**

For the reasons stated in the court's memorandum of this same date, IT IS HEREBY ORDERED that:

1. The defendants' Motion to Dismiss for Failure to State a Claim (D.I. 29) is DENIED.


Dated: July 6, 2007                                  /s/ Gregory M. Sleet
                                                     UNITED STATES DISTRICT JUDGE