IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re MBNA Corp. ERISA Litigation | ) Master Docket No. 05-429 (GMS) |

## CONFIDENTIALITY STIPULATION AND
## [PROPOSED] PROTECTIVE ORDER

The parties to this action, having determined that certain documents and information produced or to be produced during discovery in this litigation should be kept confidential in order to protect the legitimate business and privacy interests of the parties, their customers and other persons, including non-parties to this action, and based upon the stipulation of the parties, and good cause for entering this Confidentiality Stipulation and Protective Order (the "Order") having been shown;

It is hereby stipulated and agreed by the parties and ordered by the Court that the following procedures shall govern the production and use of all documents, testimony, interrogatory answers and other information produced during discovery in this action:

### Definitions

1.  Definitions for the purposes of this Order:

    (a)  "Document" includes all tangible written, recorded or graphic material, and intangible data files, such as magnetic computer files, whether produced or created by a party or another person, and whether produced pursuant to any state or federal discovery rules, by agreement or otherwise, and includes, without limitation, documents, interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, trial transcripts

or other court transcripts, pleadings, motions, affidavits, declarations, affirmations, briefs, or other filings, and any portion of any of the above.

(b) "Disclosed" means shown, divulged, revealed, produced, described, or transmitted, in whole or in part.

(c) "Confidential Information" means any sensitive confidential research, design, development, financial, commercial or personal information contained in any document or testimony within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure. "Confidential Information" does not include any information that a party has made publicly available.

(d) "Highly Confidential Information" shall include any trade secret or any confidential research, design, development, commercial or personal information contained in any document or testimony within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure that is entitled to a higher level of protection due to its commercial sensitivity. All protections applicable under this Order to Confidential Information apply as well to Highly Confidential Information.

(e) "Party" means a named plaintiff or defendant in this action or Bank of America Corporation.

(f) "Third party" means any natural person, partnership, corporation or association, or other legal entity not named as a party to this action.

**Permissible Use of Confidential and Highly Confidential Information**

2. Confidential or Highly Confidential Information may be disclosed only to those persons identified in ¶¶ 9 and 10, respectively, below. Any person obtaining access to Confidential or Highly Confidential Information in connection with this action shall use that information only in and for purposes of this action, and shall not use such Confidential or Highly

Confidential Information for any other purpose, including the furtherance of that person's business interests, or in any administrative or other judicial proceeding. If any person violates or threatens to violate any of the terms hereof, the aggrieved party may seek any appropriate relief from this or any other Court.

3. Confidential or Highly Confidential Information shall not be copied or reproduced for use in this action except to the extent such copying or reproduction is reasonably necessary to the conduct of this action, and all such copies or reproductions shall be subject to the terms of this Order. If the duplicating process by which copies or reproductions of Confidential or Highly Confidential Information are made does not preserve the confidentiality designation that appears on the original documents, all such copies or reproductions shall be stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate.

**Designation of Confidential or Highly Confidential Information**

4. A party or third party may designate documents or information as Confidential or Highly Confidential by placing on or affixing to a document containing such information (in such manner as will not interfere with the legibility thereof) the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the document.

5. A designation of confidentiality shall constitute a representation to the Court, made in good faith, that the information so designated constitutes Confidential or Highly Confidential Information as defined in this Order.

6. Transcripts of depositions taken in this action shall be given the protections afforded Highly Confidential Information under this Order for a period of thirty (30) days after a complete copy of the transcript has been provided to the deponent or his or her counsel in order to give the parties and third parties an opportunity to designate information contained in the transcript as Confidential or Highly Confidential Information.

7. No more than thirty (30) days after receipt of the complete deposition transcript, counsel for any of the parties, third parties, or the deponent may designate the portions of the deponent's deposition that qualify as Confidential or Highly Confidential Information by transcript page number. Such designation shall be communicated in writing to all parties or as otherwise agreed by the parties. Any party, third party, or deponent may also designate specific testimony or transcript pages as Confidential or Highly Confidential Information by notice on the record at the deposition.

8. The burden of proving that any information is Confidential or Highly Confidential shall remain with the party or third party making such designation.

**Permissible Disclosure of Confidential and Highly Confidential Information**

9. Confidential Information may be disclosed only to:

(a) Current and former employees, officers or directors of the parties, provided that disclosure is permitted by ¶¶ 2 and 3 above, and reasonably necessary to the litigation of this action;

(b) Counsel for the parties to this action, including in-house counsel, outside counsel of record, and legal assistants, secretaries, staff or agents and consultants working with or for counsel in connection with this action to the extent reasonably necessary to render professional services in this action;

(c) Litigation support services, including outside copying services;

(d) Persons expected to be deponents, trial witnesses and hearing witnesses in this action (in the case of trial or hearings, subject to ¶ 19);

(e) Any person identified as an author of a document designated as containing Confidential Information, or any person to whom a copy of such document was sent prior to its production in this action;

(f) Court officials involved in this action;

(g) Court reporting personnel involved in taking or transcribing testimony in this action;

(h) Any mediator or arbitrator engaged by the parties to this action, or appointed by the Court; and

(i) Outside consultants or experts retained for the purpose of assisting counsel in this action, provided that they comply with the requirements of ¶ 12.

10. Highly Confidential Information may be disclosed only to:

(a) Current employees, officers or directors of the party designating the information as Highly Confidential;

(b) Former employees, officers or directors of the party designating the information as Highly Confidential, provided that counsel has a good-faith basis for believing that such former employees had access to the Highly Confidential Information when they were current employees of the designating party, and provided that counsel must ascertain as soon as practicable whether such former employees had such access, and provided that upon the first indication that such former employees did not have such access, counsel must immediately refrain from any further disclosure to such former employees;

(c) Counsel for the parties to this action, including in-house counsel, outside counsel of record, and legal assistants, secretaries, staff or agents working with or for counsel in connection with this action to the extent reasonably necessary to render professional services in this action;

(d) Litigation support services, including outside copying services;

(e) Persons expected to be deponents, trial witnesses and hearing witnesses in this action (in the case of trial or hearings, subject to ¶ 19), provided that counsel has a good-faith basis for believing that such witnesses had access to or knowledge of the Highly Confidential Information, and provided that counsel must ascertain as soon as practicable whether such witnesses had such access or knowledge, and provided that upon the first indication that such witnesses did not have such access or knowledge, counsel must immediately refrain from any further disclosure to such witnesses;

(f) Any person identified as an author of a document designated as Highly Confidential, or any person to whom a copy of such document was sent prior to its production in this action;

(g) Court officials involved in this action;

(h) Court reporting personnel involved in taking or transcribing testimony in this action;

(i) Any mediator or arbitrator engaged by the parties to this Action, or appointed by the Court; and

(j) Outside consultants or experts retained for the purpose of assisting counsel in this action, provided that they comply with the requirements of ¶ 12.

11. Notwithstanding the provisions of ¶¶ 9 and 10 above, a person or party is free to disclose its own Confidential or Highly Confidential Information without restriction. Moreover, nothing shall prevent disclosure beyond the terms of this Order if the party or other person designating the documents as Confidential or Highly Confidential expressly consents to such disclosure, either in writing or on the record of any proceeding in this action. Such consent shall be given if it is shown that additional disclosure of Confidential or Highly Confidential

Information is reasonably necessary to the prosecution or defense of the claims or counterclaims in this action. If the parties cannot agree on whether such additional disclosure is reasonably necessary, the Court may resolve the matter. Nothing in this paragraph shall limit a party's ability to argue that such disclosure constitutes a waiver of any applicable privilege.

### Confidentiality Undertaking

12. Before any person described in ¶¶ 9(i) and 10(j) above is given access to Confidential or Highly Confidential Information, the individual to whom disclosure is to be made shall first read this Order, and execute an Acknowledgment and Consent in the form attached hereto as Exhibit A. Execution of that agreement confirms the signatory's understanding of this Order, willingness to be bound by the provisions of this Order, and agreement to waive any objection, jurisdictional or otherwise, to the exercise by the Court of its power to enforce the terms of this Order by such means as the Court deems appropriate. Copies of such agreements shall be held by counsel of record for the party so disclosing the Confidential or Highly Confidential Information. The agreements executed pursuant to this paragraph shall be discoverable only upon order of the Court for good cause shown in the context of a bona fide dispute about compliance with this Order.

13. Counsel for the parties to whom Confidential or Highly Confidential Information has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Order. All persons who have received Confidential or Highly Confidential Information shall take reasonable steps to safeguard such information so as to avoid its disclosure to persons who are not eligible to receive it.

### Filing Under Seal

14. Confidential or Highly Confidential Information shall not be filed with the clerk of the Court except when required by Court rule or in connection with motions or

applications submitted to the Court. Any Confidential or Highly Confidential Information, and any court papers containing or referring to Confidential or Highly Confidential Information (including, without limitation, deposition transcripts, exhibits, briefs, affidavits and affirmations), if filed, shall be filed under seal while in the clerk's office as long as the documents or information retain their status as Confidential or Highly Confidential. Court papers filed under seal pursuant to this Order shall have the following wording placed in italics at the top of the first page of the document:

> *This submission contains Confidential or Highly Confidential Information, access to which is governed by the Confidentiality Stipulation and Protective Order, entered July __, 2007.*

### Challenges to Designations of Confidentiality

15. Any party may, after attempting to resolve the matter by agreement, apply to the Court pursuant to the procedures set forth in Paragraph 3.a of the Scheduling Order entered in this action on July 12, 2007, for a ruling that certain documents or testimony designated as Confidential or Highly Confidential, or the information therein, is not entitled to confidential status or protection or, if designated Highly Confidential, is entitled only to be designated as Confidential. It is understood and agreed that the producing party will have the burden of establishing the grounds for confidential treatment of the document or testimony at issue. The confidential status of the documents, testimony, or information at issue shall be maintained pending the Court's ruling on the motion and any appeal therefrom.

16. The parties shall not be obligated to challenge the propriety of any designation of information as Confidential or Highly Confidential, and the failure to do so shall not preclude any subsequent objection to such designation or motion seeking permission to disclose such information to persons not referred to in paragraphs 9 and 10 above.

### Nonwaiver of Privileges

17.     The inadvertent production in the course of discovery in this action of any document or information (whether designated as confidential or not) shall not be deemed to waive whatever attorney-client privilege, work-product protection or other privilege or immunity that would otherwise attach to the document or information produced or to other documents or information, as long as the producing party or person, promptly after discovery, notifies the other party or parties of the claim of privilege or other protection or immunity. Upon such notice, the other party or parties shall promptly return or destroy the original and all copies of the privileged documents or information to the producing party. The return of any documents claimed to be privileged shall not constitute an acknowledgment that the claimed documents or information is in fact privileged or entitled to protections or immunity.

### Nonwaiver of Objection to Discovery

18.     Nothing herein shall affect any party's or person's right to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information. Nor shall anything herein affect any party's right to seek the production of documents, testimony or any other information from any other source.

### Use of Confidential or Highly Confidential Information at Trial

19.     Confidential or Highly Confidential Information may be offered in evidence at trial or offered in any court hearing subject to procedures to be established by the parties and the Court to govern the use and protection of such information.

### Subpoenas Seeking Confidential or Highly Confidential Information

20.     If any party or person that has obtained Confidential or Highly Confidential Information under the terms of this Order receives a subpoena or other legal process commanding the production of any such documents or information (the "subpoena"), such party

or person shall promptly notify the party or person that designated the information or documents as Confidential or Highly Confidential of the service of the subpoena. The party or person receiving the subpoena shall not produce any Confidential or Highly Confidential Information in response to the subpoena without either the prior written consent of the party or person that designated the documents or information as Confidential or Highly Confidential, or an order of a court of competent jurisdiction. However, the party or person that designated such Confidential or Highly Confidential Information in such case shall have the burden of seeking a court order relieving the subpoenaed party or person of the obligations of the subpoena prior to the return date of such subpoena, or the subpoenaed person or party shall be relieved of its obligations under this paragraph.

## Permissible Scope of Expert Discovery

21. The following categories of data, information, and documents are outside the scope of permissible expert discovery (including deposition questions):

(a) Any notes or other writings taken or prepared by or for a testifying expert witness in connection with this action, including, but not limited to, correspondence or memoranda to or from, and notes of conversations with, the expert's assistants and/or clerical or support staff, other expert witnesses, non-testifying expert consultants, or attorneys for the party offering the testimony of such expert witness;

(b) Work papers; draft expert reports; preliminary or intermediate calculations, computations, or data; or other preliminary, intermediate or draft analyses prepared by, for or at the direction of a testifying expert witness; and

(c) Any oral or written communication between a testifying expert witness and the expert's assistants and/or clerical or support staff, other expert witnesses for the

party offering the testimony of such expert witnesses, non-testifying expert consultants, or attorneys for the party offering the testimony of such expert witness.

### Procedure Upon Termination of Litigation

22.  The provisions of this Order shall not terminate at the conclusion of this action. Within thirty (30) days after the final determination of this action and any and all appeals therefrom, Confidential or Highly Confidential Information and all copies of same, and all documents containing or referring to Confidential or Highly Confidential Information, other than trial transcripts and trial exhibits admitted into evidence, declarations executed pursuant to ¶ 12 hereto and one copy of any pleading or paper filed of record with the Court, shall either be returned to the producing party or person or, at the request of the producing party or person, destroyed; provided, however, that privileged documents or documents containing attorney work product need not be returned but instead shall be destroyed.

### Amendment of This Order

23.  The provisions of this Order may be modified only by order of the Court for good cause shown. Any party or third party may request such modification.

Dated: July 23, 2007

| | |
|---|---|
| **ROSENTHAL, MONHAIT & GODDESS, P.A.** | **YOUNG CONAWAY STARGATT & TAYLOR, LLP** |
| By: /s/ Jeffrey S. Goddess<br>Jeffrey S. Goddess (No. 630)<br>919 Market Street, Suite 1401<br>P.O. Box 1070<br>Wilmington, DE 19899-1070<br>(302) 656-4433 | By: /s/ Richard H. Morse<br>Richard H. Morse (No. 531)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19807<br>(302) 571-6600 |
| *Interim Liaison Counsel For The Putative Class* | OF COUNSEL: |
| Fred T. Isquith | Richard J. Urowsky<br>Richard C. Pepperman II |

-11-

| | |
|---|---|
| Mark C. Rifkin<br>Matthew M. Guiney<br>**WOLF HALDENSTEIN ADLER**<br>  **FREEMAN & HERZ LLP**<br>270 Madison Avenue<br>New York, NY 10016<br>(212) 545-4600<br><br>*Interim Counsel For The Putative Class* | Stacey R. Friedman<br>Ryan C. Williams<br>M. David Possick<br>**SULLIVAN & CROMWELL LLP**<br>125 Broad Street<br>New York, NY 10004<br>(212) 558-4000<br><br>*Attorneys for Defendants* |

Thomas J. McKenna
**GAINEY & McKENNA**
295 Madison Ave., 4th Floor
New York, NY 10017
(212) 983-1300

David J. Goldsmith
**LABATON RUDOFF**
 **& SUCHAROW LLP**
100 Park Avenue
New York, NY 10017
(212) 907-0700

*Members Of The Executive Committee For*
*The Putative Class*


SO ORDERED:

_____

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re MBNA Corp. ERISA Litigation | ) Master Docket No. 05-429 (GMS) |

### ACKNOWLEDGEMENT AND CONSENT

I hereby certify that: (i) I have read the Confidentiality Stipulation and Protective Order (the "Order") that has been entered by the Court in this action, and I understand its terms; (ii) I understand that discovery material designated as Confidential or Highly Confidential under the Order is being provided to me pursuant to the terms of the Order; (iii) I agree to be fully bound by the provisions of the Order, including its provisions restricting disclosure of material designated as Confidential or Highly Confidential and limiting the use of such material to the conduct of the action; and (iv) I hereby submit to the jurisdiction of the United States District Court for the District of Delaware for purposes of enforcement of the Order.

Dated: _____        Signature: _____

## CERTIFICATE OF SERVICE

I, Richard H. Morse, hereby certify that on July 23, 2007, caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of Court using CM/ECF which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Jeffrey S. Goddess, Esquire
> Rosenthal Monhait & Goddess, P.A.
> Mellon Bank Center
> 919 Market Street, Suite 1401
> P. O. Box 1070
> Wilmington, DE 19899

> Edward P. Welch, Esquire
> Skadden Arps Slate Meagher & Flom LLP
> One Rodney Square
> P.O. Box 636
> Wilmington, DE 19899

I further certify that on July 23, 2007, I also caused copies of the foregoing document to be served by hand on the counsel of record listed below:

> Jeffrey S. Goddess, Esquire
> Rosenthal Monhait & Goddess, P.A.
> Mellon Bank Center
> 919 Market Street, Suite 1401
> P. O. Box 1070
> Wilmington, DE 19899

> Edward P. Welch, Esquire
> Skadden Arps Slate Meagher & Flom LLP
> One Rodney Square
> P.O. Box 636
> Wilmington, DE 19899

YOUNG CONAWAY STARGATT & TAYLOR, LLP


/s/ Richard H. Morse
Richard H. Morse (I.D. No. 531)
17th Floor, Brandywine Building
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6651
rmorse@ycst.com

Attorneys for Defendants MBNA Corporation, Pension & 401K Plan Committee of MBNA Corporation, Lance L. Weaver, Vernon H.C. Wright, Kenneth A. Vecchione, Bruce L. Hammonds and John Cochran