TAB 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In re MBNA Corp. ERISA Litigation ) Master Docket No. 05-429 (GMS)

## DEFENDANTS' AMENDED ANSWER AND DEFENSES

Defendants MBNA Corporation ("MBNA"), Pension and 401(K) Plan Committee of MBNA Corporation ("Plan Committee"), Bruce L. Hammonds, Kenneth F. Boehl, Charles C. Krulak, Terri C. Murphy, John W. Scheflen, Kenneth A. Vecchione, Lance L. Weaver and Thomas D. Wren, by their undersigned counsel, for their Answer to the Amended Class Action Complaint for Violations of the Employee Retirement Income Security Act ("Amended Complaint") filed by Plaintiffs Sally Cannon, Christian Fondeur and Ralph Kunes, state as follows:

1.  Deny the allegations of Paragraph 1, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first and third sentences of that paragraph.

2.  Deny the allegations of Paragraph 2.

3.  Deny the allegations of Paragraph 3, except admit that Plaintiffs purport to bring this action under Section 502 of Employee Retirement Income Security Act ("ERISA") on behalf of the MBNA Corporation 401(k) Plus Savings Plan (As Amended and Restated Effective January 1, 2000) (the "Plan").

4.  Deny the allegations of Paragraph 4, except (a) admit the allegations of the first sentence of that paragraph; and (b) admit that the Plan invested in MBNA stock during the

Class Period.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5.

6. Deny the allegations of Paragraph 6.

7. Deny the allegations of Paragraph 7.

8. Deny the allegations of Paragraph 8, except admit that certain individual defendants were officers or directors of MBNA who held and sold MBNA stock.

9. Deny the allegations of Paragraph 9.

10. Deny the allegations of Paragraph 10, except (a) admit that on April 21, 2005, MBNA announced its net income for the first quarter of 2005 and respectfully refer the Court to that announcement for a complete and accurate description of its contents; (b) admit that after the April 21, 2005 announcement, the price of MBNA stock declined to $18.45 on April 22, 2005; and (c) aver that the price of MBNA stock rose well above $21 per share in May and June 2005, and that on December 30, 2005—the last trading day for shares of MBNA stock—MBNA stock closed at $27.15 per share.

11. Deny the allegations of Paragraph 11 and footnote 1, except deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning what information or documents are not within Plaintiffs' knowledge or possession.

12. Aver that the allegations of Paragraph 12 consist entirely of legal conclusions to which a response is neither required nor appropriate.

13. Deny the allegations of Paragraph 13, except (a) admit that one or more defendants resided or could be found in this District at the time that the Amended Complaint was filed; and (b) admit that aspects of the administration of the Plan occurred in this District.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16.

17. Deny the allegations of Paragraph 17, except (a) admit that, prior to the merger with Bank of America Corporation ("Bank of America"), MBNA's headquarters were located at 1100 North King Street, Wilmington, Delaware; (b) admit that, prior to the merger with Bank of America, MBNA America Bank, N.A. was a subsidiary of MBNA; (c) aver that, after the merger with Bank of America, MBNA and MBNA America Bank, N.A. ceased to exist; and (d) admit that MBNA was an international financial services company that provided lending, deposit, and credit insurance products and services.

18. Deny the allegations of Paragraph 18, except admit that MBNA was the sponsor of the Plan.

19. Deny the allegations of Paragraph 19, except admit that MBNA's CEO (or his designee) had authority to appoint, remove and replace members of the Plan Committee.

20. Deny the allegations of Paragraph 20, except admit that the Plan Committee was the administrator of the Plan and had certain fiduciary duties under ERISA.

21. Deny the allegations of Paragraph 21, except admit that the Plan Committee had certain responsibilities related to administration of the Plan.

22. Deny the allegations of Paragraph 22, except (a) admit that the Plan Committee had certain fiduciary duties under ERISA; and (b) admit that members of the Plan

Committee are referenced in Paragraphs 24-30.

23. Deny the allegations of Paragraph 23, except (a) admit the allegations of the second and third sentences of that paragraph; (b) admit that MBNA's CEO (or his designee) had authority to appoint, remove and replace members of the Plan Committee; and (c) admit that Bruce L. Hammonds sold MBNA stock during the Class Period.

24. Deny the allegations of Paragraph 24, except (a) admit the allegations of the first sentence of that paragraph; and (b) admit that Kenneth F. Boehl had certain fiduciary duties under ERISA as a member of the Plan Committee.

25. Deny the allegations of Paragraph 25, except (a) admit the allegations of the first sentence of that paragraph; (b) admit that Charles C. Krulak had certain fiduciary duties under ERISA as a member of the Plan Committee; and (c) admit that Mr. Krulak sold MBNA stock during the Class Period.

26. Deny the allegations of Paragraph 26, except (a) admit the allegations of the first sentence of that paragraph; and (b) admit that Terry C. Murphy had certain fiduciary duties under ERISA as a member of the Plan Committee.

27. Deny the allegations of Paragraph 27, except (a) admit the allegations of the first sentence of that paragraph; (b) admit that John W. Scheflen had certain fiduciary duties under ERISA as a member of the Plan Committee; and (c) admit that Mr. Scheflen sold MBNA stock during the Class Period.

28. Deny the allegations of Paragraph 28, except (a) admit the allegations of the first and second sentences of that paragraph; (b) admit that Kenneth A. Vecchione had certain fiduciary duties under ERISA as a member of the Plan Committee; and (c) admit that Mr. Vecchione sold MBNA stock during the Class Period.

29. Deny the allegations of Paragraph 29, except (a) admit the allegations of the first sentence of that paragraph; (b) admit that Lance L. Weaver had certain fiduciary duties under ERISA as a member of the Plan Committee; and (c) admit that Mr. Weaver sold MBNA stock during the Class Period.

30. Deny the allegations of Paragraph 30, except (a) admit the allegations of the first sentence of that paragraph; and (b) admit that Thomas D. Wren had certain fiduciary duties under ERISA as a member of the Plan Committee.

31. Aver that the allegations of Paragraph 31 require no response.

32. Deny the allegations of Paragraph 32, except (a) admit the allegations of the first three sentences of that paragraph; and (b) admit that Plaintiffs purport to request relief on behalf of the Plan.

33. Admit the allegations of Paragraph 33.

34. Deny the allegations of Paragraph 34, except (a) admit that The MBNA 401(k) Plus Savings Plan Summary Plan Description ("Summary Plan Description") contains the text quoted in that paragraph; and (b) respectfully refer the Court to the Plan, the Summary Plan Description and updates and amendments to these documents during the Class Period (the "Plan Documents") for a complete and accurate description of the purpose of the Plan.

35. Admit the allegations of Paragraph 35 and respectfully refer the Court to the Plan Documents for a complete and accurate description of their contents.

36. Admit the allegations of Paragraph 36, except deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning participants' direction of their investments.

37. Deny the allegations of Paragraph 37 and respectfully refer the Court to

the Plan Documents for a complete and accurate description of the Plan, except (a) admit that the Plan documents state that MBNA contributed an amount equal to 1% of an eligible participant's base pay to that participant's Plan account; (b) admit that the Plan documents state that eligible Plan participants could contribute 1% to 25% on a before-tax basis and 1% to 15% on an after-tax basis; and (c) admit that the Plan documents state that MBNA has matched eligible Plan participants' contributions 50 cents for every $1 that Plan participants contributed, up to the first 6% of base pay that each Plan participant contributed.

38. Deny the allegations of Paragraph 38, except admit that, pursuant to the Plan documents, MBNA could make matching contributions in cash or in the form of MBNA stock.

39. Deny the allegations of Paragraph 39, except (a) admit that according to MBNA's Form 11-K filed on December 31, 2004 the MBNA Stock Fund portion of the Plan held 8,570,887 shares of MBNA stock with a market value of $241,613,304; and (b) aver that both of the aforementioned figures have varied over time.

40. Deny the allegations of Paragraph 40, except aver that the percentage of the Plan's total assets invested in MBNA stock varied over time.

41. Deny the allegations of Paragraph 41, except admit that Plaintiffs purport to bring this action on behalf of the putative class described in that paragraph.

42. Deny the allegations of Paragraph 42, except admit the last sentence of that paragraph.

43. Deny the allegations of Paragraph 43.

44. Deny the allegations of Paragraph 44.

45. Deny the allegations of Paragraph 45.

46. Deny the allegations of Paragraph 46.

47. Deny the allegations of Paragraph 47.

48. Deny the allegations of Paragraph 48, except admit that credit card lending was one of the sources of MBNA's earnings.

49. Deny the allegations of Paragraph 49, except deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning what was "the most pressing issue facing holders of MBNA stock."

50. Deny the allegations of Paragraph 50.

51. Admit that the allegations of Paragraph 51 contains quoted text from MBNA's January 20, 2005 press release, and respectfully refer the Court to that press release for a complete and accurate description of its contents.

52. Deny the allegations of Paragraph 52 and respectfully refer the Court to the transcript of MBNA's January 21, 2005 investor conference for a complete and accurate description of its contents.

53. Admit that the allegations of Paragraph 53 contains quoted text from the transcript of the January 21, 2005 investor conference and respectfully refer the Court to the transcript for a complete and accurate description of its contents.

54. Admit that the allegations of Paragraph 54 contains quoted text from the transcript of the January 21, 2005 investor conference and respectfully refer the Court to that transcript for a complete and accurate description of its contents.

55. Admit that the allegations of Paragraph 55 contains quoted text from the transcript of the January 21, 2005 investor conference and respectfully refer the Court to that transcript for a complete and accurate description of its contents.

56. Deny the allegations of Paragraph 56.

57. Deny the allegations of Paragraph 57, except (a) admit that certain individual defendants sold MBNA stock during the Class Period; and (b) respectfully refer the Court to MBNA's SEC filings for additional information about those transactions.

58. Deny the allegations of Paragraph 58, except (a) admit that MBNA issued a press release on April 21, 2005; and (b) respectfully refer the Court to that press release for a complete and accurate description of its contents.

59. Admit that the allegations of Paragraph 59 contains quoted text from the April 21, 2005 press release and respectfully refer the Court to that press release for a complete and accurate description of its contents.

60. Deny the allegations of Paragraph 60, except admit that the actual restructuring charge turned out to be higher than what MBNA had estimated in January 2005.

61. Deny the allegations of Paragraph 61, except (a) admit that the allegations of Paragraph 61 contains quoted text from the April 21, 2005 press release, which is described as management's belief; and (b) respectfully refer the Court to that press release for a complete and accurate description of its contents.

62. Deny the allegations of Paragraph 62, except admit that MBNA earns revenue by financing credit card debt.

63. Deny the allegations of Paragraph 63 and respectfully refer the Court to MBNA's April 21, 2005 press release for a discussion of MBNA's first quarter 2005 earnings.

64. Admit that the allegations of Paragraph 64 contains quoted text from MBNA's April 21, 2005 press release and respectfully refer the Court to that press release for a complete and accurate description of its contents.

65. Deny the allegations of Paragraph 65.

66. Deny the allegations of Paragraph 66 and respectfully refer the Court to MBNA's April 21, 2005 press release for a complete and accurate statement of its contents.

67. Deny the allegations of Paragraph 67, except (a) admit that the price of MBNA stock declined during the Class Period; and (b) aver that shortly thereafter the price of MBNA stock increased.

68. Deny the allegations of Paragraph 68.

69. Deny the allegations of Paragraph 69, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of that paragraph.

70. Deny the allegations of Paragraph 70.

71. Deny the allegations of Paragraph 71.

72. Deny the allegations of Paragraph 72.

73. Deny the allegations of Paragraph 73.

74. Deny the allegations of Paragraph 74.

75. Deny the allegations of Paragraph 75.

76. Deny the allegations of Paragraph 76.

77. Deny the allegations of Paragraph 77.

78. Deny the allegations of Paragraph 78.

79. Incorporate by reference and restate their answers to Paragraphs 1 through 78 of the Amended Complaint as if fully set forth herein.

80. Deny the allegations of Paragraph 80 and further aver that the allegations of that paragraph consist entirely of legal assertions.

81. Deny the allegations of Paragraph 81 and further aver that the allegations of that paragraph consist entirely of legal assertions.

82. Deny the allegations of Paragraph 82.

83. Deny the allegations of Paragraph 83, except admit that certain individual defendants owned shares of MBNA stock as is disclosed in SEC filings.

84. Deny the allegations of Paragraph 84, except admit that certain individual defendants received a portion of their compensation in the form of MBNA stock as is disclosed in SEC filings.

85. Deny the allegations of Paragraph 85, except admit that Messrs. Weaver, Vecchione, Scheflen, Krulak and Hammonds sold shares of MBNA stock during the Class Period.

86. Deny the allegations of Paragraph 86.

87. Deny the allegations of Paragraph 87.

88. Deny the allegations of Paragraph 88.

89. Deny the allegations of Paragraph 89.

90. Deny the allegations of Paragraph 90.

91. Deny the allegations of Paragraph 91.

92. Deny the allegations of Paragraph 92.

93. Deny the allegations of Paragraph 93.

94. Incorporate by reference and restate their answers to Paragraphs 1 through 93 of the Amended Complaint as if fully set forth herein.

95. Deny the allegations of Paragraph 95 and further aver that the allegations of that paragraph consist entirely of legal assertions.

96. Deny the allegations of Paragraph 96.

97. Deny the allegations of Paragraph 97.

98. Deny the allegations of Paragraph 98.

99. Deny the allegations of Paragraph 99.

100. Deny the allegations of Paragraph 100.

101. Deny the allegations of Paragraph 101.

102. Deny the allegations of Paragraph 102.

103. Deny the allegations of Paragraph 103.

104. Deny the allegations of Paragraph 104.

105. Deny the allegations of Paragraph 105, except admit that the Plan Committee was responsible for the administration of the Plan.

106. Deny the allegations of Paragraph 106.

107. Deny the allegations of Paragraph 107 and further aver that the allegations of that paragraph consist entirely of legal assertions.

108. Deny the allegations of Paragraph 108.

109. Deny the allegations of Paragraph 109.

110. Deny the allegations of Paragraph 110.

111. Incorporate by reference and restate their answers to Paragraphs 1 through 110 of the Amended Complaint as if fully set forth herein.

112. Deny the allegations of Paragraph 112 and further aver that the allegations of that paragraph consist entirely of legal assertions.

113. Deny the allegations of Paragraph 113.

114. Deny the allegations of Paragraph 114.

115.	Deny the allegations of Paragraph 115, except (a) admit that the MBNA communicated with the public (including its employees) about the performance of the Company; and (b) deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plan participants' "natural bias" or concerning what Plan participants "could not appreciate."

116.	Deny the allegations of Paragraph 116.

117.	Deny the allegations of Paragraph 117, except aver that the allegations of the first sentence of Paragraph 117 consist entirely of legal conclusions to which a response is neither required nor appropriate.

118.	Deny the allegations of Paragraph 118.

119.	Deny the allegations of Paragraph 119.

120.	Incorporate by reference and restate their answers to Paragraphs 1 through 119 of the Amended Complaint as if fully set forth herein.

121.	Deny the allegations of Paragraph 121 and further aver that the allegations of that paragraph consist entirely of legal assertions.

122.	Deny the allegations of Paragraph 122 and further aver that the allegations of that paragraph consist entirely of legal assertions.

123.	Deny the allegations of Paragraph 123 and further aver that the allegations of that paragraph consist entirely of legal assertions.

124.	Deny the allegations of Paragraph 124 and further aver that the allegations of that paragraph consist entirely of legal assertions.

125.	Deny the allegations of Paragraph 124 and further aver that the allegations of that paragraph consist entirely of legal assertions.

126. Deny the allegations of Paragraph 126.

127. Deny the allegations of Paragraph 127.

128. Deny the allegations of Paragraph 128.

129. Deny the allegations of Paragraph 129.

130. Deny the allegations of Paragraph 130.

131. Deny the allegations of Paragraph 131.

132. Deny the allegations of Paragraph 132.

133. Incorporate by reference and restate their answers to Paragraphs 1 through 132 of the Amended Complaint as if fully set forth herein.

134. Deny the allegations of Paragraph 134 and further aver that the allegations of that paragraph consist entirely of legal assertions.

135. Deny the allegations of Paragraph 135.

136. Deny the allegations of Paragraph 136.

137. Deny the allegations of Paragraph 137.

138. Deny the allegations of Paragraph 138.

139. Deny the allegations of Paragraph 139.

140. Deny the allegations of Paragraph 140 and further aver that the allegations of that paragraph consist entirely of legal assertions.

141. Deny the allegations of Paragraph 141 and further aver that the allegations of that paragraph consist entirely of legal assertions.

142. Deny the allegations of Paragraph 142.

143. Deny all of the allegations of the Amended Complaint not specifically admitted above and that Plaintiffs are entitled to any relief whatsoever on the purported claims

alleged in the Amended Complaint.

## DEFENSES

Defendants state the following defenses:

### First Defense

The Amended Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The Amended Complaint fails to state a claim that may be maintained as a class action.

### Third Defense

Defendants fully complied with all duties imposed upon them by all applicable laws.

### Fourth Defense

The Amended Complaint is barred, in whole or in part, because Plaintiffs lack standing.

### Fifth Defense

The Amended Complaint is barred, in whole or in part, by the relevant statutes of limitation.

### Sixth Defense

The Amended Complaint is barred, in whole or in part, for failure to join one or more indispensable parties.

### Seventh Defense

Plaintiffs' claims are barred, in whole or in part, by release, res judicata or issue

preclusion.

### Eighth Defense

The relief sought in the Amended Complaint is barred, in whole or in part, by laches, waiver, estoppel, and/or unclean hands.

### Ninth Defense

Plaintiffs have not suffered any injury in fact.

### Tenth Defense

Any alleged harm suffered by Plaintiffs was the result of their own investment decisions or other conduct.

### Eleventh Defense

Any alleged harm suffered by Plaintiffs is the result of the conduct of third parties for which Defendants are not responsible.

### Twelfth Defense

Any alleged harm suffered by Plaintiffs was not directly or proximately caused by any conduct or act of Defendants or by any person or entity whose acts may be attributed to Defendants for any reason, including theories of vicarious and secondary liability.

### Thirteenth Defense

ERISA's Section 404(c) defense bars all of Plaintiffs' claims.

### Fourteenth Defense

Defendants specifically give notice that they intend to rely upon such other defenses as may become available by law, or pursuant to statute, or during discovery proceedings of this case, and hereby reserve the right to amend its Answer and assert such defenses.

WHEREFORE, Defendants demand judgment dismissing the Amended Complaint on the merits, in its entirety and with prejudice, and awarding such additional relief as the Court may deem just and proper.

Dated: August 14, 2007

                YOUNG CONAWAY STARGATT & TAYLOR, LLP

                /s/ Richard H. Morse
                Richard H. Morse (No. 531)
                rmorse@ycst.com
                The Brandywine Building
                1000 West Street, 17th Floor
                Wilmington, Delaware  19801
                (302) 571-6600

                *Attorneys for Defendants*

Of Counsel:

Richard J. Urowsky
Richard C. Pepperman II
Stacey R. Friedman
Ryan C. Williams
M. David Possick
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000