## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

In re MBNA Corp. ERISA Litigation

)
)
)

Master Docket No. 05-429 (GMS)

## NOTICE OF SUBPOENAS FOR DOCUMENT PRODUCTION
## AND DEPOSITIONS *DUCES TECUM*

PLEASE TAKE NOTICE that in accordance with Fed.R.Civ.P. 30 and 45, plaintiffs

are causing subpoenas for document production and deposition testimony (copies attached)

to be served on three entities, as follows:

A.   Subpoenaed entity:

Hartland & Company
1100 Superior Avenue
16th Floor
Cleveland, OH 44144

Document production date:

January 7, 2008 at 10:00 a.m.

Rule 30(b)(6) deposition date:

January 14, 2008 at 10:00 a.m.

Location:

Goldman, Scarlato & Karon, P.C.
55 Public Square, Suite 1500
Cleveland, OH 44113

B.   Subpoenaed entity:

Hewitt Associates
100 Half Day Road
Lincolnshire, IL 60069-3342

Document production date:

January 7, 2008 at 10:00 a.m.

Rule 30(b)(6) deposition date:

January 15, 2008 at 10:00 a.m.

Location:                          Wolf Haldenstein Adler Freeman &
                                      Herz LLP
                                   55 West Monroe Street, Suite 1111
                                   Chicago, IL 60603

C.    Subpoenaed entity:           Northern Trust Company
                                   50 South LaSalle Street
                                   Chicago, IL 60675

      Document production date:    January 7, 2008 at 10:00 a.m.

      Rule 30(b)(6) deposition date:    January 16, 2008 at 10:00 a.m.

      Location:                    Wolf Haldenstein Adler Freeman &
                                      Herz LLP
                                   55 West Monroe Street, Suite 1111
                                   Chicago, IL 60603

                                   */s/ Jeffrey S. Goddess*
                                   Jeffrey S. Goddess (No. 630)
                                   Rosenthal, Monhait & Goddess, P.A.
                                   Suite 1401, 919 Market Street
                                   P. O. Box 1070
                                   Wilmington, DE 19899-1070
                                   (302) 656-4433
                                      *Attorney for Plaintiffs*

OF COUNSEL:

Wolf Haldenstein Adler Freeman
 & Herz LLP
55 West Monroe Street, Suite 1111
Chicago, IL 60603

# EXHIBIT A

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO

## In re MBNA Corp. ERISA Litigation

### SUBPOENA IN A CIVIL CASE

CASE NUMBER: **Master Docket No. 05-429 (GMS)**
**(Pending in the District of Delaware)**

TO:    Hartland & Company
1100 Superior Avenue
16th Floor
Cleveland, Ohio 44144

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[XX] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deposition will be videotaped and recorded by reporter.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Goldman, Scarlato & Karon. P.C. | January 14, 2008 – 10 a.m. |
| Daniel R. Karon, Esq. | |
| 55 Public Square, Suite 1500 | |
| Cleveland, OH 44113 | |
| **(See Exhibit A for a description of specific deposition issues.)** | |

[XX] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| Goldman, Scarlato & Karon. P.C. | January 7, 2008 – 10 a.m. |
| Daniel R. Karon, Esq. | |
| 55 Public Square, Suite 1500 | |
| Cleveland, OH 44113 | |
| **(See Exhibit B for a description of documents requested.)** | |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for: Plaintiffs | December 5, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Matthew M. Guiney / Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue, New York, NY 10016

(See Rule 45, Federal Rules of Civil Procedure on Reverse)

## PROOF OF SERVICE

|  | DATE | PLACE |
| --- | --- | --- |
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| --- | --- |

| SERVED BY (PRINT NAME) | TITLE |
| --- | --- |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on:

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

494930

## EXHIBIT A

### Definitions For Deposition

1.      The relevant time period of the inquiries is January 1, 2004 through December 31, 2005.

2.      "Plan" means the MBNA Corporation 401(k) Plus Savings Plan.

3.      "MBNA" means MBNA Corporation as well as all subsidiaries and successors thereof.

4.      "Board of Directors" means the MBNA Board of Directors and every director, committee, and subcommittee thereof.

5.      "Plan Committee" means the MBNA Pension and 401(k) Plan Committee and every member and subcommittee thereof.

6.      "Action" refers to In re MBNA Corp. ERISA Litigation, Master Docket No. 05-429 (GMS), pending in the United States District Court for the District of Delaware.

7.      "Communication" means any oral or written notation or statement of any nature whatsoever, draft or final, including, but not limited to, correspondence, memoranda, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between two or more Persons.

8.      "Participant" refers to any person, including an employee or former employee of MBNA, who is, was, or may become entitled to receive a benefit of any type from the Plan.

9.      "Person" means any natural person acting in any capacity and/or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, association, joint venture, committee, proprietorship, trust, estate, any government and/or governmental body, including, but not limited to, any commission, board, bureau and/or agency.

1

10.    "Hartland" refers to Hartland & Company including all of its divisions, subsidiaries, parents, predecessors, successors, and affiliates (past or present), assigns, principals (past or present), partners (past or present), employees (past or present) (including, but not limited to, officers (past or present), directors (past or present), agents (past or present), and all other individuals employed by Hartland and/or its predecessor, successor and/or affiliate entities at any time during the relevant time period.

11.    The terms "you" or "your" refer to Hartland, as defined above.

### Specific Deposition Issues

Pursuant to Fed. R. Civ. P. 30(b)(6), you have an obligation to designate an individual to testify on your behalf. The person most knowledgeable is requested to testify about the following topics:

1.    The management of the Plan's investments, including but not limited to (i) the Plan's investment policies or guidelines; (ii) the selection of investment options; (iii) the evaluation of the Plan's investments through Plan summaries, Plan performance reports, Plan valuations or other methods of evaluation; (iv) the modification, the possible or actual removal or liquidation of any Plan investment option; and (v) the prudence or performance of any of the Plan's investments.

2.    All meetings concerning the Plan, including documents prepared for or distributed at such meetings, including all drafts of preliminary and final minutes, exhibits, memoranda, agendas, and resolutions.

3.    All communications with the Board of Directors or the Plan Committee relating to the inclusion of MBNA common stock in the Plan, including but not limited to analysis concerning the decision to offer MBNA common stock as an investment option.

2

4.     All actual or contemplated communication to any Participant in the Plan about the business or financial performance of MBNA, the Plan, or the Plan's investment options, including responses to a Participant's inquiry concerning the Plan, advice you gave to Participants in the Plan, or advice provided to MBNA to be provided to Participants in the Plan.

5.     All projections and forecasts of MBNA's business or financial performance.

6.     The retention of you by MBNA to perform any type of service for MBNA, including your initial retention by MBNA to perform any services relating to the Plan.

7.     Your document retention policies or procedures in effect at any time during the Relevant Time Period, including any actual, suggested or contemplated policy, plan, program, procedure, instruction, direction or request concerning the destruction, alteration, removal, concealment, non-disclosure, secrecy or confidentiality of any of the documents requested herein.

**EXHIBIT B**

**Instructions**

1.    Unless stated otherwise, you shall produce documents for the relevant time period (as defined herein), or which refer or relate to all or any portion of that period whenever prepared.

2.    This subpoena covers all documents in your actual or constructive possession, custody or control.

3.    If any document was, but no longer is, in your possession, custody or control, or was known to you but is no longer in existence or within your custody, state whether it is: (a) missing or lost; (b) destroyed; (c) transferred (voluntarily or involuntarily) to others; or (d) disposed of in some other manner. In each instance, explain in detail the circumstances surrounding the disposition of the document, who authorized the action taken, who carried it out, and the date of the action taken. Additionally, please identify each such document including: (a) the type or character of the document (e.g. letter, memorandum, signed statement, notes, etc.); (b) title, if any, of the document; (c) the name and address of the author of the document; (d) the name and address of the recipient of the document, if any; (e) the names and addresses of all recipients of copies of the document, if any; (f) all information contained in each such document; (g) the date and circumstances under which each such document ceased to exist or to be in your possession, custody, or control; (h) the time period during which each such document was maintained; (i) the location of each such document; and (j) the person or persons from whom each such document may be obtained.

4.    To the extent that you object to production or identification of any document or portion of any document on the ground of a privilege or rule of law, you shall furnish a list identifying each document for which the privilege is claimed, together with the following

4

information: (a) its title, type of document, and subject matter; (b) its date; (c) its author(s) or addressor(s); (d) the addressee(s) and recipients(s) of all copies; and (e) the basis for the claim of privilege.

5.    If you object to any of the definitions or instructions, state your objection(s) in your response and indicate whether you are complying with the direction or instruction in spite of your objection. If your objection goes to only part of a request, produce all documents which do not fall within the scope of your objection.

6.    You must produce the documents requested below as they are kept in the usual course of business or must organize and label them to correspond with the categories in the request. For copies of documents produced electronically, you must produce a document image information (DII) file for such documents.

7.    If the requested documents are maintained in a file, please produce the file folder or container with the documents.

8.    If any requested documents are maintained in digital, electronic, and/or imaged form, production of both a tangible or "hard" copy and a copy of the document in digital, electronic, and/or imaged form is hereby requested.

9.    Without in any way limiting the definition of "document" contained in the Federal Rules of Civil Procedure or herein, you are specifically instructed to search all document management systems, computer archives, and/or backup tapes or disks for documents responsive to the following requests, and production of such documents should be made regardless of whether such documents exist in tangible or "hard" copy form. Production is also sought regardless of whether the user purported to "delete" the document, if such document is capable of being retrieved from archives and/or backup tapes or disks.

10.    If the requested documents are stored electronically or in a computer, please

identify the location of each document, the computer program by which the document was

created, the computer software program, if any, that compresses the document, and the

configuration of the computer on which the document is found. As used herein, the term

"configuration," when used in reference to any computer, includes, but is not limited to, the

following information: (a) computer type, brand, model and serial number; (b) brand and version

of all software, including operating system, private and custom developed applications,

commercial applications, shareware and/or work-in-progress; and (c) communications capability,

including asynchronous and/or synchronous, and including, but not limited to, terminal to

mainframe emulation, data download and/or upload capability to mainframe, and computer to

computer connections via network, modem, and/or direct connect.

11.    The use of a verb in any tense shall be construed as the use of the verb in all other

tenses, whenever necessary to bring into the scope of the specification all responses that might

otherwise be construed to be outside the scope.

12.    The use of any singular word includes both the singular and the plural of that

word, and vice versa. The use of any masculine or feminine pronoun includes both the

masculine and feminine.

13.    "Relating to" or "relate to" shall be construed broadly and to include concerning,

referring to, consisting of, received from, addressed to, sent to, alluding to, responding to,

announcing, explaining, evaluating, discussing, showing, describing, studying, reflecting,

analyzing, consulting, or identifying.

14.    "And" as well as "or" shall be construed either disjunctively or conjunctively, as

necessary, to bring within the scope of the specifications all responses that might otherwise be

construed to be outside the scope. "All," such as in "all documents," shall be construed to mean

each and every. "Each" shall be construed to include the word "any." "Any" shall be construed

to include the word "each." "Any" and "each" shall be understood to include "all." "Including"

shall be construed to include the phrase "without limitation."

## Definitions

1.      The relevant time period from which documents must be produced is January 1,

2004 through December 31, 2005.

2.      "Plan" means the MBNA Corporation 401(k) Plus Savings Plan.

3.      "MBNA" means MBNA Corporation as well as all subsidiaries and successors

thereof.

4.      "Board of Directors" means the MBNA Board of Directors and every director,

committee, and subcommittee thereof.

5.      "Plan Committee" means the MBNA Pension and 401(k) Plan Committee and

every member and subcommittee thereof.

6.      "Action" refers to In re MBNA Corp. ERISA Litigation, Master Docket No. 05-

429 (GMS), pending in the United States District Court for the District of Delaware.

7.      "Communication" means any oral or written notation or statement of any nature

whatsoever, draft or final, including, but not limited to, correspondence, memoranda,

conversations, dialogues, discussions, interviews, consultations, agreements, and other

understandings between two or more Persons.

8.      "Document" has the broadest possible meaning accorded to it under Federal Rule

of Civil Procedure 34 and means any medium upon which intelligence or information can be

recorded or retrieved, including without limitation any electronic data stored on any computer

7

(including personal computers, laptop computers, hand held computers, and all other types of computers), network, or electronic media, including, but not limited to, active files (including any file of electronic data that can be used by an electronic data processing system), deleted files (meaning any file of electronic data that has been erased or deleted from the electronic media on which it resided, including but not limited to any file whose File Allocation Table (FAT) entry has been modified to indicate the file as being deleted and/or which is not readily visible to the operating system and/or the software with which it was produced), or fragmentary files (meaning any electronic data file that exists as a subset of an original active file), and also includes, without limitation, the original and each copy regardless of origin and location, or any book, pamphlet, periodical, letter, memorandum, diary, calendar, telex, electronic mail message, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, record, drawing, sketch, graph, index, list, tape, stenographic recording, tape recording, computer diskette and/or data, photograph, microfilm, invoice, bill, order form, receipt, financial statement, accounting entry sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced, reproduced, or stored, which is in your possession, custody, or control or which was, but is no longer in your possession, custody, or control. The term "document" also means an authentic copy where the original is not in your possession or control and every copy of a Document that is not an identical copy of the original.

9.      "Participant" refers to any person, including an employee or former employee of MBNA, who is, was, or may become entitled to receive a benefit of any type from the Plan.

10.     "Person" means any natural person acting in any capacity and/or any entity or organization, including divisions, departments, and other units therein, and shall include, but not

8

be limited to, a public or private corporation, partnership, association, joint venture, committee, proprietorship, trust, estate, any government and/or governmental body, including, but not limited to, any commission, board, bureau and/or agency.

11.    "Produced" with respect to any document shall include authored, dictated, edited, reviewed and/or approved in whole or in part.

12.    "Hartland" refers to Hartland & Company including all of its divisions, subsidiaries, parents, predecessors, successors, and affiliates (past or present), assigns, principals (past or present), partners (past or present), employees (past or present) (including, but not limited to, officers (past or present), directors (past or present), agents (past or present), and all other individuals employed by Hartland and/or its predecessor, successor and/or affiliate entities at any time during the relevant time period.

13.    The terms "you" or "your" refer to Hartland, as defined above.

### Documents Requested

1.    All documents concerning the management of the Plan's investments, including but not limited to documents concerning (i) the Plan's investment policies or guidelines; (ii) the selection of investment options; (iii) the evaluation of the Plan's investments through Plan summaries, Plan performance reports, Plan valuations or other methods of evaluation; (iv) the modification, the possible or actual removal or liquidation of any Plan investment option; and (v) the prudence or performance of any of the Plan's investments.

2.    All documents that relate to meetings concerning the Plan, including documents prepared for or distributed at such meetings, including all drafts of preliminary and final minutes, exhibits, memoranda, agendas, and resolutions.

3.     All documents you provided to the Board of Directors or the Plan Committee relating to the inclusion of MBNA common stock in the Plan, including but not limited to analysis concerning the decision to offer MBNA common stock as an investment option.

4.     All documents concerning any actual or contemplated communication to any Participant in the Plan about the business or financial performance of MBNA, the Plan, or the Plan's investment options, including scripts or guidance to be used in response to a Participant's inquiry concerning the Plan, advice you gave to Participants in the Plan, or advice provided to MBNA to be provided in the Plan.

5.     All documents concerning projections and forecasts of MBNA's business or financial performance.

6.     All documents concerning MBNA's retention of you to perform any type of service for MBNA, including all documents concerning your initial retention by MBNA to perform any services relating to the Plan.

7.     All documents relating to your document retention policies or procedures in effect at any time during the Relevant Time Period, including any actual, suggested or contemplated policy, plan, program, procedure, instruction, direction or request concerning the destruction, alteration, removal, concealment, non-disclosure, secrecy or confidentiality of any of the documents requested herein.

494680

# EXHIBIT B

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

## In re MBNA Corp. ERISA Litigation

### SUBPOENA IN A CIVIL CASE

CASE NUMBER: **Master Docket No. 05-429 (GMS)**
**(Pending in the District of Delaware)**

TO:     Hewitt Associates
        100 Half Day Road
        Lincolnshire, Illinois 60069-3342

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[**XX**] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deposition will be videotaped and recorded by reporter.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Wolf Haldenstein Adler Freeman & Herz LLP<br>Adam Levitt, Esq.<br>55 West Monroe Street, Suite 1111<br>Chicago, Illinois 60603<br>**(See Exhibit A for a description of specific deposition issues.)** | January 15, 2008 – 10 a.m. |

[**XX**] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| Wolf Haldenstein Adler Freeman & Herz LLP<br>Adam Levitt, Esq.<br>55 West Monroe Street, Suite 1111<br>Chicago, Illinois 60603<br>**(See Exhibit B for a description of documents requested.)** | January 7, 2008 – 10 a.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for: _____ Plaintiffs | December 5, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Matthew M. Guiney / Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue, New York, NY 10016

(See Rule 45, Federal Rules of Civil Procedure on Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on:                                      SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

494980

## EXHIBIT A

### Definitions For Deposition

1.      The relevant time period of the inquiries is January 1, 2004 through December 31, 2005.

2.      "Plan" means the MBNA Corporation 401(k) Plus Savings Plan.

3.      "MBNA" means MBNA Corporation as well as all subsidiaries and successors thereof.

4.      "Board of Directors" means the MBNA Board of Directors and every director, committee, and subcommittee thereof.

5.      "Plan Committee" means the MBNA Pension and 401(k) Plan Committee and every member and subcommittee thereof.

6.      "Action" refers to In re MBNA Corp. ERISA Litigation, Master Docket No. 05-429 (GMS), pending in the United States District Court for the District of Delaware.

7.      "Communication" means any oral or written notation or statement of any nature whatsoever, draft or final, including, but not limited to, correspondence, memoranda, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between two or more Persons.

8.      "Participant" refers to any person, including an employee or former employee of MBNA, who is, was, or may become entitled to receive a benefit of any type from the Plan.

9.      "Person" means any natural person acting in any capacity and/or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, association, joint venture, committee, proprietorship, trust, estate, any government and/or governmental body, including, but not limited to, any commission, board, bureau and/or agency.

1

10.     "Hewitt" refers to Hewitt Associates including all of its divisions, subsidiaries, parents, predecessors, successors, and affiliates (past or present), assigns, principals (past or present), partners (past or present), employees (past or present) (including, but not limited to, officers (past or present), directors (past or present), agents (past or present), and all other individuals employed by Hewitt and/or its predecessor, successor and/or affiliate entities at any time during the relevant time period.

11.     The terms "you" or "your" refer to Hewitt, as defined above.

## Specific Deposition Issues

Pursuant to Fed. R. Civ. P. 30(b)(6), you have an obligation to designate an individual to testify on your behalf. The person most knowledgeable is requested to testify about the following topics:

1.     The management of the Plan's investments, including but not limited to (i) the Plan's investment policies or guidelines; (ii) the selection of investment options; (iii) the evaluation of the Plan's investments through Plan summaries, Plan performance reports, Plan valuations or other methods of evaluation; (iv) the modification, the possible or actual removal or liquidation of any Plan investment option; and (v) the prudence or performance of any of the Plan's investments.

2.     All meetings concerning the Plan, including documents prepared for or distributed at such meetings, including all drafts of preliminary and final minutes, exhibits, memoranda, agendas, and resolutions.

3.     All communications with the Board of Directors or the Plan Committee relating to the inclusion of MBNA common stock in the Plan, including but not limited to analysis concerning the decision to offer MBNA common stock as an investment option.

4.    All actual or contemplated communication to any Participant in the Plan about the business or financial performance of MBNA, the Plan, or the Plan's investment options, including responses to a Participant's inquiry concerning the Plan, advice you gave to Participants in the Plan, or advice provided to MBNA to be provided to Participants in the Plan.

5.    All projections and forecasts of MBNA's business or financial performance.

6.    The retention of you by MBNA to perform any type of service for MBNA, including your initial retention by MBNA to perform any services relating to the Plan.

7.    Your document retention policies or procedures in effect at any time during the Relevant Time Period, including any actual, suggested or contemplated policy, plan, program, procedure, instruction, direction or request concerning the destruction, alteration, removal, concealment, non-disclosure, secrecy or confidentiality of any of the documents requested herein.

## EXHIBIT B

### Instructions

1. Unless stated otherwise, you shall produce documents for the relevant time period (as defined herein), or which refer or relate to all or any portion of that period whenever prepared.

2. This subpoena covers all documents in your actual or constructive possession, custody or control.

3. If any document was, but no longer is, in your possession, custody or control, or was known to you but is no longer in existence or within your custody, state whether it is: (a) missing or lost; (b) destroyed; (c) transferred (voluntarily or involuntarily) to others; or (d) disposed of in some other manner. In each instance, explain in detail the circumstances surrounding the disposition of the document, who authorized the action taken, who carried it out, and the date of the action taken. Additionally, please identify each such document including: (a) the type or character of the document (e.g. letter, memorandum, signed statement, notes, etc.); (b) title, if any, of the document; (c) the name and address of the author of the document; (d) the name and address of the recipient of the document, if any; (e) the names and addresses of all recipients of copies of the document, if any; (f) all information contained in each such document; (g) the date and circumstances under which each such document ceased to exist or to be in your possession, custody, or control; (h) the time period during which each such document was maintained; (i) the location of each such document; and (j) the person or persons from whom each such document may be obtained.

4. To the extent that you object to production or identification of any document or portion of any document on the ground of a privilege or rule of law, you shall furnish a list identifying each document for which the privilege is claimed, together with the following

4

information: (a) its title, type of document, and subject matter; (b) its date; (c) its author(s) or addressor(s); (d) the addressee(s) and recipients(s) of all copies; and (e) the basis for the claim of privilege.

     5.     If you object to any of the definitions or instructions, state your objection(s) in your response and indicate whether you are complying with the direction or instruction in spite of your objection. If your objection goes to only part of a request, produce all documents which do not fall within the scope of your objection.

     6.     You must produce the documents requested below as they are kept in the usual course of business or must organize and label them to correspond with the categories in the request. For copies of documents produced electronically, you must produce a document image information (DII) file for such documents.

     7.     If the requested documents are maintained in a file, please produce the file folder or container with the documents.

     8.     If any requested documents are maintained in digital, electronic, and/or imaged form, production of both a tangible or "hard" copy and a copy of the document in digital, electronic, and/or imaged form is hereby requested.

     9.     Without in any way limiting the definition of "document" contained in the Federal Rules of Civil Procedure or herein, you are specifically instructed to search all document management systems, computer archives, and/or backup tapes or disks for documents responsive to the following requests, and production of such documents should be made regardless of whether such documents exist in tangible or "hard" copy form. Production is also sought regardless of whether the user purported to "delete" the document, if such document is capable of being retrieved from archives and/or backup tapes or disks.

10.     If the requested documents are stored electronically or in a computer, please identify the location of each document, the computer program by which the document was created, the computer software program, if any, that compresses the document, and the configuration of the computer on which the document is found. As used herein, the term "configuration," when used in reference to any computer, includes, but is not limited to, the following information: (a) computer type, brand, model and serial number; (b) brand and version of all software, including operating system, private and custom developed applications, commercial applications, shareware and/or work-in-progress; and (c) communications capability, including asynchronous and/or synchronous, and including, but not limited to, terminal to mainframe emulation, data download and/or upload capability to mainframe, and computer to computer connections via network, modem, and/or direct connect.

11.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses, whenever necessary to bring into the scope of the specification all responses that might otherwise be construed to be outside the scope.

12.     The use of any singular word includes both the singular and the plural of that word, and vice versa. The use of any masculine or feminine pronoun includes both the masculine and feminine.

13.     "Relating to" or "relate to" shall be construed broadly and to include concerning, referring to, consisting of, received from, addressed to, sent to, alluding to, responding to, announcing, explaining, evaluating, discussing, showing, describing, studying, reflecting, analyzing, consulting, or identifying.

14.     "And" as well as "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the specifications all responses that might otherwise be

6

construed to be outside the scope. "All," such as in "all documents," shall be construed to mean

each and every. "Each" shall be construed to include the word "any." "Any" shall be construed

to include the word "each." "Any" and "each" shall be understood to include "all." "Including"

shall be construed to include the phrase "without limitation."

### Definitions

1.      The relevant time period from which documents must be produced is January 1,

2004 through December 31, 2005.

2.      "Plan" means the MBNA Corporation 401(k) Plus Savings Plan.

3.      "MBNA" means MBNA Corporation as well as all subsidiaries and successors

thereof.

4.      "Board of Directors" means the MBNA Board of Directors and every director,

committee, and subcommittee thereof.

5.      "Plan Committee" means the MBNA Pension and 401(k) Plan Committee and

every member and subcommittee thereof.

6.      "Action" refers to In re MBNA Corp. ERISA Litigation, Master Docket No. 05-

429 (GMS), pending in the United States District Court for the District of Delaware.

7.      "Communication" means any oral or written notation or statement of any nature

whatsoever, draft or final, including, but not limited to, correspondence, memoranda,

conversations, dialogues, discussions, interviews, consultations, agreements, and other

understandings between two or more Persons.

8.      "Document" has the broadest possible meaning accorded to it under Federal Rule

of Civil Procedure 34 and means any medium upon which intelligence or information can be

recorded or retrieved, including without limitation any electronic data stored on any computer

7

(including personal computers, laptop computers, hand held computers, and all other types of computers), network, or electronic media, including, but not limited to, active files (including any file of electronic data that can be used by an electronic data processing system), deleted files (meaning any file of electronic data that has been erased or deleted from the electronic media on which it resided, including but not limited to any file whose File Allocation Table (FAT) entry has been modified to indicate the file as being deleted and/or which is not readily visible to the operating system and/or the software with which it was produced), or fragmentary files (meaning any electronic data file that exists as a subset of an original active file), and also includes, without limitation, the original and each copy regardless of origin and location, or any book, pamphlet, periodical, letter,  memorandum, diary, calendar, telex, electronic mail message, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, record, drawing, sketch, graph, index, list, tape, stenographic recording, tape recording, computer diskette and/or data, photograph, microfilm, invoice, bill, order form, receipt, financial statement, accounting entry sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced, reproduced, or stored, which is in your possession, custody, or control or which was, but is no longer in your possession, custody, or control.  The term "document" also means an authentic copy where the original is not in your possession or control and every copy of a Document that is not an identical copy of the original.

      9.     "Participant" refers to any person, including an employee or former employee of MBNA, who is, was, or may become entitled to receive a benefit of any type from the Plan.

      10.    "Person" means any natural person acting in any capacity and/or any entity or organization, including divisions, departments, and other units therein, and shall include, but not

be limited to, a public or private corporation, partnership, association, joint venture, committee, proprietorship, trust, estate, any government and/or governmental body, including, but not limited to, any commission, board, bureau and/or agency.

11.    "Produced" with respect to any document shall include authored, dictated, edited, reviewed and/or approved in whole or in part.

12.    "Hewitt" refers to Hewitt Associates including all of its divisions, subsidiaries, parents, predecessors, successors, and affiliates (past or present), assigns, principals (past or present), partners (past or present), employees (past or present) (including, but not limited to, officers (past or present), directors (past or present), agents (past or present), and all other individuals employed by Hewitt and/or its predecessor, successor and/or affiliate entities at any time during the relevant time period.

13.    The terms "you" or "your" refer to Hewitt, as defined above.

## Documents Requested

1.    All documents concerning the management of the Plan's investments, including but not limited to documents concerning (i) the Plan's investment policies or guidelines; (ii) the selection of investment options; (iii) the evaluation of the Plan's investments through Plan summaries, Plan performance reports, Plan valuations or other methods of evaluation; (iv) the modification, the possible or actual removal or liquidation of any Plan investment option; and (v) the prudence or performance of any of the Plan's investments.

2.    All documents that relate to meetings concerning the Plan, including documents prepared for or distributed at such meetings, including all drafts of preliminary and final minutes, exhibits, memoranda, agendas, and resolutions.

3.    All documents you provided to the Board of Directors or the Plan Committee relating to the inclusion of MBNA common stock in the Plan, including but not limited to analysis concerning the decision to offer MBNA common stock as an investment option.

4.    All documents concerning any actual or contemplated communication to any Participant in the Plan about the business or financial performance of MBNA, the Plan, or the Plan's investment options, including scripts or guidance to be used in response to a Participant's inquiry concerning the Plan, advice you gave to Participants in the Plan, or advice provided to MBNA to be provided to Participants in the Plan.

5.    All documents concerning projections and forecasts of MBNA's business or financial performance.

6.    All documents concerning MBNA's retention of you to perform any type of service for MBNA, including all documents concerning your initial retention by MBNA to perform any services relating to the Plan.

7.    All documents relating to your document retention policies or procedures in effect at any time during the Relevant Time Period, including any actual, suggested or contemplated policy, plan, program, procedure, instruction, direction or request concerning the destruction, alteration, removal, concealment, non-disclosure, secrecy or confidentiality of any of the documents requested herein.

495028

10

# EXHIBIT C

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

## In re MBNA Corp. ERISA Litigation

### SUBPOENA IN A CIVIL CASE

CASE NUMBER: **Master Docket No. 05-429 (GMS)**
**(Pending in the District of Delaware)**

TO:     Northern Trust Company
        50 South LaSalle Street
        Chicago, Illinois 60675

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[**XX**] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deposition will be videotaped and recorded by reporter.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Wolf Haldenstein Adler Freeman & Herz LLP | January 16, 2008 – 10 a.m. |
| Adam Levitt, Esq. |  |
| 55 West Monroe Street, Suite 1111 |  |
| Chicago, Illinois 60603 |  |
| **(See Exhibit A for a description of specific deposition issues.)** |  |

[**XX**] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| Wolf Haldenstein Adler Freeman & Herz LLP | January 7, 2008 – 10 a.m. |
| Adam Levitt, Esq. |  |
| 55 West Monroe Street, Suite 1111 |  |
| Chicago, Illinois 60603 |  |
| **(See Exhibit B for a description of documents requested.)** |  |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for:                              Plaintiffs | December 5, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Matthew M. Guiney / Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue, New York, NY 10016

(See Rule 45, Federal Rules of Civil Procedure on Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME)                          MANNER OF SERVICE

SERVED BY (PRINT NAME)                          TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on:                          SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

494978

## EXHIBIT A

### Definitions For Deposition

1.      The relevant time period of the inquiries is January 1, 2004 through December 31,

2005.

2.      "Plan" means the MBNA Corporation 401(k) Plus Savings Plan.

3.      "MBNA" means MBNA Corporation as well as all subsidiaries and successors

thereof.

4.      "Board of Directors" means the MBNA Board of Directors and every director,

committee, and subcommittee thereof.

5.      "Plan Committee" means the MBNA Pension and 401(k) Plan Committee and

every member and subcommittee thereof.

6.      "Action" refers to In re MBNA Corp. ERISA Litigation, Master Docket No. 05-

429 (GMS), pending in the United States District Court for the District of Delaware.

7.      "Communication" means any oral or written notation or statement of any nature

whatsoever, draft or final, including, but not limited to, correspondence, memoranda,

conversations, dialogues, discussions, interviews, consultations, agreements, and other

understandings between two or more Persons.

8.      "Participant" refers to any person, including an employee or former employee of

MBNA, who is, was, or may become entitled to receive a benefit of any type from the Plan.

9.      "Person" means any natural person acting in any capacity and/or any entity or

organization, including divisions, departments, and other units therein, and shall include, but not

be limited to, a public or private corporation, partnership, association, joint venture, committee,

proprietorship, trust, estate, any government and/or governmental body, including, but not

limited to, any commission, board, bureau and/or agency.

1

10.    "Northern Trust" refers to The Northern Trust Company including all of its divisions, subsidiaries, parents, predecessors, successors, and affiliates (past or present), assigns, principals (past or present), partners (past or present), employees (past or present) (including, but not limited to, officers (past or present), directors (past or present), agents (past or present), and all other individuals employed by Northern Trust and/or its predecessor, successor and/or affiliate entities at any time during the relevant time period.

11.    The terms "you" or "your" refer to Northern Trust, as defined above.

### Specific Deposition Issues

Pursuant to Fed. R. Civ. P. 30(b)(6), you have an obligation to designate an individual to testify on your behalf. The person most knowledgeable is requested to testify about the following topics:

1.    Any communication between you and MBNA, the Plan Committee, the Board of Directors and/or a Participant of the Plan concerning, but not limited to: (i) the Plan's investment policies or guidelines; (ii) the selection of investment options; (iii) the evaluation of the Plan's investments through Plan summaries, Plan performance reports, Plan valuations or other methods of evaluation; (iv) the modification, the possible or actual removal or liquidation of any Plan investment option; (v) the prudence or performance of any of the Plan's investments; (vi) the inclusion of MBNA common stock in the Plan; and (vii) analysis concerning the decision to offer MBNA common stock as an investment option.

2.    Your document retention policies or procedures in effect at any time during the Relevant Time Period, including any actual, suggested or contemplated policy, plan, program, procedure, instruction, direction or request concerning the destruction, alteration, removal,

2

concealment, non-disclosure, secrecy or confidentiality of any of the documents requested

herein.

## EXHIBIT B

### Instructions

1.      Unless stated otherwise, you shall produce documents for the relevant time period (as defined herein), or which refer or relate to all or any portion of that period whenever prepared.

2.      This subpoena covers all documents in your actual or constructive possession, custody or control.

3.      If any document was, but no longer is, in your possession, custody or control, or was known to you but is no longer in existence or within your custody, state whether it is: (a) missing or lost; (b) destroyed; (c) transferred (voluntarily or involuntarily) to others; or (d) disposed of in some other manner. In each instance, explain in detail the circumstances surrounding the disposition of the document, who authorized the action taken, who carried it out, and the date of the action taken. Additionally, please identify each such document including: (a) the type or character of the document (e.g. letter, memorandum, signed statement, notes, etc.); (b) title, if any, of the document; (c) the name and address of the author of the document; (d) the name and address of the recipient of the document, if any; (e) the names and addresses of all recipients of copies of the document, if any; (f) all information contained in each such document; (g) the date and circumstances under which each such document ceased to exist or to be in your possession, custody, or control; (h) the time period during which each such document was maintained; (i) the location of each such document; and (j) the person or persons from whom each such document may be obtained.

4.      To the extent that you object to production or identification of any document or portion of any document on the ground of a privilege or rule of law, you shall furnish a list identifying each document for which the privilege is claimed, together with the following

4

information: (a) its title, type of document, and subject matter; (b) its date; (c) its author(s) or addressor(s); (d) the addressee(s) and recipients(s) of all copies; and (e) the basis for the claim of privilege.

5. If you object to any of the definitions or instructions, state your objection(s) in your response and indicate whether you are complying with the direction or instruction in spite of your objection. If your objection goes to only part of a request, produce all documents which do not fall within the scope of your objection.

6. You must produce the documents requested below as they are kept in the usual course of business or must organize and label them to correspond with the categories in the request. For copies of documents produced electronically, you must produce a document image information (DII) file for such documents.

7. If the requested documents are maintained in a file, please produce the file folder or container with the documents.

8. If any requested documents are maintained in digital, electronic, and/or imaged form, production of both a tangible or "hard" copy and a copy of the document in digital, electronic, and/or imaged form is hereby requested.

9. Without in any way limiting the definition of "document" contained in the Federal Rules of Civil Procedure or herein, you are specifically instructed to search all document management systems, computer archives, and/or backup tapes or disks for documents responsive to the following requests, and production of such documents should be made regardless of whether such documents exist in tangible or "hard" copy form. Production is also sought regardless of whether the user purported to "delete" the document, if such document is capable of being retrieved from archives and/or backup tapes or disks.

5

10.    If the requested documents are stored electronically or in a computer, please identify the location of each document, the computer program by which the document was created, the computer software program, if any, that compresses the document, and the configuration of the computer on which the document is found. As used herein, the term "configuration," when used in reference to any computer, includes, but is not limited to, the following information: (a) computer type, brand, model and serial number; (b) brand and version of all software, including operating system, private and custom developed applications, commercial applications, shareware and/or work-in-progress; and (c) communications capability, including asynchronous and/or synchronous, and including, but not limited to, terminal to mainframe emulation, data download and/or upload capability to mainframe, and computer to computer connections via network, modem, and/or direct connect.

11.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses, whenever necessary to bring into the scope of the specification all responses that might otherwise be construed to be outside the scope.

12.    The use of any singular word includes both the singular and the plural of that word, and vice versa. The use of any masculine or feminine pronoun includes both the masculine and feminine.

13.    "Relating to" or "relate to" shall be construed broadly and to include concerning, referring to, consisting of, received from, addressed to, sent to, alluding to, responding to, announcing, explaining, evaluating, discussing, showing, describing, studying, reflecting, analyzing, consulting, or identifying.

14.    "And" as well as "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the specifications all responses that might otherwise be

6

construed to be outside the scope. "All," such as in "all documents," shall be construed to mean each and every. "Each" shall be construed to include the word "any." "Any" shall be construed to include the word "each." "Any" and "each" shall be understood to include "all." "Including" shall be construed to include the phrase "without limitation."

## Definitions

1.    The relevant time period from which documents must be produced is January 1, 2004 through December 31, 2005.

2.    "Plan" means the MBNA Corporation 401(k) Plus Savings Plan.

3.    "MBNA" means MBNA Corporation as well as all subsidiaries and successors thereof.

4.    "Board of Directors" means the MBNA Board of Directors and every director, committee, and subcommittee thereof.

5.    "Plan Committee" means the MBNA Pension and 401(k) Plan Committee and every member and subcommittee thereof.

6.    "Action" refers to In re MBNA Corp. ERISA Litigation, Master Docket No. 05-429 (GMS), pending in the United States District Court for the District of Delaware.

7.    "Communication" means any oral or written notation or statement of any nature whatsoever, draft or final, including, but not limited to, correspondence, memoranda, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between two or more Persons.

8.    "Document" has the broadest possible meaning accorded to it under Federal Rule of Civil Procedure 34 and means any medium upon which intelligence or information can be recorded or retrieved, including without limitation any electronic data stored on any computer

7

(including personal computers, laptop computers, hand held computers, and all other types of computers), network, or electronic media, including, but not limited to, active files (including any file of electronic data that can be used by an electronic data processing system), deleted files (meaning any file of electronic data that has been erased or deleted from the electronic media on which it resided, including but not limited to any file whose File Allocation Table (FAT) entry has been modified to indicate the file as being deleted and/or which is not readily visible to the operating system and/or the software with which it was produced), or fragmentary files (meaning any electronic data file that exists as a subset of an original active file), and also includes, without limitation, the original and each copy regardless of origin and location, or any book, pamphlet, periodical, letter, memorandum, diary, calendar, telex, electronic mail message, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, record, drawing, sketch, graph, index, list, tape, stenographic recording, tape recording, computer diskette and/or data, photograph, microfilm, invoice, bill, order form, receipt, financial statement, accounting entry sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced, reproduced, or stored, which is in your possession, custody, or control or which was, but is no longer in your possession, custody, or control. The term "document" also means an authentic copy where the original is not in your possession or control and every copy of a Document that is not an identical copy of the original.

9.      "Participant" refers to any person, including an employee or former employee of MBNA, who is, was, or may become entitled to receive a benefit of any type from the Plan.

10.     "Person" means any natural person acting in any capacity and/or any entity or organization, including divisions, departments, and other units therein, and shall include, but not

be limited to, a public or private corporation, partnership, association, joint venture, committee, proprietorship, trust, estate, any government and/or governmental body, including, but not limited to, any commission, board, bureau and/or agency.

11.    "Produced" with respect to any document shall include authored, dictated, edited, reviewed and/or approved in whole or in part.

12.    "Northern Trust" refers to The Northern Trust Company including all of its divisions, subsidiaries, parents, predecessors, successors, and affiliates (past or present), assigns, principals (past or present), partners (past or present), employees (past or present) (including, but not limited to, officers (past or present), directors (past or present), agents (past or present), and all other individuals employed by Northern Trust and/or its predecessor, successor and/or affiliate entities at any time during the relevant time period.

13.    The terms "you" or "your" refer to Northern Trust, as defined above.

### Documents Requested

1.    All documents concerning any communication between you and MBNA, the Plan Committee, the Board of Directors and/or a Participant of the Plan concerning, but not limited to: (i) the Plan's investment policies or guidelines; (ii) the selection of investment options; (iii) the evaluation of the Plan's investments through Plan summaries, Plan performance reports, Plan valuations or other methods of evaluation; (iv) the modification, the possible or actual removal or liquidation of any Plan investment option; (v) the prudence or performance of any of the Plan's investments; (vi) the inclusion of MBNA common stock in the Plan; and (vii) analysis concerning the decision to offer MBNA common stock as an investment option.

2.    Your document retention policies or procedures in effect at any time during the Relevant Time Period, including any actual, suggested or contemplated policy, plan, program,

9

procedure, instruction, direction or request concerning the destruction, alteration, removal, concealment, non-disclosure, secrecy or confidentiality of any of the documents requested herein.

495457