IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE MBNA CORP. ERISA LITIGATION | ) ) Master Docket No. 05-429 (GMS) ) ) |

**MBNA'S OBJECTIONS AND RESPONSE TO PLAINTIFFS' SECOND
SET OF INTERROGATORIES TO DEFENDANT MBNA CORPORATION**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Federal Rules") and Rule 26.1 of the Local Rules of the United States District Court for the District of Delaware ("Local Rules"), defendant MBNA Corporation ("MBNA") hereby objects and responds as follows to plaintiffs' Second Set of Interrogatories to Defendant MBNA Corporation dated March 7, 2008 ("Second Set of Interrogatories").

**GENERAL OBJECTIONS**

The following General Objections apply to each interrogatory propounded by plaintiffs and, unless otherwise stated, shall have the same force and effect as if set forth in full in response to each of the separately numbered interrogatories and to their accompanying instructions and definitions.

1.   MBNA objects to the Second Set of Interrogatories to the extent they purport to require MBNA to produce documents or information not in its possession, custody or control.

2.   MBNA objects to the Second Set of Interrogatories to the extent that they (a) are vague, ambiguous and overly broad, (b) seek documents or information that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery

of admissible evidence, or (c) would require MBNA to conduct an unreasonable or unduly burdensome search for responsive documents or information.

3.  MBNA objects to the Second Set of Interrogatories to the extent they seek information protected by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege or any other applicable privilege or immunity. Nothing contained in this response is intended to be, or in any way shall be deemed to be, a waiver of any such applicable privilege or immunity. Inadvertent production of any material subject to the attorney-client privilege, prepared in anticipation of litigation or for trial, or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to discovery of such materials, its subject matter or information contained therein or of defendants' right to object to the use of such material during any later proceeding or otherwise seek return of the material.

4.  MBNA objects to the Second Set of Interrogatories to the extent they purport to impose obligations on MBNA that exceed, alter or modify MBNA's obligations under the Federal Rules, the Local Rules or the Default Standard for Discovery of Electronic Documents developed by the Ad Hoc Committee for Electronic Discovery of the U.S. District Court for the District of Delaware (collectively, the "Applicable Rules"). MBNA will respond to the Interrogatories in accordance with its obligations under the Applicable Rules, or as otherwise required by court order.

5.  MBNA objects to the Second Set of Interrogatories to the extent that they seek public information or other documents that are equally available to plaintiffs or are already in the possession, custody or control of plaintiffs.

6. MBNA objects to the Second Set of Interrogatories to the extent they seek information or documents that have previously been produced by defendants in this action or that can be ascertained from documents that defendants will produce to plaintiffs.

7. MBNA's production of information or documents in response to the Second Set of Interrogatories will be made pursuant to the Protective Order entered by the Court on July 24, 2007.

8. MBNA reserves all objections that may be available to it at any hearing or trial or on any motion to the use or admissibility of any material produced. The production of any material does not constitute an admission by MBNA that such material or the information contained therein is relevant to this action or admissible in evidence.

9. MBNA's responses to the Second Set of Interrogatories are based on such information as is presently available. MBNA reserves the right to amend or supplement this response with additional objections and to produce additional information or documents that may become available or come to its attention in the future. MBNA may rely upon such information or documents in any hearing, trial or other proceeding in this litigation.

10. The failure of MBNA to make a specific objection to a particular, individual request is not, and shall not be construed as, an admission that responsive information exists.

11. MBNA objects to the Second Set of Interrogatories to the extent that they contain erroneous or argumentative factual allegations or legal assertions. By responding to the Interrogatories, MBNA does not admit or waive its right to contest such allegations or assertions.

12. MBNA objects to the Second Set of Interrogatories to the extent they seek to define terms or characterize the evidence in this action. To the extent that MBNA adopts any

terms used by plaintiffs in responding to the Interrogatories, such adoption is specifically limited to these responses.

13. MBNA objects to the Second Set of Interrogatories to the extent that they seek to require MBNA to answer more than the maximum of twenty-five interrogatories or subparts in total under Rule 33 of the Federal Rules and Rule 26.1 of the Local Rules. MBNA will nonetheless respond to each of the interrogatories and their subparts in the Second Set of interrogatories without its response intended to be, or in any way shall be deemed to be, a waiver of its right to refuse to respond to any additional interrogatory that plaintiffs may attempt to propound on MBNA.

14. MBNA objects to the definition of "Person" in Definition 1 as overly broad and unduly burdensome. For the purposes of responding to the Interrogatories, MBNA will interpret the term "Person" to mean a natural person.

15. MBNA objects to the definition of "Identify" in Definition 2 as vague and ambiguous, overly broad and unduly burdensome and to the extent that it is broader than what is required under the Applicable Rules.

16. MBNA objects to the definition of "Document" in Definition 5 to the extent that it is broader than what is required under the Applicable Rules.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify the Documents containing the "Excess Spread and Payment Rate Assumptions and Gross Recoveries memos prepared and provided to Ernst and Young" as described in the Document produced by MBNA and identified as Bates Number MBNA 0039644.

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to its General Objections, MBNA objects to Interrogatory No. 1 as it is vague, ambiguous and inherently unanswerable because the document produced by defendants that bears "Bates Number MBNA 0039644" does not "contain" any reference to the "Excess Spread and Payment Rate Assumptions and Gross Recoveries memos prepared and provided to Ernst and Young."

**INTERROGATORY NO. 2:**

Identify the members of the Payment Task Force.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to its General Objections, MBNA objects to Interrogatory No. 2 to the extent that it seeks information concerning formal or informal groups or committees that may have been identified from time-to-time by certain individuals as the "Payment Task Force." Subject to and without waiving this objection or the General Objections, MBNA identifies the following individuals who it reasonably believes to be among the members of a group that was referred to as the "Payment Task Force" during the period from June 1, 2004 to December 31, 2005: William DiNicola, Nick Dumas-Brown, Rushad Eduljee, Jim Garber, Timothy Hanrahan, Christopher Henderson, John Luloff, Doug Motley, Gerry Parise, Robert Parker, Roy Robertson, Seth Ruoss, Richard Savona, Edward Schneider, James Weinberg, Rodney Yoder and Lisheng Zhao.

**INTERROGATORY NO. 3:**

Identify the Documents attached to the email produced by You and identified as Bates Number MBNA 0113504.

**RESPONSE TO INTERROGATORY NO. 3:**

Subject to and without waiving its General Objections, MBNA states that the

-5-

document bearing Bates numbers MBNA 0113505 – MBNA 0113518 is the document attached to the e-mail bearing Bates number MBNA 0113504.

**INTERROGATORY NO. 4:**

Identify the Documents attached to the email produced by You and identified as Bates Number MBNA 0113467.

**RESPONSE TO INTERROGATORY NO. 4:**

Subject to and without waiving its General Objections, MBNA states that the document bearing Bates numbers MBNA 0113475 – MBNA 0113489 is the document attached to the e-mail bearing Bates number MBNA 0113467.

**INTERROGATORY NO. 5:**

Identify the Documents attached to the email produced by You and identified as Bates Number MBNA 0167605 – 167606.

**RESPONSE TO INTERROGATORY NO. 5:**

Subject to and without waiving its General Objections, MBNA states that the documents bearing Bates numbers MBNA 0167607 – MBNA 0167623 and MBNA 0167624 – MBNA 0167678 are the documents attached to the e-mail bearing Bates numbers MBNA 0167605 – MBNA 0167606.

**INTERROGATORY NO. 6:**

Identify the Documents attached to the email produced by You and identified as Bates Number MBNA 0167498.

**RESPONSE TO INTERROGATORY NO. 6:**

Subject to and without waiving its General Objections, MBNA states that the e-mail bearing Bates number MBNA 0167498 was a "reply" e-mail that did not have an

attachment.

**<u>INTERROGATORY NO. 7:</u>**

Identify the author or authors of the handwritten notes on Documents produced by You bearing Bates Numbers MBNA 0036958-64; MBNA 004577-88; MBNA 0050969-73; MBNA 0052509-17.

**<u>RESPONSE TO INTERROGATORY NO. 7:</u>**

In addition to its General Objections, MBNA objects to Interrogatory No. 7 to the extent that it seeks identification of the authors of handwritten notes that, after reasonable inquiry, are not known or are uncertain. MBNA also objects to Interrogatory No. 7 as vague, ambiguous and inherently unanswerable to the extent that it refers to the document bearing Bates Numbers MBNA 004577-88, which contains no handwritten notes. Subject to and without waiving these objections and its General Objections, after a reasonable inquiry and, based on the information known or readily available to it, MBNA identifies the following individuals as probable authors:

(a)   Ken Vecchione is the probable author of the handwritten notes on the document bearing Bates numbers MBNA 0036958 – MBNA 0036964.

(b)   Robert Lamantia and Ken Vecchione are the probable authors of certain of the handwritten notes on the document bearing Bates numbers MBNA 0050969 – MBNA 0050973, the other authors are unknown.

(c)   Richard Fucci and Ken Vecchione are the probable authors of certain of the handwritten notes on the document bearing Bates numbers MBNA 0052509 – MBNA 0052517, the other authors are unknown.

As to the factual responses to interrogatories:

RICHARD FUCCI declares pursuant to 28 U.S.C. § 1746:

I am a Senior Vice President of Bank of America Corporation and a former MBNA Corporation Senior Executive Vice President. I have read the foregoing MBNA's Objections and Response to Plaintiffs' Second Set of Interrogatories to Defendant MBNA Corporation. On the basis of information known to me personally and supplied to me by others, I declare under penalty of perjury that the factual responses are true and correct to my knowledge, information and belief.

_____
Richard Fucci

As to the objections to the interrogatories:

Dated: April 7, 2008

                YOUNG CONAWAY STARGATT & TAYLOR, LLP

                /s/ Richard H. Morse
                Richard H. Morse (No. 531)
                Michele Sherretta Budicak (No. 4651)
                rmorse@ycst.com
                The Brandywine Building
                1000 West Street, 17th Floor
                Wilmington, Delaware  19801
                (302) 571-6600

                *Attorneys for Defendants*

Of Counsel:

Richard J. Urowsky
Richard C. Pepperman, II
Stacey R. Friedman
Ryan C. Williams
M. David Possick
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000