IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re MBNA Corp. ERISA Litigation | ) <br> ) Master Docket No. 05-429 (GMS) <br> ) <br> ) |

**[PROPOSED] FINDINGS AND ORDER PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, PRELIMINARILY APPROVING PROPOSED SETTLEMENT, APPROVING FORM AND DISSEMINATION OF CLASS NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL**

This litigation involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"), with respect to MBNA Corporation's 401(k) Plus Savings Plan, as amended and restated effective January 1, 2000, and all successor plans and any trust created under the foregoing plans (the "*Plan*").[1]

Presented to the *Court* for preliminary approval is a settlement of the litigation as against all *Defendants*. The terms of the *Settlement* are set out in a *Settlement Agreement* executed by counsel for the *Parties* on September 19, 2008.

On _____, 2008, the *Court* preliminarily considered the *Settlement* to determine, among other things, whether to certify a class for settlement purposes only and whether the *Settlement* is sufficient to warrant the issuance of notice to members of the *Settlement Class* (as defined below). Upon reviewing the *Settlement Agreement*, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. <u>Jurisdiction</u>. The *Court* has jurisdiction over the subject matter of the *Action* and over the *Parties*.

2. <u>Class Findings</u>. Solely for the purpose of the *Settlement*, the *Court* preliminarily

finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the *"Settlement Class"* defined below, in that:

    A.    All findings in this Section 2 are based on the submissions to the *Court*, including the *Settlement Agreement*. These findings are not based upon any admissions, representations, or arguments by *Defendants* that a class can, should, or would be certified in the *Action*, and these findings are made while preserving fully the *Defendants'* right to argue, in the event that the *Settlement* does not become *Final* or is terminated pursuant to the *Settlement Agreement*, that no class can or should be certified in the *Action*.

    B.    The *Court* preliminarily finds that the *Settlement Class* is ascertainable from records kept with respect to the Plan and from other objective criteria, and the members of the *Settlement Class* are so numerous that their joinder before the *Court* would be impracticable. Rule 23(a)(1) is satisfied.

    C.    The *Court* preliminarily finds that there are one or more questions of fact and/or law common to the *Settlement Class*. Rule 23(a)(2) is satisfied.

    D.    The *Court* preliminarily finds that the *Named Plaintiffs'* claims are typical of the claims of the *Settlement Class*. Rule 23(a)(3) is satisfied.

    E.    The *Court* preliminarily finds that the *Named Plaintiffs* will fairly and adequately protect the interests of the *Settlement Class* in that: (i) the *Named Plaintiffs'* interests and the nature of claims alleged are consistent with those of the members of the *Settlement Class*; (ii) there appear to be no conflicts between or among the *Named Plaintiffs* and the *Settlement Class*; and (iii) the *Named Plaintiffs* and the members of the *Settlement Class* are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complex ERISA class actions. Rule 23(a)(4) is satisfied.

    F.    The *Court* preliminarily finds that the prosecution of separate actions by individual members of the *Settlement Class* would create a risk of: (i) inconsistent or varying adjudications as to individual class members that would establish incompatible standards of conduct for *Defendants*; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests. Rule 23(b)(1) is satisfied.

    G.    The *Court* preliminarily finds that Wolf Haldenstein Adler Freeman & Herz LLP; Rosenthal, Monhait & Goddess, P.A.; Gainey & McKenna; and Labaton Sucharow LLP ("*Class Counsel*") are capable of fairly and adequately representing the interests of the *Settlement Class*. *Class Counsel* has worked extensively to identify or investigate potential claims in the action, and has litigated the validity of those claims at the motion to dismiss stage of this case. *Class Counsel* is experienced in handling class actions, other complex litigation, and claims of the type asserted in the *Action*. *Class Counsel* is knowledgeable of the applicable law, and *Class Counsel* has committed the necessary resources to represent the *Settlement Class*. Rule 23(g) is satisfied.

---

[1]    Capitalized terms not otherwise defined in this order shall have the same meaning as ascribed to them in the *Settlement Agreement*.

DB01:2634523.1      064261.1001

3. <u>Class Certification</u>. Based on the findings set forth above, and not on any admissions, representations, assertions, or arguments by the *Defendants,* the *Court* preliminarily certifies the following class for settlement purposes under Fed. R. Civ. P. 23(b)(1) and/or (2) and 23(e) in this litigation (the "*Settlement Class*"):

> All current and former Participants and beneficiaries of the *Plan* for whose individual accounts the *Plan* purchased and/or held investments in MBNA common stock, from January 7, 2005 to April 22, 2005. Excluded from the *Settlement Class* are *Defendants* and members of MBNA's Board of Directors throughout the *Class Period.*

4. The *Court* appoints the *Named Plaintiffs* as the class representatives for the *Settlement Class,* and Wolf Haldenstein Adler Freeman & Herz LLP as *Lead Counsel* for the *Settlement Class.*

5. <u>Preliminary Findings Concerning Proposed Settlement</u>. The *Court* preliminarily finds that: (i) the proposed *Settlement* resulted from extensive arm's-length negotiations; (ii) the *Named Plaintiffs* and their counsel have each concluded that the proposed *Settlement* is fair, reasonable, and adequate; and (iii) the proposed *Settlement* is sufficiently fair, reasonable, and adequate to warrant sending notice of the *Settlement* to the *Settlement Class.*

6. <u>Fairness Hearing</u>. A hearing is scheduled for _____, 2008 (the "*Fairness Hearing*") to determine, among other things:

- Whether the *Settlement* should be approved as fair, reasonable, and adequate;

- Whether the *Action* should be dismissed with prejudice pursuant to the terms of the *Settlement*;

- Whether the *Class Notice* provided for by the *Settlement Agreement*: (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the *Settlement Class* of the pendency of the litigation, their right to object to the *Settlement*, and their right to appear at the *Fairness Hearing*; (iii) was reasonable and constituted due, adequate, and sufficient notice to all

3
DB01:2634523.1                                                                                                                                      064261.1001

persons entitled to notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

- Whether *Class Counsel* adequately represented the *Settlement Class* for purposes of entering into and implementing the *Settlement Agreement*;

- Whether the *Plan of Allocation* should be approved;

- Whether the application for attorneys' fees and expenses filed by *Class Counsel* should be approved; and

- Whether the application for compensation for the *Named Plaintiffs* should be approved.

7. <u>Class Notice</u>. A proposed form of *Class Notice* is attached hereto as Exhibit A. With respect to such form of *Class Notice*, the *Court* finds that such form fairly and adequately: (i) describes the terms and effect of the *Settlement Agreement* and of the *Settlement*; (ii) notifies the *Settlement Class* concerning the proposed *Plan of Allocation*; (iii) notifies the *Settlement Class* that *Class Counsel* will seek an incentive award from the *Settlement Fund* for the *Named Plaintiffs* in an amount not to exceed $10,000 each, for attorneys' fees and expenses not to exceed 33% of the *Settlement Fund*, and reimbursement of the out-of-pocket expenses not to exceed $200,000; (iv) gives notice to the *Settlement Class* of the time and place of the *Fairness Hearing*; and (v) describes how the recipients of the *Class Notice* may object to any of the relief requested. The *Court* directs that *Class Counsel* shall:

- By no later than forty-five (45) days before the *Fairness Hearing*, cause the *Class Notice*, in the form attached hereto as Exhibit A, with such non-substantive modifications thereto as may be agreed upon by the *Parties*, to be sent to each *Person* within the *Settlement Class* who can be identified by reasonable effort. Such notice shall be sent by first-class mail, postage prepaid, to the *Person's* last known address. The *Defendants* shall provide *Class Counsel*, in accordance with Section 4.3.1 of the *Settlement Agreement*, with the names and last known addresses of the members of the *Settlement Class* to the extent such information is within *Defendants'* custody or control.

- By no later than forty-five (45) days before the *Fairness Hearing*, cause the Settlement Agreement with all of its exhibits and the Class Notice to be posted at [www.whafh.com].

4

- By no later than forty-five (45) days before the *Fairness Hearing*, cause a summary notice in the form attached hereto as Exhibit B, with such non-substantive modifications thereto as may be agreed upon by the *Parties*, to be published on at least one occasion in *USA Today* and/or such other publications as the *Court* may authorize.

At or before the *Fairness Hearing*, *Class Counsel* shall file with the *Court* a proof of timely compliance with the foregoing mailing and publication requirements.

8. <u>Objections to Settlement</u>. Any member of the *Settlement Class* who wishes to object to the fairness, reasonableness, or adequacy of the *Settlement*, to the *Plan of Allocation*, to any term of the *Settlement Agreement*, to the proposed award of attorneys' fees and expenses, or to any request for compensation for the *Named Plaintiffs*, may file an objection. An objector must file with the *Court* a statement of his, her or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the *Court's* attention or introduce in support of such objection. The objector must also mail the objection and all supporting law and/or evidence to *Lead Counsel* and to *Defendants' Counsel*. The addresses for filing objections with the *Court* and service on counsel are as follows:

To the *Court*:

> Clerk of the Court
> United States District Court
> District of Delaware
> J. Caleb Boggs Federal Building
> 844 N. King Street
> Wilmington, Delaware 19801
>
> Re: *In re MBNA Corp. ERISA Litigation*,
>     Civil Action No.: 05-cv-429 (GMS)

To *Lead Counsel*:

> Wolf Haldenstein Adler Freeman & Herz LLP

5

Matthew M. Guiney, Esq.
270 Madison Avenue
New York, New York 10016
Telephone (212) 545-4600

DB01:2634523.1 064261.1001

To *Defendants' Counsel*:

>Sullivan & Cromwell LLP
>Stacey R. Friedman, Esq.
>125 Broad Street
>New York, New York 10004
>Telephone (212) 558-4000

The objector or his, her or its counsel (if any) must effect service of the objection on counsel listed above and file it with the *Court* so that it is received by no later than ten (10) court days before the date of the *Fairness Hearing*. If an objector hires an attorney to represent him, her or it for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the *Court* by no later than ten (10) court days before the date of the *Fairness Hearing*. Any member of the *Settlement Class* or other *Person* who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the *Settlement*, and any untimely objection shall be barred.

9. <u>Appearance at Fairness Hearing</u>. Any objector who files and serves a timely, written objection in accordance with paragraph 8 above, may also appear at the *Fairness Hearing* either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the *Fairness Hearing* must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on *Lead Counsel* and on *Defendants' Counsel* (at the addresses set out above). The objector must also file the notice of intention to appear with the *Court* by no later than ten (10) court days before the date of the *Fairness Hearing*. Any objector who does not timely file and serve a

7

DB01:2634523.1                                                                                                          064261.1001

notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the *Fairness Hearing*, except for good cause shown.

10. <u>Service of Papers</u>. *Defendants' Counsel* and *Lead Counsel* shall promptly furnish each other with copies of any and all objections that come into their possession.

11. <u>Notice Expenses</u>. The expenses of printing and mailing all notices required hereby shall be paid from the *Settlement Fund* as provided in Section 7.2 of the *Settlement Agreement*.

12. <u>Termination of Settlement</u>. This Order shall become null and void, and shall be without prejudice to the rights of the *Parties*, all of whom shall be restored to their respective positions existing immediately before this *Court* entered this Order, if the *Settlement* is terminated in accordance with the *Settlement Agreement*. In such event, Section 10 of the *Settlement Agreement* shall govern the rights of the *Parties*.

13. <u>Use of Order</u>. This Order shall not be construed or used as an admission, concession, or declaration by or against *Defendants* of any fault, wrongdoing, breach, or liability or as a waiver by any *Party* of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by *Defendants* to class certification in the event that the *Settlement Agreement* is terminated. In the event this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or declaration by or against *Defendants*, the *Named Plaintiffs* or the *Settlement Class*.

14. <u>Continuance of Hearing</u>. The *Court* reserves the right to continue the *Fairness Hearing* without further written notice.

SO ORDERED this _____ day of _____, 2008.

_____
GREGORY M. SLEET
CHIEF UNITED STATES DISTRICT JUDGE