IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re MBNA Corp. ERISA Litigation | ) <br> ) Master Docket No. 05-429 (GMS) <br> ) <br> ) |

## [PROPOSED] FINAL ORDER AND JUDGMENT

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("*ERISA*"), with respect to the MBNA Corporation 401(k) Plus Savings Plan as amended and restated effective January 1, 2000, and any successor plans and trusts created under the foregoing plans (the "*Plan*").[1]

This matter came before the *Court* for a hearing pursuant to the Order of this Court entered on September 26, 2008, on the application of the *Parties* for approval of the *Settlement* set forth in the Class Action Settlement Agreement (the "*Settlement Agreement*"), executed by counsel on September 19, 2008 on behalf of the *Parties*. Due and adequate notice having been given to the *Class* as required in said Order, and the *Court* having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.  This *Court* has jurisdiction over the subject matter of this action and over all *Parties* to the *Action*, including all members of the *Class*.

2.  On September 26, 2008, for purposes of effectuating settlement, this *Court* certified a *Settlement* class in this *Action* consisting of all participants and beneficiaries of the

---

[1] Capitalized terms not otherwise defined in this order shall have the same meaning as ascribed to them in the *Settlement Agreement* and *Preliminary Approval Order*.

Plan for whose individual accounts the *Plan* purchased and/or held investments in MBNA common stock, from January 7, 2005 through April 22, 2005, inclusive. Excluded from the *Class* are *Defendants* and MBNA's Board of Directors throughout the *Class Period* (the "*Settlement Class*").

3. On December 15, 2008, more than 14,000 copies of the *Class Notice* were mailed to *Class members*.

4. On December 15, 2008, a copy of the *Summary Notice* was published in *USA Today*.

5. In accordance with the *Court's Preliminary Approval Order*, the *Class Notice* and *Settlement Agreement* were posted on the following website: www.whafh.com.

6. The *Class Notice* and the *Summary Notice* fully informed *Class* members of their rights with respect to the *Settlement*, including the right to object to the *Settlement* or the application for an award of attorneys' fees and reimbursement of expenses.

7. The *Class Notice* and *Summary Notice* collectively met the statutory requirements of notice under the circumstances, including the individual notice to all members of the *Class* who could be identified through reasonable effort, and fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirement of due process.

8. The prerequisites of Rule 23(a) and (b) have been satisfied for the purpose of effectuating the Settlement as to the Class, and the Court finds that:

    a. the Class is so numerous that joinder of all members is impracticable;

    b. there are questions of law or fact common to the Class;

    c. The *Named Plaintiffs*' claims are typical of the claims of members of the Class;

  d.  The *Named Plaintiffs* will fairly and adequately protect the interests of the Class in the implementation of this Settlement;

  e.  the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants;

  f.  the prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to individual Class members which would, as a practical matter, be dispositive of the interests of other members not parties to the actions or would substantially impair or impede their ability to protect their interests; and

  g.  Defendants acted or failed to act on grounds generally applicable to the Class as a whole.

9.  The *Action* and all claims contained therein, as well as all of the *Released Claims*, are dismissed with prejudice as to the *Named Plaintiffs*, the *Class* members, and the *Plan*, and as against the *Releasees*. The *Parties* are to bear their own costs, except as otherwise provided in the *Settlement Agreement*.

10.  The *Court* finds that the *Settlement* is fair, just, reasonable, and adequate as to each member of the *Class*, and that the *Settlement Agreement*, and the *Settlement* contained therein, is hereby finally approved in all respects, and the *Parties* are hereby directed to implement the *Settlement* in accordance with its terms and conditions.

11.  The *Named Plaintiffs*, on behalf of themselves, the *Plan* and the *Class*, are deemed to have, and by operation of this Order and Judgment shall have, absolutely and unconditionally released and forever discharged the *Releasees* from the *Released Claims*.

12.     All members of the *Class* are hereby forever barred and enjoined from prosecuting the *Released Claims* against the *Releasees*. As set forth on Section 3.2 of the *Settlement Agreement*, the *Released Claims* shall be: any and all claims of any nature whatsoever (including claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement of fees, litigation costs, injunction, declaration, contribution, indemnification, or any other type or nature of legal or equitable relief), whether accrued or not, whether against *Persons* in their capacity as individuals or in their capacities as plan fiduciaries, whether already acquired or acquired in the future, whether known or unknown, in law or equity, brought by way of demand, complaint, cross-claim, counterclaim, third-party claim, or otherwise (collectively, "*Claims*"), which were or could have been asserted in the *Complaint* by or on behalf of *Plaintiffs* or the *Plan* arising out of or relating to the matters alleged, or matters that could have been alleged, in the *Complaint*, including but not limited to any *Claims* (i) related to any action or inaction relating to *Company* stock held in the *Plan;* (ii) arising under any law or act governing the regulation of securities; and (iii) that would be barred by principles of *res judicata* or collateral estoppel had the *Claims* asserted in the *Complaint* been fully litigated and resulted in a Final Judgment or order. The *Releases* shall include *Released Claims* that are not known or suspected to exist at the time such *Releases* are given, and *Plaintiffs* waive any and all rights they may have under statutory provisions that protect unknown future claims. However, the *Releases* shall not include the right of the Plan to participate in any recovery in the action entitled *In re MBNA Securities Litigation*, No. 05-272 (GMS) (D. Del.).

13.     Each of the *Defendants*, by operation of this Order and Judgment, absolutely and unconditionally release and forever discharge the *Named Plaintiffs*, the *Class*, and *Class Counsel*

from any and all claims relating to, or in connection with the institution or prosecution of the *Action* or the *Settlement* of any *Released Claim*.

14. The *Plan of Allocation* set forth in the *Class Notice* is approved as fair and reasonable. *Class Counsel* is directed to administer the *Settlement* in accordance with its terms and provisions. Any modification or change in the *Plan of Allocation* that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

15. *Class Counsel* is hereby awarded attorneys' fees in the amount of __33__% of the *Settlement Fund*, which the *Court* finds to be fair and reasonable, and $__76,069.87__ in reimbursement of *Class Counsel's* reasonable expenses incurred in prosecuting the Action. The attorneys' fees and expenses so awarded shall be paid from the *Settlement Fund* pursuant to the terms of the *Settlement Agreement*, as provided in the *Settlement Agreement*, with interest on such amounts from the date the *Settlement Fund* was funded to the date of payment at the same net rate that the *Settlement Fund* earns. All fees and expenses paid to *Class Counsel* shall be paid pursuant to the timing requirements described in the *Settlement Agreement*. The award of attorneys' fees shall be allocated by Wolf Haldenstein Adler Freeman & Herz LLP as *Lead Counsel* in a manner which, in its sole discretion, *Lead Counsel* determines fairly compensates all *Class Counsel* for their respective contributions to the prosecution of the *Action*.

16. The *Named Plaintiffs* are hereby awarded incentive awards in the following amounts: Ralph Kunes $__5,000__; Sally Cannon $__5,000__.

17. In making this award of attorneys' fees and reimbursement of expenses to be paid from the *Settlement Fund*, and the compensation awards to the *Named Plaintiffs*, the *Court* has considered and found that:

5

      a.      The *Settlement* achieved as a result of the efforts of *Class Counsel* has created a fund of $4,500,000 in cash that is already on deposit, plus interest thereon, and will benefit thousands of *Class* members;

      b.      Over 14,000 copies of the *Class Notice* were disseminated to *Class* members indicating that *Class Counsel* were moving for attorneys' fees in the amount of up to 33% of the *Settlement Fund* and for reimbursement of litigation expenses of up to $200,000, and that the *Named Plaintiffs* would seek compensation awards totaling no more than $20,000. Only one objection was filed by a *Class* member concerning the terms of the proposed *Settlement*, and no objections were filed concerning the fees and expenses requested by *Class Counsel*, or against the compensation awards requested for the *Named Plaintiffs*;

      c.      *Class Counsel* have conducted the litigation and achieved the *Settlement* with skill, perseverance, and diligent advocacy;

      d.      The *Action* involves complex factual and legal issues prosecuted over several years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

      e.      Had *Class Counsel* not achieved the *Settlement*, there would remain a significant risk that the *Named Plaintiffs* and the *Class* may have recovered less or nothing from the *Defendants*;

      f.      The amount of attorneys' fees awarded and expenses reimbursed from the *Settlement Fund* are consistent with awards in similar cases; and

      g.      The *Named Plaintiffs* rendered valuable service to the *Plan* and to all *Plan Participants*. Without this participation, there would have been no case and no settlement.

18. Neither the *Settlement Agreement* nor the terms of the *Settlement Agreement* shall be offered or received into any *Action* or proceeding for any purposes, except (i) in an action or proceeding arising under this *Settlement Agreement* or arising out of or relating to the *Preliminary Approval Order* or the *Final Order*, or (ii) in any action or proceeding where the *Releases* provided pursuant to this *Settlement Agreement* may serve as a bar to recovery, or (iii) in any action or proceeding to determine the availability, scope, or extent of insurance coverage (or reinsurance related to such coverage) for the sums expended for the *Settlement* and defense of the *Action*.

19. Without affecting the finality of this Judgment in any way, this *Court* hereby retains continuing jurisdiction over: (a) implementation of the *Settlement* and any award or distribution of the *Settlement Fund*, including interest earned thereon; (b) disposition of the *Settlement Fund*; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the *Action*; and (d) all *Parties* hereto for the purpose of construing, enforcing and administering the *Settlement*.

20. The *Court* finds that during the course of the litigation, the *Named Plaintiffs* and the *Defendants* and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

21. This Order and Judgment shall not be considered or used as an admission, concession, or declaration by or against *Defendants* of any fault, wrongdoing, breach or liability.

22. In the event that the *Settlement* does not become effective in accordance with the terms of the *Settlement Agreement* or in the event that the *Settlement Fund*, or any portion thereof, is returned to the *Defendants* or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the *Settlement Agreement* and shall be

vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the *Settlement Agreement*.

23.  Final Judgment shall be entered herein.

SO ORDERED this 27th day of March, 2009.

GREGORY M. SLEET
CHIEF UNITED STATES DISTRICT JUDGE

535228